**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-05774-AT |
| | ) | |
| NANCY ZAK, | ) | |
| CLAUD CLARK III, | ) | |
| ECOVEST CAPITAL, INC., | ) | |
| ALAN N. SOLON, | ) | |
| ROBERT M. MCCULLOUGH, | ) | |
| RALPH R. TEAL JR., | ) | |
| | ) | |
| Defendants. | ) | |

**CLAUD CLARK'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

Claud Clark has been an appraiser for nearly 35 years. He does not intentionally undervalue or overvalue. And the United States Tax Court has relied on his appraisal testimony. *Kiva Dunes Conserv., LLC, v. Comm'r*, 97 T.C.M. (CCH) 1818 (2009) ("We conclude that Mr. Clark's testimony is credible and his assumptions are reasonable and amply supported by the evidence presented at trial and in his report.").

In addition, when the Internal Revenue Service began auditing him two years ago under the very statutes the government invokes in this case, Ex. A, he

cooperated fully. He provided documents, answered the IRS's questions in person, and offered on more than one occasion to sit down with the government's appraiser and discuss the merits of any particular appraisal. But the IRS did not take him up on that offer, it did not assert any penalties, and it did not ask him to stop appraising conservation easements.

Instead, the government filed this action and issued a press release. As a result, Clark's business has slowed nearly to a stop. The press release effectively accomplished what the government could not have obtained by application to this Court: that is, a preliminary injunction. And the suit itself, with the government's explicit request for "robust" discovery, threatens to wholly consume in a costly fight what are meant to be Clark's last few years before retirement and the resources set aside for it. (United States' Motion to Strike Affirmative Defenses in the Answer filed by EcoVest Capital, Inc., Alan N. Solon, Robert M. McCullough, and Ralph R. Teal, Jr. at 3, ECF No. 24).

The government's allegations against Clark are not justified, and he now moves to dismiss all counts in the government's complaint except Count II.

## ARGUMENT

Clark moves to dismiss Counts I (injunction under 26 U.S.C. § 7408 for alleged violation of 26 U.S.C. § 6700), III (injunction under 26 U.S.C. § 7407 for

alleged violation of 26 U.S.C. § 6694), IV (injunction under 26 U.S.C. § 7402), and V (disgorgement under 26 U.S.C. § 7402) as they relate to him. He does not move to dismiss Count II (injunction under 26 U.S.C. § 7402 for alleged violation of 26 U.S.C. § 6695A).

For Counts I, IV, and V, rather than restate the arguments made sufficiently by Zak in her motion to dismiss under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and the five-year statute of limitations prescribed by 28 U.S.C. § 2462, Clark hereby joins those portions of her argument because they apply with equal force to him. (Defendant Zak's Memorandum of Law in Support of Motion to Dismiss at 10-35, ECF. No. 31-1).

As for Count III, it should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Specifically, Count III seeks an injunction under section 7407 for alleged violation of section 6694, but both of those statutes govern tax return preparers, and those provisions do not apply to appraisers like Clark for two reasons.

First, a "tax return preparer" is any person who prepares for compensation a tax return or a substantial portion of a tax return. 26 § 7701(a)(36). But appraisers do not fit this definition. Appraisers receive compensation for providing valuation services, not for preparing tax returns or substantial portions of tax returns. They

do not opine on whether a tax deduction is allowable for the property contribution. Nor do they provide legal advice or tax advice.

It is true that appraisers are required by law to complete the Declaration of Appraiser in Part III, Section B, of Form 8283, and that taxpayers are required to attach appraisals to their tax returns. (Complaint at 207-208, ECF No. 1). But if those obligations make Clark an appraiser, then every appraiser is a tax return preparer.

Second, there are separate statutory schemes governing tax return preparers and appraisers, and the evolution of those separate laws demonstrate why the government's reasoning is unsound.

The Tax Reform Act of 1976 ("TRA 1976") enacted section 7701(a)(36), the definition of tax return preparer, and numerous provisions regulating tax return preparers in an effort to deter improper conduct by them. Pub. L. No. 94-455, § 1203, 90 Stat. 1520 (1976). Before TRA 1976, tax return preparers had few affirmative obligations and were not subject to any civil penalties with respect to returns they prepared. *See* H.R. Conf. Rep. No. 94-1515 (1976), 1990 U.S.C.C.A.N. 4117, 4187-4188. As originally enacted, section 7701(a)(36) covered only income tax return preparers, which it defined as any person who

4

prepares for compensation an income tax return or a substantial portion of such return.

TRA 1976 § 1203 included the following provisions regulating the conduct of income tax return preparers.

