IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-05774-AT |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY ZAK, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATION ON DEPOSITIONS

Pursuant to Fed. R. Civ. P. 29 and 30(b)(4), the United States, Nancy

Zak, Claud Clark, III, EcoVest Capital, Inc., Alan N. Solon, Robert M.

McCullough, and Ralph R. Teal, Jr., stipulate and agree as follows:

1.       Consistent with the Federal Rules of Civil Procedure, the parties

agree to this Stipulation Regarding Depositions ("Stipulation"). This

Stipulation is part of the Discovery Plan and Scheduling Order.

2.      Due to the public health crisis relating to COVID-19 and during its pendency,[1] the parties will conduct all fact, expert, and nonparty depositions remotely subject to the potential exceptions below.

3.      Any party desiring to hold an in-person deposition of another party or of a party's expert witness, may do so with either (1) consent of that party, (2) leave of the Court, or (3) the decision of the Special Master which is subject to review by the Court. Withholding a party's consent from a request to conduct an in-person party or expert deposition may not be based solely on cost factors associated with attending the deposition since this Stipulation requires that the party noticing an in-person deposition make a telephone conference line or videoconference available for the remote appearances of those counsel who do not wish to appear in person. If a party seeks leave of the Court or the Special Master to conduct an in-person party deposition, the party opposing the in-person deposition may rest their objections not only on the existence of the current COVID-19

---

[1] The COVID-19 pandemic will be considered "pending" until further order of Judge Totenberg or the CDC declares an end to the pandemic. Additionally, local health determinations by state health officials or by the federal or supreme courts in the states where a witness or counsel reside or where the deposition is to be conducted, can also be relied upon to determine whether the COVID-19 pandemic is pending.

health crisis but on any other grounds appropriate under Rule 26 of the Federal Rules of Civil Procedure and this Stipulation.

4.      Any party desiring to hold an in-person deposition of a nonparty, may do so with either (1) consent of all parties and the nonparty or (2) leave of the Court, or (3) the decision of the Special Master which is subject to review by the Court. Withholding a party's consent from a request to conduct an in-person deposition of a nonparty may not be based solely on cost factors associated with attending the deposition since this Stipulation requires that the party noticing an in-person deposition make a telephone conference line or videoconference available for the remote appearances of those counsel who do not wish to appear in person. If a party seeks leave of the Court or the Special Master to conduct an in-person nonparty deposition, the party opposing the in-person deposition may rest their objections not only on the existence of the current COVID-19 health crisis but on any other grounds appropriate under Rule 26 of the Federal Rules of Civil Procedure and this Stipulation.

5.      This Stipulation will govern the manner in which remote deposition will take place. For any depositions conducted in-person, this Stipulation preserves the right of counsel for a party to appear remotely.

6.      The parties may notice remote depositions pursuant to Fed. R.

Civ. P. 30(a)(1) without separately seeking leave to do so as required by

Fed. R. Civ. P. 30(b)(4).

## I.      Depositions of Parties and Expert Witnesses

7.      For remote depositions of a party or expert witness, the noticing

party shall select the remote means for the deposition which may include

use of a remote deposition service (or software) provided by a court

reporting service or a telephonic deposition. The noticing party will identify

the remote deposition means and any other recording method as required

by Fed. R. Civ. P. 30.

8.      The party defending the remote deposition shall provide, for

both its counsel and its witness, a computer connected to the internet with

a working webcam and microphone, or, in the event of a telephonic

deposition, a working telephone line.

9.      The party noticing the remote deposition will arrange for a

licensed stenographer and such stenographer may attend the deposition

remotely and swear in the witness remotely. The parties agree that the

stenographer is an "Officer" as defined by Fed. R. Civ. P. 28(a)(2) and that

they will not challenge the validity of the oath administered by the

stenographer, even if the stenographer is not a notary public in the state where the witness resides.

10.     The party noticing a remote deposition may use a remote deposition service that permits for an audiovisual recording of the deposition and may arrange for a videographer as permitted by the Fed. R. Civ. P. 30.

11.     Any party noticing a deposition shall provide that notice to all counsel of record in this litigation, not only counsel of record for the deponent.

12.     At least <u>five days</u> in advance of any remote deposition, all parties shall notify the noticing party by email as to the identity of all persons who will be attending the remote deposition and provide email addresses for each attendee.  Counsel for all parties may attend any deposition.

13.     No less than <u>72 hours</u> in advance of any remote deposition, the noticing party will provide meeting invitations and other access instructions to the persons attending the remote deposition and the witness. The attendees shall not forward such meeting invitations and other access instructions without written permission of the noticing party.

14.     No less than <u>48 hours</u> in advance of any remote deposition, those attending the remote deposition shall confirm receipt of the meeting invitations and other access instructions and identify any access issues to the remote deposition means.

