IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES,

    Plaintiff,

v.

CIVIL ACTION №
1:18-CV-5774-AT

NANCY ZAK, *et al.*

    Defendants.

DISCOVERY PLAN AND CASE MANAGEMENT SCHEDULE

## I. Discovery Period

a. There will be a ten (10) month period of discovery which encompasses both fact and expert discovery.

    i. Fact Discovery will proceed for seven (7) months.

    ii. There will be a ten-day (10) period between the end of Fact Discovery and the start of Expert Discovery that is excluded from the ten-month discovery period, (hereinafter "Excluded Time").

    iii. Expert Discovery will follow at the end of the Excluded Time and last for three (3) months.

b. All document discovery (interrogatories and requests to produce), all third-party discovery, except for Rule 45 subpoenas for inspection of premises, and all nonexpert

      depositions will be completed within the seven (7) months allotted to fact discovery.

    c. Within the three months permitted for expert discovery, all expert disclosures and reports, including all rebuttal expert disclosures and reports and all expert depositions, must be completed.

## II. Time for Producing Responsive Documents

    a. For document requests directed to another party and which are answered by indicating that responsive documents including ESI will be produced, then such responsive documents and ESI shall be produced in the manner required by the Federal Rules of Civil Procedure within twenty-five (25) days of the document request being answered. For previously answered document requests where the production has not yet taken place, the production of responsive documents will occur within twenty-five (25) days of the approval of this Plan by the Court.

    b. This section does not apply to the production of documents to which objections have been lodged or a claim of privilege asserted. This paragraph does not shorten or otherwise alter the time allowed under Federal Rule of Civil Procedure 34 (a)(2)(A) to answer or object to document requests, nor does it alter the requirements of Rule 34 (a)(2)(E) governing the means by which documents and ESI are to be produced. By agreement, the parties can extend the 25-day period or on motion, the Court or Special Master may do so on a showing of good cause. The Special Master's decision is subject to Court review.

## III. Depositions

    a. Each side will be permitted up to thirty (30) fact depositions, exclusive of experts. Depositions in excess of 30 will require Court approval or the approval of the Special Master whose decision is subject to review by the Court. Approval will be granted upon a showing of actual need. The allowed depositions shall be party depositions, including 30(b)(6) depositions, fact witness depositions, and nonparty depositions (*e.g.*, customers, investors, accountants, lawyers, brokers, previous landowners).

    b. All disclosed experts shall be subject to depositions.

    c. During the pendency of the COVID-19 public health crisis, all depositions, including those for experts, will be conducted remotely unless the parties agree otherwise, the Court grants leave to conduct an in-person deposition, or the Special Master authorizes an in-person deposition. The decision of the Special Master shall be subject to review by the Court.

    d. Attached as Exhibit A is a stipulation governing the procedures to be used regarding remote depositions and the means of securing in-person depositions during the pendency of the COVID-19 public health crisis. That stipulation is incorporated by reference and made part of this Discovery Plan and Case Management Schedule.

### IV. Nonparty Discovery

    a. Each side will have up to forty (40) Rule 45 subpoenas for the production of documents to a nonparty. These 40 subpoenas may be served in any jurisdiction in which relevant information might be found. Previously served Rule 45 document subpoenas shall count against the total number of subpoenas to which the parties are entitled. Subpoenas in excess of 40 will require Court approval or the approval of the Special Master whose decision is subject to review by the Court. Approval will be granted upon a showing of actual need.

    b. Neither subpoenas under Rule 45(c)(1) (attendance at deposition) nor subpoenas directed at permitting entry upon land, Rule 45(c)(2)(B), shall count against the 40 subpoenas allowed in the previous paragraph. Deposition subpoenas that require the production of documents will count against the 40 subpoenas permitted under this section, provided that the documents requested from the deponent are not the same documents as previously produced or previously requested from the nonparty.

V. **Disclosure of Conservation Easements to be Presented in Court**

   a. No later than ninety (90) days before the close of fact discovery the Special Master will convene counsel for a discussion about the disclosure of a selected subset of syndicated conservation easement properties ("Properties") to be used at trial. The goal of the Special Master will be to explore whether an agreed-to stipulation on this issue can be negotiated. If not, the Special Master will make a recommendation to the Court on the issue no later than fifty-five (55) days before the end of fact discovery.

   b. Assuming an agreement can be reached, or if the Court addresses the issue by order in the absence of an agreement, the goal is that the designation of the Properties should take place no later than forty (40) days before the close of fact discovery.

VI. **Expert Discovery**

   a. Parties will disclose experts and produce expert reports on the first day of Expert Discovery.

   b. Disclosure of rebuttal experts and rebuttal-expert reports will be due forty (40) days after disclosure of expert reports.

   c. All expert-witness depositions will be completed by the end of the Expert Discovery period.

VII. **Scheduling**

   a. Summary judgement motions and *Daubert* motions will be due thirty (30) days after the end of Expert Discovery.

   b. The Settlement Conference will be held within twenty (20) days after the Court rules on summary judgment motions or forty (40) days after the close of Expert Discovery, if no dispositive motions are filed.

   c. A Consolidated Pretrial Order will be due thirty (30) days after the Settlement Conference.

## VIII. Modification of Discovery Plan and Case Management Schedule

a. The Discovery Plan and Schedule should not be subject to revision without a showing of actual need or, with respect to the discovery schedule, compelling need. Matters do arise that may require the Plan's modification, but those should be the exception. Being dilatory or inattentive to discovery obligations should not be sufficient grounds to secure a revision of the Plan.

b. If discovery is diligently conducted and reveals that an adjustment to the Plan is warranted, (*e.g.,* additional Rule 45 subpoenas, more fact depositions), then upon a showing of actual need, an adjustment may be allowed. Adjustments, however, to the overall discovery schedule (*i.e.,* the end date for fact discovery or the end/start dates for expert witness discovery) should only be permitted upon a showing of compelling need. As noted in Section II Paragraph b, the twenty-five (25) day period for producing responsive documents can be extended on a showing of good cause or by agreement of the parties.

c. Any decision of the Special Master to modify the terms of this Discovery Plan is subject to review by the Court.

## IX. Miscellaneous

a. Upon approval of the Discovery Plan and Case Management Schedule by the Court, the United States' Motion for Relief From Discovery Orders, (Docket № 175) will be withdrawn by the United States.

b. If documents are withheld on the basis of privilege, the party claiming or asserting the privilege will provide a privilege log within thirty (30) days of asserting the privilege or within such time as the parties may otherwise agree. If otherwise responsive documents are withheld on the basis of 26 U. S. C. § 6103, the privilege log will so note. If the United States asserts a governmental privilege or a deliberative process privilege, the United States shall have thirty (30) days from the date

    requested by any defense counsel to produce the appropriate declaration in support of the privilege generally or with respect to specific documents depending upon the request of defense counsel.

c. Upon proper notice and with the right of entry, a party's expert and counsel for that party may conduct an in-person inspection of the conservation easement properties at issue. The party noticing the inspection will conduct the inspection without interference from counsel for an adverse party or an adverse party's agent and without such counsel or agent observing the inspection.

***