UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| NANCY ZAK, CLAUD CLARK III, ECOVEST CAPITAL, INC., ALAN N. SOLON, ROBERT M. MCCULLOUGH, and RALPH R. TEAL, JR., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 1:18-cv-05774-AT

**STIPULATION FOR ENTRY OF FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANT NANCY ZAK**

The United States and defendant Nancy Zak stipulate as set forth below.

1. Nancy Zak has consented to entry of a Final Judgment of Permanent Injunction without further notice and agrees to be bound by its terms.

2. Nancy Zak admits that this Court has personal jurisdiction over her. Nancy Zak admits that this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402, 7407, and 7408.

3. Nancy Zak voluntarily consents to entry of a Final Judgment of Permanent Injunction and waives any right she may have to appeal from it.

4. Nancy Zak and the United States waive the entry of findings of fact and conclusions of law.

5. Nancy Zak expressly denies any wrongdoing or liability for the conduct and allegations set forth in the complaint. Neither the Final Judgment of Permanent Injunction, nor the performance of any obligations under it, including any payment, nor the fact of settlement, is intended to be, or shall be understood as, an admission of liability or wrongdoing. Nancy Zak and the United States agree that this stipulation has been negotiated in good faith.

6. Nancy Zak agrees to pay the settlement amount set forth in the parties' written settlement agreement by the time specified in that agreement. Nancy Zak agrees to not make any claims for refund, reimbursement, abatement, recoupment, or any similar claim for any portion of the settlement amount.

7. Except as set forth in any separate agreement, the United States and Nancy Zak agree that entry of a Final Judgment of Permanent Injunction resolves only this civil injunction action, and neither precludes the United States from pursuing other current or future civil or criminal matters or proceedings, nor precludes Nancy Zak from contesting her liability in any such matter or proceeding.

8. The United States and Nancy Zak agree that entry of a Final Judgment of Permanent Injunction does not preclude the IRS Office of Professional

Responsibility from imposing discipline on Nancy Zak based on any conduct described in the complaint in this case or any other known conduct or subsequently discovered conduct.

9. The United States and Nancy Zak agree that the Court shall retain jurisdiction over this case for the purpose of implementing and enforcing the Final Judgment of Permanent Injunction.

10. The United States and Nancy Zak agree that they will each bear their own costs, including any attorneys' fees or other expenses of this litigation.

11. Nancy Zak agrees to the following terms for a permanent injunction.

## PERMANENT INJUNCTION AGAINST NANCY ZAK

A. This Court has personal jurisdiction over Nancy Zak. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402, 7407, and 7408.

B. Without admitting any of the allegations in the complaint, Nancy Zak has consented to the entry of this injunction.

C. Pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, Nancy Zak is permanently barred from directly or indirectly:

   1. organizing, promoting, or selling (or assisting in the organization, promotion, or sale of) any plan or arrangement that involves a deduction for a qualified conservation contribution under

26 U.S.C. § 170(h), including, but not limited to, any transaction described in IRS Notice 2017-10;

2. participating (directly or indirectly) in the sale of any conservation easement syndicate or any other plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h), including, but not limited to, any transaction described in IRS Notice 2017-10;

3. making or furnishing (or causing another to make or furnish) a statement about the allowance of any federal tax benefit as a result of participating in a conservation easement syndicate or any other plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h), including, but not limited to, any transaction described in IRS Notice 2017-10, which she knows or has reason to know is false or fraudulent as to a material matter;

4. facilitating for compensation any donation that is intended to qualify as a qualified conservation contribution under 26 U.S.C. § 170(h), including, but not limited to, any transaction described in IRS Notice 2017-10;

5. preparing (or assisting in the preparation of) any federal tax return, or any document that may be filed in support of a tax return or

other submission to the IRS claiming benefits resulting from a qualified conservation contribution under 26 U.S.C. § 170(h), including, but not limited to, Forms 8283 (appraisal summaries) and attachments or qualified appraisals; and

6. representing any individual before the IRS with respect to any donation that is intended to qualify as a qualified conservation contribution under 26 U.S.C. § 170(h), including, but not limited to, any transaction described in IRS Notice 2017-10.

