UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-05774-AT |
| | ) |
| NANCY ZAK, | ) |
| CLAUD CLARK III, | ) |
| ECOVEST CAPITAL, INC., | ) |
| ALAN N. SOLON, | ) |
| ROBERT M. MCCULLOUGH, | ) |
| RALPH R. TEAL JR., | ) |
| | ) |
| Defendants. | ) |

### UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT NANCY ZAK

The United States brought this action to permanently enjoin defendants from organizing and selling a nationwide tax scheme that has led to their customers claiming over $3 billion in bogus tax deductions. The United States and Nancy Zak have reached a settlement agreement regarding the claims asserted against her, and, pursuant to Fed. R. Civ. P. 54(b) and 65(d), have filed a joint motion for entry of final judgment. As explained below, this motion, if granted, will significantly narrow the issues for trial, streamline discovery, and allow Ms. Zak to save the expense and time involved in further litigation when she wishes to settle the

1

matter. Further, this consent injunction is fair, reasonable, lawful, and in the public interest. Accordingly, because there is no just reason for delay, the United States respectfully requests that the Court grant this motion and enter final judgment against Ms. Zak.

I. <u>Background</u>

The United States filed its amended complaint on November 9, 2020, seeking injunctive relief and disgorgement against defendants based on their organization and sale of an abusive tax scheme involving conservation easements. (ECF No. 225.) The parties are currently engaged in discovery, and the current cut-off for fact and expert discovery is June 1, 2021, and September 11, 2021, respectively. (ECF Nos. 213-2 ¶ 1(a) (discovery plan); 223 (order approving plan).)

The United States and Nancy Zak recently executed a settlement agreement that resolves all of the claims asserted against her in this case. To that end, the United States and Ms. Zak negotiated and filed a Stipulation for Entry of Final Judgment of Permanent Injunction that both parties believe is fair and reasonable. (ECF No. 266.) Entering final judgment against Ms. Zak will resolve all of the United States' claims against her in a case she no longer wishes to litigate, and will substantially narrow the issues remaining in this case.

II.    Rule 54(b)

The United States and Ms. Zak ask that the Court enter final judgment pursuant to Fed. R. Civ. P. 54(b).  As Fed. R. Civ. P. Rule 54(b) states, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Courts apply a two-step analysis in determining whether to enter Rule 54(b) judgment: "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment'" and then "must then determine that there is no 'just reason for delay' in certifying it as final."  *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (quoting from *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980)).

With respect to the first step, "[a] 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 2009 WL 3806159, at *2 (M.D. Fla. 2009) (applying *Caitlin* to Fed. R. Civ. P. 54(b)).  A judgment of permanent injunction, such as the one sought here, is "final" for purposes of Rule 54(b).  *See, e.g., Commodores Entm't Corp. v. McClary*, 2016 WL 4474635, at *2

(M.D. Fla. 25, 2016) (holding entry of a permanent injunction is final within the meaning of Fed. R. Civ. P. 54(b)); *Nissan Motor Acceptance Corp. v. Sowega Motors Inc.*, 2012 WL 5287909, at *1 (M.D. Ga. 2012) (same); *Johnson & Johnson Vision Care*, 2009 WL 3806159, at *4 (holding a declaratory judgment is final within the meaning of Fed. R. Civ. P. 54(b)); *Shalala v. T2 Med., Inc.*, 1994 WL 686949, at *5 (N.D. Ga. 1994) (entering final judgment of permanent injunction pursuant to Fed. R. Civ. P. 54(b)).  Notably, Ms. Zak has expressly waived any rights she may have to appeal from this judgment (ECF No. 266 ¶ 3), which is further proof that the judgment will (if entered) achieve the finality required by Rule 54(b).

The second factor courts consider is "whether there is any just reason for delay" in granting the relief requested.  *Curtiss-Wright Corp.*, 446 U.S. at 8.  In making this inquiry, "a district court must take into account judicial administrative interests as well as the equities involved."  *Id.*  To be sure, in making this inquiry, the 11th Circuit has emphasized judicial economy in order to advance "the historic federal policy against piecemeal appeals."  *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1288 (11th Cir. 2010) (quoting from *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).  But here, there is no risk whatsoever of piecemeal appeals

because Ms. Zak has consented to entry of the judgment and expressly waived any appellate rights.

