IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO. 1:18-CV-05774-AT |
| NANCY ZAK, et al., | : | |
| Defendants. | : | |

## ECOVEST PARTIES' HEARING STATEMENT

On December 18, 2018, the United States ("Plaintiff") filed this case against the EcoVest Parties[1] alleging—falsely—that EcoVest fraudulently organized and promoted syndicated conservation easement transactions. For two-and-a-half years, the EcoVest Parties have diligently sought discovery to establish that they complied with the law and that Plaintiff's fraud charges are baseless. Plaintiff is in possession of evidence Defendants need to rebut the Government's false and very serious allegations. The IRS has initiated audits of a vast majority of the real estate partnerships that were part of Defendants' alleged "scheme." Even though it has made these partnerships the centerpiece of its case, Plaintiff refuses to produce significant, relevant documents or allow testimony about facts related to partnerships involved in ongoing audits, including withholding documents and information about whether each partnership was involved in fraudulent activity. Under basic principles

---

[1] The EcoVest Parties are EcoVest Capital, Inc., Alan Solon, Robert McCullough, and Ralph Teal.

of discovery fairness and due process, Plaintiff cannot be allowed to bring a fraud case and then prevent discovery of information in its possession about whether fraud was committed. The EcoVest Parties have sought compromise at every turn and worked collaboratively with the Special Master, but now have no choice but to seek the Court's assistance.

When Plaintiff brought this case, it chose: (1) to put at issue approximately 63 real estate investment partnerships involving the EcoVest Parties, (2) to file the case before or in the midst of ongoing IRS audits related to those partnerships, and (3) to assert that statements made by the EcoVest Parties were knowingly false or fraudulent. Throughout discovery, Plaintiff has significantly prejudiced the EcoVest Parties' ability to defend themselves and prepare for trial by: (1) selectively withholding thousands of documents and testimony related to 54 of the 63 partnerships at issue; (2) refusing to respond to discovery requests, and (3) rejecting any attempts to limit discovery to select projects from within the 63 put at issue in the Complaint.

Plaintiff should be ordered to immediately produce the documents in its possession relating to all of the 63 transactions it has put at issue. If Plaintiff continues to withhold this evidence, the Court should preclude Plaintiff from challenging any transactions for which it is withholding relevant documents and testimony or order other appropriate relief to address the unfairness created by Plaintiff's one-sided approach to discovery.

I.  **Plaintiff's Refusal to Produce Documents Regarding Transactions It Has Put at Issue Is Causing Severe Prejudice to the Defense**

Plaintiff has improperly and selectively withheld—or heavily redacted—many thousands of documents, and instructed IRS witnesses not to testify about basic facts relating to real estate partnerships for which there are ongoing IRS audits. Plaintiff did not disclose that it was withholding these documents until this year—more than eighteen months after the EcoVest Parties' first discovery requests seeking the documents. Moreover, Plaintiff has refused to enter into a protective order that would likely ameliorate many of the concerns raised by Plaintiff.

As this Court has stated and the Special Master acknowledged, these audit documents are highly relevant to this case.[2] This relevance is demonstrated by the relatively few documents Plaintiff has selectively produced from the IRS audit files. In each audit, IRS agents complete worksheets addressing whether penalties should be assessed and whether fraud has occurred. For example, Plaintiff has produced a worksheet relating to the Long Bay Marina transaction finding "No fraud," as shown below.

---

[2] *See, e.g.*, ECF No. 143, Jan. 10, 2020 Hr'g Tr. at 31–35 ("You can't just say we're not going to include now a part of the evidence that really led to this and is part of the Government's assessment of these properties because you find it inconvenient."); ECF No. 149 (denying motion to strike defenses); ECF No. 277, at 26 n.11 ("These documents seem highly relevant to the ability of the EcoVest Parties and Mr. Clark to raise a defense, particularly to the disgorgement claim.").