- Section 6107 – Requiring tax return preparers to furnish a copy of returns they prepare to the taxpayer and requiring return preparers to maintain lists of returns they prepared.

- Section 6109(d) – Requiring tax return preparers to include their SSN or TIN on the tax returns they prepare.

- Section 6694 – Providing penalties against return preparers for understatements due to unreasonable positions or willful or reckless conduct.

- Section 6695 – Imposing penalties on return preparers for failing to furnish a copy of the return to a taxpayer, failing to sign a return, failing to include their identifying number on the return, failing to retain a copy or list of returns prepared, and failing to file correct information returns.

- Section 7407 – Providing authority to enjoin a tax return preparer from further engaging in certain conduct, including conduct subject to penalty under sections 6694 and 6695.

None of the provisions enacted by section 1203 of TRA 1976 mentioned appraisers, and the new statutory scheme could not reasonably be applied to appraisers.

In 1977, the U.S. Department of the Treasury ("Treasury") promulgated Treasury Regulation § 301.7701-15 to elucidate the definition of income tax return

5

preparer. The regulation provided that only a person who for compensation prepares all or a substantial portion of a tax return will be considered a preparer. A person who *renders advice* which is directly relevant to the determination of the existence, characterization, or amount of an entry on a return is regarded as having prepared that entry. And the relative length, complexity, and tax liability associated with the entry determines whether the entry is a substantial portion of the return. Again, and understandably, the regulation did not mention appraisers.

In the Deficit Reduction Act of 1984 ("DEFRA"), Congress began to govern appraisers. It introduced various substantiation requirements for charitable contribution deductions. DEFRA section 155, a so-called "off-Code" provision, directed the Treasury to promulgate regulations requiring taxpayers who claim deductions for non-cash charitable contributions in excess of $5,000 to obtain a "qualified appraisal" prepared by a "qualified appraiser" and to attach an appraisal summary signed by the appraiser and acknowledged by the donee to the return on which the deduction is first claimed. The law provided certain criteria for "qualified appraisals" and "qualified appraisers" and left it to the Secretary to further define those terms.

In 1985, Treasury issued temporary regulations implementing DEFRA section 155 and also released Form 8283, Noncash Charitable Contributions

6

Appraisal Summary. Since then, taxpayers have been required to include the form with returns on which they claimed a deduction for a non-cash charitable donation exceeding $5,000.

In 1988, Treasury promulgated final regulations at 26 C.F.R. § 1.170A-13. *See* 53 FR 16076-01, 1988-1 C.B. 99. Among other things, the regulations required appraisers to sign a declaration on Form 8283 acknowledging that an intentionally false or fraudulent overstatement of the value of the property described in the appraisal summary may subject the appraiser to a civil penalty under section 6701 for aiding and abetting an understatement of tax liability. Neither DEFRA nor the regulations characterized appraisers as tax return preparers or mentioned section 6694, which governs tax return preparers.

In 2006, Congress made several changes to the laws related to appraisers in the Pension Protection Act of 2006 ("PPA"). Pub. L. No. 109-280, 120 Stat. 780. PPA section 1219(b) enacted section 6695A, which imposes a penalty on appraisers whose appraisals result in substantial or gross valuation misstatements, while PPA section 1219(a) lowered the thresholds for such misstatements. And PPA section 1219(c) codified definitions of "qualified appraisal" and "qualified appraiser" in section 170(f)(11)(E).

7

In 2007, Congress returned to the law governing tax return preparers, It amended sections 6694, 6695, and 7701(a)(36) to make the tax return preparer penalties applicable to preparers of estate, gift, and generation-skipping transfer tax returns, among others. Small Business and Opportunity Tax Act of 2007, Pub. L. No. 110-28 § 8246, 121 Stat. 190, 200. The law also changed the standards of conduct that tax return preparers must meet in order to avoid imposition of penalties.

In 2008, Treasury promulgated regulations implementing the amendments made by the Small Business and Opportunity Tax Act of 2007. *See* Tax Return Preparer Penalties Under Sections 6694 and 6695, 73 Fed. Reg. 78,430 (December 22, 2008), T.D. 9436. As part of the notice and comment process, several professional appraisal organizations submitted comments to the IRS seeking assurance that the IRS was not taking the position that appraisers were subject to the standards of care and penalty regime for tax return preparers as well as the standards of care and penalty regime established for appraisers. The IRS rejected the suggestion and took the opposite position.

> After consideration of the comment, the Treasury Department and the IRS continue to include appraisers in the definition of both signing and non-signing preparers, thereby providing the IRS with discretion to impose the section 6694 and 6695A penalties in the alternative against an appraiser depending on the facts and circumstances of the

8

> appraiser's conduct. The IRS, however, will not stack the penalties under section 6694 and 6695A with respect to the same conduct. A separate regulation will provide guidance under section 6695A.