15.     If technical difficulties or other interruptions prevent any attendee of a remote deposition from being able to see or hear one or more of the other attendees or to access exhibits (if shared through the remote deposition service), the attendee encountering such technical difficulties shall promptly notify the questioning attorney and the stenographer of the difficulty. In the event of such technological difficulties or other interruptions, the remote deposition shall be suspended for an appropriate length of time. The time period for which the remote deposition is suspended shall not count towards the time limitation set forth in Rule 30 or otherwise stipulated to by the parties.

16.     In the event that technical issues prevent a remote deposition from completing on any given day, the parties agree to continue the remote deposition.

17.     During the remote deposition (exclusive of breaks), the witness shall not communicate with the defending attorney or anyone else other than on the record, subject to the following limited exception: During a

deposition, a witness may communicate off the record with the defending attorney regarding the nature and scope of a privilege objection or potential privilege objection.

18.    During the remote deposition, the witness shall not review any case-related documents other than exhibits.

19.    During the remote deposition, the witness shall not use the computer for anything other than participating in the remote deposition (*i.e.,* no researching, no internet browsing, etc.).

20.    During the remote deposition, the witness shall not use a cell phone, iPad, or other similar device while the remote deposition is pending unless for the limited purposes of (1) connecting to the remote deposition or (2) identifying and informing the parties attending the remote deposition of a technical difficulty.

21.    During the remote deposition, the use of screen capture or screen recording technology is not permitted except for the capturing of an annotated exhibit.

22.    During the remote deposition, the witness shall remain on camera throughout the pendency of the deposition, except for breaks.

23.    During the remote deposition, all attendees other than the witness, the questioning attorney, and the defending attorney shall place

their microphones on mute except during any time they desire to speak on the record.

24.   Counsel for the witness in a remote deposition may be in the same location as the witness or in a different location. If in the same room as the witness, all such counsel for the witness will be visible on the same camera as the witness or on their own camera.

25.   If an in-person deposition of a party or expert witness is conducted, any counsel for a party may opt to appear remotely, and the noticing party shall make a telephone conference line or videoconference available for such remote appearances by counsel.

## II.   Depositions of Nonparties

26.   The provisions above for party depositions apply to remote depositions of nonparties, subject to the following additional provisions.

27.   When the remote deposition of a nonparty is noticed, the noticing party shall provide a copy of this Stipulation to the nonparty in advance of the deposition.

28.   If an in-person deposition of a nonparty is conducted, any party (or counsel for a party) may opt to appear remotely, and the noticing party shall make a telephone conference line or videoconference available for such remote appearances.

### III.   <u>Miscellaneous</u>

29.   Nothing in this stipulation waives the rights of any party to seek appropriate relief from the Court including seeking leave to conduct in-person depositions.

30.   Nothing in this stipulation waives the rights of any party to seek appropriate relief from the Court including requesting a court order requiring a remote deposition for reasons other than COVID-19.

31.    Nothing in this stipulation restricts the parties' ability to agree to extend the "one day of 7 hours" limitation on the duration of depositions contained in Federal Rule of Civil Procedure 30 (d)(1), or to seek relief from the Court to do so.

32.   Nothing in this stipulation restricts or otherwise limits the discovery rights of any party under the Federal Rules of Civil Procedure.

33.   If in-person depositions are taken during the pendency of COVID-19, all participants in the deposition will be required to follow appropriate CDC heath guidelines including social distancing, the wearing of face coverings, routine hand sanitizing and temperature checks.

Stipulated to on this 7th day of October 2020.

/s/ *Erin R. Hines*

_____

ERIN R. HINES (by CG w/ express permission)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
(202) 514-6619 (v)
(202) 514-6770 (f)
Erin.R.Hines@usdoj.gov

*Attorney for the United States*

/s/ *Benjamin J. Razi*

_____

BENJAMIN J. RAZI (*pro hac vice*)
(by CG w/ express permission)
COVINGTON & BURLING, LLP
850 Tenth St., NW
Washington, D.C. 20001
(202) 662-6000 (v)
(202) 662-6291 (f)
brazi@cov.com

*Attorney for the EcoVest Parties*

/s/ *Niles A. Elber*

_____

NILES A. ELBER (*pro hac vice*) (by CG w/ express permission)
CAPLIN & DRYSDALE
1 Thomas Circle NW
Ste. 1100
Washington, D.C. 20005
(202) 862-7852 (v)
nelber@capdale.com

*Attorney for the Claud Clark III*

/s/ *Nathan E. Clukey*

_____

NATHAN E. CLUKEY (*pro hac vice*) (by CG w/ express permission)
SIDLEY AUSTIN
1501 K St. NW
Ste. 600
Washington, D.C. 20005
(202) 736-8949 (v)
nclukey@sidley.com

*Attorney for Nancy Zak*