D. Pursuant to 26 U.S.C. § 7402(a), Ms. Zak shall, by February 28th each year for each of the next 6 years, sign a declaration under penalties of perjury affirming that she has not engaged in any of the conduct identified above in paragraph C during the prior calendar year. Ms. Zak shall send that declaration to the following two recipients at the following addresses (unless notified of new addresses):

>     Internal Revenue Service
>     Lead Development Center Stop MS5040
>     24000 Avila Road
>     Laguna Niguel, CA 92677
>
>     Department of Justice, Tax Division
>     Civil Trial Section, Central Region
>     P.O. Box 7238
>     Ben Franklin Station
>     Washington, D.C. 20044

E.  Pursuant to 26 U.S.C. § 7402(a), Nancy Zak shall, no later than 30 days from the date the Final Judgment of Permanent Injunction is entered in this case, contact by mail (and also by e-mail, if an e-mail address is known) all persons who purchased an interest in a conservation easement syndicate during the past 10 years that Nancy Zak promoted, organized, sold (or assisted with the promotion, organization, and sale of) or otherwise facilitated, and provide such persons with a copy of the Final Judgment of Permanent Injunction.  Ms. Zak shall also provide to counsel for the United States, within 30 days of the Court's judgment, a signed and dated certified mail receipt from the USPS and copies of the USPS electronic verification, for each person who was mailed such copy. Except for the Final Judgment of Permanent Injunction, no additional materials may be included in the notification to the purchasers unless approved by the United States or the Court.

F.  Pursuant to 26 U.S.C. § 7402(a), Nancy Zak shall, within 30 days of entry of the Final Judgment of Permanent Injunction in this case, provide a copy of the Final Judgment of Permanent Injunction in this case to all employees, independent contractors, agents, directors, and officers during the past 10 years of any entities owned or controlled by Ms. Zak which promoted, facilitated or were involved with completed conservation easements, and provide to counsel for the United States, within 90 days of the Court's entry of final judgment a signed and

dated certified mail receipt from the USPS and copies of the USPS electronic verification, for each person who was mailed such copy. Except for the Final Judgment of Permanent Injunction, no additional materials may be included in the notification to the employees, independent contractors, agents, directors, and officers unless approved by the United States or the Court.

      G.      Pursuant to 26 U.S.C. § 7402(a), Nancy Zak shall, within 14 days of entry of the Final Judgment of Permanent Injunction in this case, prominently display a copy of the Final Judgment of Permanent Injunction on the front page and every subpage of all websites Nancy Zak controls or maintains that contain (or contained) information about conservation easements, and any website on which Nancy Zak advertises or markets conservation easements.

      H.      Pursuant to 26 U.S.C. § 7402(a), Nancy Zak shall, within 90 days of entry of the Final Judgment of Permanent Injunction in this case, file with the Court a certification signed under penalty of perjury that she has complied with paragraphs E, F & G above.

      I.      Nancy Zak shall not make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that misrepresent any of the terms of the Final Judgment of Permanent Injunction in this case.

J.  This Court shall retain jurisdiction over this action to allow the United States full post-judgment civil discovery to monitor Nancy Zak's compliance with the Final Judgment of Permanent Injunction in this case.

//

//

//

Dated: March 25, 2021

Consented to and submitted by:

DAVID A. HUBBERT
Acting Assistant Attorney General

_____
ERIN R. HINES
Florida Bar No. 44175
CHARLES P. HURLEY
District of Columbia Bar No. 490793
GREGORY VAN HOEY
Maryland Bar
RICHARD G. ROSE
District of Columbia Bar No. 493454
HARRIS J. PHILLIPS
Massachusetts Bar No. 675603
ERIC M. ABERG
District of Columbia Bar No. 1044111
ANN T. PORTER
New York Bar No. 5412218
LAUREN A. DARWIT
Illinois Bar No: 6323788
Trial Attorneys
Tax Division
U.S. Department of Justice

_____
NATHAN E. CLUKEY
MATTHEW D. LERNER
LAURA C. MULHERIN
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8949
nclukey@sidley.com
(*pro hac vice*)

S. FENN LITTLE, JR.
S. FENN LITTLE, JR., PC
1490 Mecaslin St., NW
Atlanta, GA 30309
(404) 815-3100
fennlaw@fennlittle.com
Georgia Bar No. 454360

*Attorneys for Nancy Zak*

P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6619

Local Counsel:

KURT R. ERSKINE
Acting United States Attorney

NEELI BEN-DAVID
Assistant U.S. Attorney
Georgia Bar No. 049788
Office of the United States Attorney
Northern District of Georgia
600 U.S. Courthouse
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303
Telephone: (404) 581-6303
Neeli.ben-david@usdoj.gov

*Attorneys for the United States*

_____
NANCY ZAK
*Defendant*