Moreover, the stipulated judgment advances a principal purpose of Rule 54(b), namely, "to determine at the earliest possible opportunity whether [a party] is securely out of the litigation and therefore can stop worrying about and preparing for further proceedings in it." *Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 517 (7th Cir. 1999). If the consent injunction were not entered against Ms. Zak, it would force her to participate in discovery and endure litigation in a case she wishes to settle. The United States and Ms. Zak negotiated the stipulated judgment in good faith, both believe it to be fair and reasonable, and it fully resolves all of the United States' claims against Ms. Zak. Because there is no risk of piecemeal appeals, the equities and administrative interests weigh profoundly in favor of entering the consent judgment against Ms. Zak. *See, e.g.*, *S.E.C. v. Alleca*, 2016 WL 2858847, at *2 (N.D. Ga. 2016) (entering Rule 54(b) judgment based on settlement agreement between a receiver and insurer).

### III. <u>Rule 65</u>

The United States and Ms. Zak seek entry of a final judgment of permanent injunction which embodies a comprehensive settlement of the government's claims

against Ms. Zak.  "District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1240 (11th Cir. 1997).  *See also United States v. DeKalb Cty., Ga.*, 2011 WL 6402203, at *9 (N.D. Ga. 2011) ("[i]n deciding whether to approve a proposed consent decree, a district court should avoid substituting its judgment for that of the parties"); *Poschmann v. Lauderdale Boutique Hotel, LLC*, 2020 WL 6785336, at *1 (S.D. Fla. 2020) ("courts should be guided by the general principle that settlements are encouraged"), *report and recommendation adopted sub nom. Pschmann v. Lauderdale Boutique Hotel, LLC*, 2020 WL 6781788 (S.D. Fla. 2020).[1]

The proposed consent decree in this case is both constitutional and lawful. Indeed, it is expressly authorized by 26 U.S.C. § 7408(a), which authorizes injunctions to prevent specified conduct, and 26 U.S.C. § 7402(a), which authorizes "judgments and decrees as may be necessary or appropriate for the

---

[1]    The United States also suggests that, "in a complex case settled by consent decree, where a government agency charged with protecting the public interest has pulled the laboring oar in constructing the proposed settlement, a reviewing court may appropriately accord substantial weight to the agency's expertise and public interest responsibility." *Am. Canoe Ass'n, Inc. v. U.S. E.P.A.*, 54 F. Supp. 2d 621, 625 (E.D. Va. 1999) (internal quotation marks omitted).

enforcement of the internal revenue laws."  Indeed, § 7402(a) provides this Court "a broad range of powers" to order relief to ensure compliance with the internal revenue laws.  *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984).

In addition, the proposed consent decree is fair because "it is the product of good-faith negotiations, reflects the opinions of experienced counsel, and takes into account the possible risks involved in litigation if the settlement is not approved."  *United States v. Georgia-Pac. Corp.*, 960 F. Supp. 298, 299 (N.D. Ga. 1996).  The consent injunction in this case is the product of extensive, lengthy negotiations among experienced counsel, in consultation with senior management of the Department of Justice Tax Division and IRS officials, charged by Congress with protecting the public interest with respect to internal revenue laws.[2]

---

[2] The United States and Ms. Zak negotiated this consent decree with the benefit of having engaged in a significant amount of discovery as to Ms. Zak's conduct, which also weighs in favor of entering the consent decree.  *See Poschmann*, 2020 WL 6785336, at *3.  Indeed, the parties have engaged in document discovery since it was authorized on June 28, 2019 (ECF No. 86 at 8), and in full discovery since that was authorized on October 30, 2020 (ECF No. 223 at 7).  Both sides fully appreciate the benefits of entering into this settlement agreement now versus the risks of continued litigation.

IV. <u>Conclusion</u>

For these reasons, the United States requests that the Court enter the proposed final judgment of permanent injunction.

Dated: March 25, 2021                    Respectfully submitted,

   /s/ Erin R. Hines
ERIN R. HINES
Florida Bar No. 44175
CHARLES P. HURLEY
District of Columbia Bar No. 490793
GREGORY VAN HOEY
Maryland Bar
RICHARD G. ROSE
District of Columbia Bar No. 493454
HARRIS J. PHILLIPS
Massachusetts Bar No. 675603
ERIC M. ABERG
District of Columbia Bar No. 1044111
ANN T. PORTER
New York Bar No. 5412218
LAUREN A. DARWIT
Illinois Bar No: 6323788
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-2901

DAVID A. HUBBERT
Acting Assistant Attorney General

Local Counsel:

KURT R. ERSKINE
Acting United States Attorney
NEELI BEN-DAVID
Assistant U.S. Attorney
Georgia Bar No. 049788
Office of the United States Attorney
Northern District of Georgia
600 U.S. Courthouse
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303
Telephone: (404) 581-6303
Neeli.ben-david@usdoj.gov

*Attorneys for Plaintiff United States*