3

| Taxpayer Name: | LONG BAY MARINA, LLC | Examiner: | Maroldo, James W. |
|---|---|---|---|
| TIN: | | | |
| Tax Form: | 1065 | Date: | 01/12/2018 |
| Tax Year (s): | 201412 | | |

| Fraud Development ||||
|---|---|---|---|
| Tax Period | Code Section | Penalty Amount | Reference |
| | | | |
| | | | |

**Conclusion:** *(Reflects action on the issue.)*
No fraud is apparent. This is a conservation easement and no civil or criminal fraud was considered. The easement did not qualify under IRC 170 for various reasons and multiple positions as this case appears to be going unagreed.

| X | No Fraud [Comment required if there are adjustment(s) and fraud had been considered] |
|---|---|
|   | Indications of fraud [Explain]; Date of discussion with manager: |

Ex. A, USPROD-0123514. Despite the fact that IRS revenue agents have testified that it is mandatory to complete these worksheets during the course of each audit, *see, e.g.*, Ex. B, White Dep. Tr. 197:8–24, Mar. 17, 2021, Plaintiff has produced unredacted Fraud Development worksheets for only 2 of 63 transactions.

In addition to documents, Plaintiff is selectively withholding critical testimony. For example, in the deposition of one IRS revenue agent, counsel for Defendants asked "whether or not the conservation easement in Ocean Grove [an EcoVest transaction] was properly valued." *Id.* at 210:18–20. Plaintiff instructed the agent not to testify, stating "there could be an impairment issue here." *Id.* at 210:21–212:1.[3] This testimony addresses the core of Plaintiff's case, and yet Plaintiff has instructed IRS agents not to answer such questions on a selective basis—allowing such testimony in some instances, but refusing it in others.

---

[3] During the deposition of Doris White, Plaintiff objected over 200 times on the basis of Section 6103, instructing the witness not to testify, *inter alia*, about seven of the projects Plaintiff put at issue in this case. *See, e.g.*, Ex. B, White Dep. Tr. 213:7–260:13.

In sum, Plaintiff chose to bring this action when and how it did, making sweeping allegations of fraud regarding 63 EcoVest-related transactions while at the same time pursuing audits through which it can collect the taxes, interest, and penalties, if owed. Having done so, and if it wishes to proceed with the overbroad claims pled in this case, Plaintiff is obliged to produce documents and testimony relating to the allegedly fraudulent transactions. Plaintiff cannot demand that this case proceed with "defendant's hole card upturned and [Plaintiff's] hole card down." Special Master's Report and Recommendation, ECF No. 277, at 32 (quoting *E.E.O.C. v. Citizens Bank*, 117 F.R.D. 366, 366 (D. Md. 1987)).

## II. Plaintiff Has Stymied Defendants' Discovery Efforts

Setting aside Plaintiff's "impairment" objections, Plaintiff has failed to timely comply with its discovery obligations for the past two years. For example:

- After the Court overruled Plaintiff's objections to producing electronically stored information, it took Plaintiff eight months to agree to a set of search terms for a limited set of requested custodians.

- Even then, Plaintiff failed to adhere to the Court's discovery order that ESI productions be completed by November 24, 2020, claiming that because Plaintiff had previously objected to producing any ESI, it was somehow exempt from this deadline. It took weeks of negotiations with Plaintiff and the Special Master to resolve this issue through a stipulation that set forth deadlines into 2021 for Plaintiff's ESI productions—more than a year after the EcoVest Parties had largely completed their ESI production. It is Defendants' understanding that Plaintiff's ESI production remains incomplete. *See* ECF No. 213-2, Disc. Plan and Case Management Schedule, at 2.

- In response to the EcoVest Parties' second requests for production, Plaintiff served 25 pages of objections without committing to search for and produce any documents. Ex. C, United States' Resp. to EcoVest Parties' Second Set of Reqs. for Prod.

- After a deponent in December 2020 revealed the existence of documents Plaintiff should have produced long ago, Plaintiff agreed to produce the documents after numerous demands from the EcoVest Parties. But, Plaintiff has yet to produce those documents.