73 Fed. Reg. 78,436. The promised regulation under section 6695A has not been issued. And notwithstanding the IRS's claim that it will not stack penalties against appraisers, section 6696(a) states that the penalties provided by section 6694, 6695, and 6695A shall be in addition to any other penalties provided by law.

 The position announced in TD 9436 and maintained in this case is contrary to the law and an overreach reminiscent of the IRS's attempt to regulate tax return preparers pursuant to its authority under 31 U.S.C. 330. *See Loving v. IRS*, 742 F.3d 1013 (DC Cir. 2014). If Congress had intended to treat appraisers as tax return preparers, it easily could have done so. Since 1984, Congress has required taxpayers to obtain appraisals to substantiate non-cash charitable contributions in excess of $5,000 and has required appraisers to sign a Form 8283 certifying their appraisals of such property. But Congress did not suggest then and has not suggested since that an appraiser becomes a tax return preparer by following those rules.

To the contrary, Congress has separately provided for the regulation of tax return preparers and the regulation of appraisers who prepare appraisals that are used for tax purposes, and those laws have developed on parallel tracks. If

Congress considered appraisers to be tax return preparers, there would seem no reason to enact a new law, section 6695A, to separately and doubly penalize them. And it would make little sense to enact such a law one year before substantially revising the rules applicable to tax return preparers.

Because Clark is an appraiser, not a tax return preparer, the appropriate approach, which the government took under Count II, is under section 7402 for alleged violation of section 6695A.


/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

## CONCLUSION

For the foregoing reasons, Clark respectfully asks the Court to dismiss Counts I, III, IV, and V in the complaint as they relate to him. Clark also respectfully requests a hearing, primarily to discuss why Clark is not a tax return preparer within the meaning of 26 U.S.C. § 6694.

Respectfully submitted this 26th day of March, 2019,

KHAYAT LAW FIRM

/s/ Robert C. Khayat, Jr.
ROBERT C. KHAYAT, JR.
75 Fourteenth Street, N.E., Suite 2750
Atlanta, Georgia 30309
Telephone: (404) 978-2750
Facsimile: (404) 978-2901
rkhayat@khayatlawfirm.com
Georgia Bar No. 416981

MATTHEW C. HICKS
Caplin & Drysdale, Chartered
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-7852
Facsimile: (202) 429-3301
mhicks@capdale.com
(*pro hac vice* application pending)

ROSS R. SHARKEY
Caplin & Drysdale, Chartered
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-7845
Facsimile: (202) 429-3301
rsharkey@capdale.com
(*pro hac vice* application pending)

*Counsel for Defendant Claud Clark III*

## LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing *Claud Clark's Memorandum of Law in Support of Motion to Dismiss* has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt. font.

 / s/ Robert C. Khayat, Jr.
Robert C. Khayat, Jr.
Georgia Bar No. 416981

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of March, 2019 I electronically filed the foregoing **CLAUD CLARK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Neeli Ben-David
Erin R. Hines
Office of the United States
Attorney−ATL600
Northern District of Georgia
600 United States Courthouse
75 Ted Turner Dr., S.W.
Atlanta, GA 30303
Neeli.ben-david@usdoj.gov
Erin.r.hines@usdoj.gov

Benjamin John Razi
Sean Akins
Marianna F. Jackson
Nicholas Pastan
Covington & Burling, LLP−D.C.
850 Tenth Street, NW
One City Center
Washington, DC 20001
brazi@cov.com
sakins@cov.com
mjackson@cov.com
npastan@cov.com

Samuel Fenn Little, Jr.
S. Fenn Little, Jr. P.C.
1490 Mecaslin Street, NW
Atlanta, GA 30309
fennlaw@fennlittle.com

Matthew Frank Miller
The Law Office of Matthew F, Miller
P.O. Box 1960
1986 Tucker Industrial Road
Tucker, GA 30046
matt@mfmlawoffice.com

14

Thomas T. Tate
Elizabeth L. Clack−Freeman
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre, Suite 4000
1960 Satellite Boulevard
Duluth, GA 30097
ttate@atclawfirm.com
lcfreeman@atclawfirm.com

Matthew D. Lerner
Sidley Austin, LLP−DC
1501 K Street, NW
Washington, DC 20005
mlerner@sidley.com

This 26th day of March, 2019.

s/ Robert C. Khayat, Jr.
Robert C. Khayat, Jr.
Georgia Bar No. 416981

*Counsel for Defendant*
*Claud Clark, III*