Most recently, Plaintiff's responses to the EcoVest Parties' first set of requests for admission—served just last week—typify this ongoing recalcitrance and demonstrate how Plaintiff intends to continue it to the end of discovery. Of the 120 RFAs served, Plaintiff refused to admit or deny 106. *See* Ex. D, United States' Resp. to EcoVest Parties' First Set of Reqs. for Admis., Apr. 19, 2021. Among other reasons, Plaintiff objected that 78 of the requests sought irrelevant information involving partnerships under audit, that 38 were unduly burdensome because they addressed facts related to the 63 partnerships Plaintiff put at issue, and that 70 were vague because of words used in the requests such as "challenged" or "conceded." While these objections further demonstrate Plaintiff's one-sided view as to discovery in this matter, the EcoVest Parties are committed to working with the Special Master to resolve this issue.

In sum, Plaintiff's ongoing recalcitrance significantly impairs and prejudices Defendants' ability to defend themselves and prepare for trial.

### III. Plaintiff Has Refused to Limit the Scope of this Case

Defendants have urged from the beginning that limiting this case's scope through the use of a sample would ensure the efficient and fair disposition of this action. Indeed, this Court encouraged Plaintiff to agree to a sampling approach in order to facilitate discovery, stating that sampling "does allow this case to become more manageable and also be presented in a meaningful time frame . . . ." ECF No. 143, Tr. of Telephone Conference Proceedings, Jan. 10, 2020, 19:1–3. And the

Court's Discovery Order contemplated the submission of a Report and Recommendation as to sampling before the close of fact discovery so that all parties could conduct narrowly tailored fact discovery as to those transactions. *See* ECF No. 213-2, Disc. Plan and Case Management Schedule, at 4.

Plaintiff, however, has consistently resisted narrowing the case through sampling. Instead, it requested documents from the EcoVest Parties and more than forty third parties, relating to all 63 EcoVest transactions Plaintiff put at issue. As a result, the EcoVest Parties have produced 2,041,164 pages of documents, and the remaining defendants and third parties have produced over 4,500,000 more. All the while, as detailed above, Plaintiff has avoided fulfilling its own discovery obligations.

With only one month remaining in fact discovery, the window for adopting a sample that allows all parties to adequately prepare their case is closing. At this late stage, a sample would need to be limited to those partnerships and transactions where Plaintiff has come closest to adhering to its discovery obligations: the nine or so partnerships that are not being audited by the IRS.

## IV. Conclusion

Plaintiff's refusal to produce documents and allow testimony about the partnerships and transactions under audit, and its delay and obfuscation in discovery for the past two years, have significantly prejudiced Defendants' ability to defend themselves and prepare for trial. The Court's assistance in resolving these issues is necessary to ensure the fair and timely resolution of this important matter.

Dated:  April 28, 2021    Respectfully submitted,

      /s/ Sean Akins
Benjamin J. Razi (admitted *pro hac vice*)
Sean Akins (admitted *pro hac vice*)
Marianna F. Jackson (admitted *pro hac vice*)
Matthew V. Miller (admitted *pro hac vice*)
Nicholas Pastan (admitted *pro hac vice*)
Kandyce Korotky (admitted *pro hac vice*)
John Zipp (admitted *pro hac vice*)
Amee Frodle (admitted *pro hac vice*)
Wesline N. Manuelpillai (admitted *pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth St. NW
Washington, DC 20001
Tel.:  (202) 662-6000
Fax:  (202) 662-6291
Email: brazi@cov.com; sakins@cov.com; mjackson@cov.com; mmiller@cov.com; npastan@cov.com; kkorotky@cov.com; jzipp@cov.com; afrodle@cov.com; wmanuelpillai@cov.com

Thomas T. Tate
State Bar No. 698879
Elizabeth L. Clack-Freeman
Georgia Bar No. 126888
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, Georgia 30097
Tel: (770) 822-0900
Fax: (770) 822-9680
Email: ttate@atclaw.com; lcfreeman@atclawfirm.com

*Attorneys for Defendants EcoVest Capital, Inc., Alan N. Solon, Robert M. McCullough, and Ralph R. Teal, Jr.*

\*I certify that this pleading has been prepared with one of the font and point selections approved by the Court in LR 5.1C.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2021, I caused a true and correct copy of the foregoing to be served on counsel of record for all other parties via the Court's electronic filing system.

/s/ Sean Akins
Sean Akins
COVINGTON & BURLING LLP
