# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-05774-AT |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY ZAK, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES' RESPONSE TO THE ECOVEST PARTIES' SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF UNITED STATES (Nos. 25-27)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

Plaintiff United States responds to the EcoVest Parties' Second Set of Requests for

Production (Nos. 25-27) as follows:

//

//

//

//

//

//

1

## <u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>

## DEFINITIONS

1.      These Requests incorporate by reference the Definitions set forth in the EcoVest Parties' First Set of Requests for Production to Plaintiff United States (Nos. 1–24), served on June 27, 2019.

**<u>OBJECTION:</u>** The United States objects to the definitions of "Administrative Files," "Document," "Relate To," "related to," "relating to," "Relevant Projects," "You," and "Your" as set forth below.

1.      "Administrative Files" refers to the Internal Revenue Service's administrative and/or audit files including, but not limited to, all transmittal letters (i.e., T-Letters), rebuttal reports, workpapers, letters, e-mails, memoranda, notes, telephone call slips, case history sheets or records, transcripts or notes of interviews with the taxpayer, employees, officers or directors of the taxpayer, or other third parties, audio or video recordings, and other documents or materials prepared or accumulated in the administrative file. "Administrative Files" also includes electronic files, including those stored on the Internal Revenue Service's Issue Management System (IMS), Audit Information Management System (AIMS), Appeals Centralized Database System (ACDS), Integrated Collection System (ICS), Integrated Data Retrieval System (IDRS), and Report Generation Software (RGS).

2

**OBJECTION:** The United States objects to the definition of "Administrative Files" as overbroad, unduly burdensome, vague, and disproportionate to the needs of this case because the second sentence of that definition impermissibly includes electronic files (including those files capable of being generated from one of the IRS's various electronic databases) related in any way to a taxpayer whose "Administrative File" is requested regardless of the tax period or the tax type and regardless of whether such electronic files have been "prepared or accumulated in the administrative file".

For example, by defining "Administrative Files" to include all electronic files stored on the Integrated Database Retrieval Systems (IDRS), the definition encompasses all data for a specific taxpayer, including reports generated or capable of being generated from countless command codes regardless of the tax type, the tax year, and relationship to the claims or defenses in this case. The definition makes no attempt to connect the electronic files defined as part of the "Administrative File" to the claims and defenses in this case, and disproportionately includes any command code or report capable of being generated by an IRS employee regardless of whether such report was actually prepared or accumulated in the administrative file.

The United States further objects to this definition as it exceeds the scope of discovery under Fed. R. Civ. P. 26(b) because the definition would include countless documents generated by the IRS that are not relevant to the claims and defenses in this case and is disproportionate to the needs of this case. The claims and defenses in this case center around whether Defendants engaged in penalty and/or enjoinable conduct under 26 U.S.C. §§ 7402, 7407, and 7408 and the harm that conduct has caused. IRS documents of which Defendants had actual knowledge are likely to be within Defendants' own knowledge, possession and control; discovery of such documents is duplicative and unnecessarily burdensome to the United States.

Further, if Defendants do not have actual knowledge of relevant IRS documents, then discovery is nothing more than an impermissible fishing expedition. *United States v. Elsass*, 2011 WL 3900846, at *5 (S.D. Ohio 2011) ("Even assuming that actions or positions taken by IRS employees are relevant to the defenses of reasonable cause and willfulness, it is only those actions or positions of which Defendants had actual knowledge that would be relevant"), *objections overruled*, 2012 WL 353739 (S.D. Ohio 2012); *Humphrey v. United States*, 2013 WL 7729219, at *5 (N.D. Ga. 2013) (in refund suit for penalties assessed under I.R.C. § 6700, the fact that the IRS had initially issued refunds

4

based on claims for credits promoted by plaintiff could not serve as the basis for a plaintiff's claim of reasonableness and good faith with respect to the gross valuation overstatements she made); *see also U.S. ex rel. Stephens v. Prabhu*, 163 F.R.D. 340, 343 (D. Nev. 1995) (rejecting False Claims Act defendant's demand for discovery into government operations that was unknown to them at the time of the fraud because they "are seeking the records to create a knowledge defense that is three years too late"); *SEC v. Bankatlantic Bancorp, Inc.*, 285 F.R.D. 661, 668 (S.D. Fla. 2012) (documents in SEC's files "cannot provide probative information" about the securities fraud defendants' intent).

IRS employees were not involved in the planning, executing, or reporting of the underlying transactions nor were they involved in the organization, promotion, and sale of the Relevant Projects. Defendants are the parties with the best access to the most relevant and important documents about their conduct and the reasoning and basis for their conduct – especially what they knew or had reason to know about the statements made in organizing, promoting and selling the Relevant Projects. In contrast, IRS documents showing what the IRS later learned about Defendants' conduct are not as important as the documents evidencing Defendants' conduct and the related harm. The burden of locating, reviewing, classifying for privileges, and producing every IRS document with even the

remotest connection to any aspect of this case and the Relevant Projects is not justified as the burden of the definition outweighs its likely benefit. Therefore, the definition is disproportionate.

The United States also objects to this definition as premature to the extent that it relates to any of the EcoVest Parties' defenses that are the subject of the United States' Motion to Strike (ECF No. 24). Specifically, to the extent that the EcoVest Parties are using the definition to include documents they claim support their defenses of estoppel and/or laches, such documents are only within the scope of discovery if those defenses survive the United States' motion.

The United States also objects to this definition as seeking to include ESI that is not reasonably accessible without undue burden or cost, such as that maintained only on IRS backup tapes or ESI that would need to be restored to databases.

The United States also objects to this definition to the extent it seeks the production of documents barred from disclosure by 26 U.S.C. § 6103.

For purposes of these requests, the United States adopts the first sentence of the EcoVest Parties' definition of the term "Administrative File" and also construes that term to include electronic files accumulated in that file.

5.   "Document" has the same meaning as that in Rule 34 of the Federal Rules of Civil Procedure, and thus is used in its broadest, most comprehensive sense.  It refers to the original and each and every non-identical copy of all writings of every kind, including, but not limited to, bulletins, calendar or diary entries, charts, directives, drafts, expense records, facsimiles, handwritten notes, legal pleadings, tabulations, telegrams, telephone records, and travel records.  The term "Document" further includes electronic mail, data processing or computer printouts, tapes, documents contained on hard disks or CDs, or retrieval listings, together with programs and program documentation necessary to utilize or retrieve such information, and all other mechanical or electronic means of storing or recording.

**OBJECTION:** The United States objects to this definition because it improperly expands the definition of that term as set forth in Fed. R. Civ. P. 34. The United States objects to the term "Document" defined to include "electronic mail, data processing or computer printouts, tapes, documents contained on hard disks or CDs, or retrieval listings, together with programs and program documentation necessary to utilize or retrieve such information, and all other mechanical or electronic means of storing or recording" as overbroad and ambiguous. For example, the definition as written would include any and all programs or databases used by the IRS as well as any other agency of the United States government. Such a definition would include proprietary programs and

7

those that cannot be accessed remotely, but only on site by those with appropriate permissions.

The United States also objects to this definition in that it encompasses "tapes" which attempts to include ESI that is maintained only on IRS backup tapes that are not reasonably accessible because of undue burden or cost.

For purposes of these requests, the United States will construe the term "document" in accordance with Fed. R. Civ. P. 34.

> 10.   "Relate to," "related to," and "relating to" when used in reference to a particular subject shall be construed in their most inclusive sense and shall be considered a request that you identify and produce documents that refer to, discuss, summarize, reflect, constitute, contain, embody, pertain to, mention, constitute, comprise, show, comment on, evidence, describe or in any other manner concern the referenced subject matter.

**OBJECTION:** The United States objects to this definition as overbroad, vague, ambiguous, and disproportionate to the needs of this case in that it effectively encompasses every instance of any data, fact, thought, or impression written down in any manner and requires an evaluation of every document to determine whether it meets this definition.

Courts have held that sweeping requests for "all related" facts or documents to be impermissible as overly broad, not reasonably particular, or unduly

8

burdensome on their face. *See, e.g., Megdal Assocs., LLC v. La-Z-Boy, Inc.*, 2016 WL 4503337, at *6 (S.D. Fla. 2016); *McCrimmon v. Georgia Cmty. Support & Sols., Inc.*, 2010 WL 11507675, at *4 (N.D. Ga. 2017) ("courts have the duty to pare down overbroad discovery requests"; document requests that cast a wide net over any and all documents created by party did not adequately describe the documents sought); *Sewell v. D'Alessandro & Woodyard, Inc.*, 2011 WL 843962, at *2 (M.D. Fla. 2011) ("a request for 'all documents and records' that relate to 'any of the issues' while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents"); *Lopez v. Don Herring, Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex. 2018) (the test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is not; a rule 34(a) request made with reasonable particularity does not require a reasonable attorney or party attempting to properly respond to ponder and to speculate in order to decide what is and what is not responsive.) (quotations omitted).

11.   "Relevant Project" or "Relevant Projects" means any real estate project, development project, conservation easement, real estate transaction, or any partnership or corporate entity related to such projects that any of the EcoVest Parties worked on, consulted for, sponsored, or was otherwise involved with, whether directly or indirectly.  This includes but is not limited to the following:[1]

| Taxable Year | Entity Name | Tax ID No. |
|---|---|---|
| 2010 | Dumpling Mountain, LLC | 27-4150909 |
| 2011 | Trout Creek, LLC | 27-5339212 |
| 2011 | High Rocks, LLC | 27-5339572 |
| 2011 | Glade Creek, LLC | 45-3740234 |

_____

[1] The "Taxable Year" column in the table refers to the approximate offering year for each project. The listed year does not limit the scope of discovery requests. All responsive information should be produced, whether or not it is from the offering year.

[Remainder of chart omitted from responses.]

**OBJECTION:**  The United States objects to the definition of "Relevant Projects" as overbroad, unduly burdensome, vague, and disproportionate to the needs of this case because it includes any "real estate project," "development project," "conservation easement" or "real estate transaction" and "any partnership or entity related to such projects" that an EcoVest party "worked on, consulted for, sponsored, or was otherwise involved with *whether directly or indirectly*." (Emphasis added). The United States cannot reasonably identify all projects that this may include. This case centers on Defendants' conduct with respect to

10

conservation easements and not other types of real estate projects or transactions.

For purposes of these requests, the United States will construe the term "Relevant

Projects" to mean only the entities listed in the chart on pages 4-8 of the EcoVest

Parties' First Requests for Production of Documents to Plaintiff United States

(Nos. 1-24).

> 13. "You" and "Your" refer to the United States Government and the
> constituent entities thereof including the U.S. Department of Justice, the U.S.
> Department of the Treasury, the Internal Revenue Service, and any aliases,
> persons, authorized agents, attorneys, servants, employees, representatives, and
> any other person acting on Your behalf.

**OBJECTION**: The United States objects to the definition of "You" and

"Your" as overbroad, unduly burdensome, facially vague, and disproportionate to

the needs of this case in that it effectively encompasses every entity and individual

that works for the United States government. *See United States v. $11,071,188.64

in U.S. Currency*, 2014 WL 8735117, at *4 (E.D. Mo. 2014) (sustaining an

objection to a discovery request seeking documents from the entire "United States"

as overbroad on its face, facially vague, and unduly burdensome).

The United States also objects to this definition to the extent that it includes

personnel with responsibility for enforcement of the federal criminal laws. Any

attempt by the EcoVest Parties to circumvent the rules governing criminal

discovery is impermissible, potentially interferes with any pending criminal

investigation(s) that may exist, may violate Fed. R. Crim. P. 6(e), and may seek

information protected from disclosure by the Law Enforcement Privilege and/or

Confidential Informant Privilege.

The United States also objects to this definition as seeking documents not

relevant to any claim or defense in this action, and disproportionate to the needs of

this case to the extent it includes the numerous IRS components and other

government agencies with no involvement in the civil investigation that resulted in

this suit. Additionally, to the extent some requests seek documents concerning

internal discussions and/or deliberations of Department of Justice attorneys, the

United States objects because this information is protected from disclosure by the

attorney work-product doctrine and the deliberative process privilege.

The United States also objects to this definition to the extent it seeks the

production of documents barred from disclosure by 26 U.S.C. § 6103.

For the purposes of its responses to these discovery requests, the United

States has limited the definition of "You" and "Your" to the United States

Department of Justice, Tax Division, Civil Trial Section and any civil component

12

of the IRS involved in the investigation that resulted in this suit or audits of any

Relevant Project.

## INSTRUCTIONS

    1.    These Requests incorporate by reference the Instructions set forth in

the EcoVest Parties' First Set of Requests for Production to Plaintiff United States

(Nos. 1–24), served on June 27, 2019.

**OBJECTION:** The United States objects to this instruction as set forth

below.

    1.    **Scope.**  All requests for documents include electronically stored

information, and which are in Your actual or constructive possession, custody, or

control.  These requests include any documents that You have the right to obtain

from a third-party upon demand, or which otherwise may be secured from any

other source (including attorneys, accountants, or other agents or fiduciaries) for

the purpose of fully responding to these requests.

**OBJECTION:** The United States objects to this instruction because it uses

the terms "You" and "Your". The United States incorporates its objections to the

definition of "You" and "Your" as noted above.

13

4.    **Production**.  "Documents should be produced either with labels
corresponding to the categories in the specific requests to which they respond or in
the manner in which they are kept in the usual course of business." Judge
Totenberg's Standing Order at 17, ECF No. 8.  You should produce all
electronically-stored documents in electronic, machine-readable form, together
with sufficient documentation of variable names and descriptions and any other
information necessary to interpret and perform calculations on such data.

**OBJECTION:** The United States objects to this instruction as exceeding the

scope of Fed. R. Civ. P. 34 because it impermissibly requires production of

information necessary to "interpret and perform calculations" on the documents

produced. The United States will produce information necessary to interpret the

load files containing the documents produced.

## REQUESTS FOR PRODUCTION

**Request for Production No. 25:** All documents related to any IRC Section

6700 Investigation of any of the EcoVest Parties or any other person or

entity related to the Relevant Projects.

**OBJECTION:** The United States objects to this request as overbroad,

unduly burdensome, vague, and disproportionate to the needs of this case.  The

request makes no attempt to connect the requested documents to the claims and

defenses in this case and is not limited to the investigation that led to this lawsuit;

14

rather, this request seeks information of *any* IRC Section 6700 Investigation, which could include unrelated investigations of "any other person" related to a "Relevant Project" regardless of whether such investigation even pertains to syndicated conservation easements.  Moreover, it is impossible for the United States to identify every single person or entity related to the Relevant Projects and collect all of the documents related to any IRC Section 6700 Investigation of any such persons.  The United States also objects to this request's use of them terms "documents," "related to," and "Relevant Projects" as defined by the EcoVest Parties.  The United States restates its objections to the use of these terms as provided above.

The United States also objects to this request as overly broad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of this case because of its sweeping request concerning "any other person or entity related to the Relevant Projects."  This language calls for the United States to ascertain untold numbers of individuals having minimal or remote involvement with the Relevant Projects—a virtually impossible task.  To do so would require a costly and time-consuming investigative process that is disproportionate to the needs of this case and is likely to result in the production of extraneous and useless information.

Given its breadth, the request, as drafted, is also exceedingly likely to encompass documents prohibited from disclosure under 26 U.S.C. § 6103 and therefore would require a lengthy and burdensome privilege review.

The United States also objects to this request as overbroad in that it fails to identify with any specificity the types of documents it seeks.  Courts have held that such sweeping requests for "all documents" regarding to a given topic are overly broad on their face.  *See, e.g., McCrimmon v. Georgia Community Support & Sols., Inc.*, 2010 WL 11507675, at *4 (N.D. Ga. 2010) ("[C]ourts have the duty to pare down overbroad discovery requests"; document requests that cast a wide net over any and all documents created by party did not adequately describe the documents sought) (quotations omitted); *TIC Park Centre 9, LLC v. Cabot*, 2017 WL 3034547, at *4 (S.D. Fla. 2017) (discovery requests lacking "meaningful limitations on the documents requested" were overbroad) (citing *Carter v. Archdale Police Dep't*, 2014 WL 1774471, at *5 (M.D.N.C. 2014) ("A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since ... all documents 'relate' to all others in some remote fashion.") (internal quotations and citation omitted)); *Cooper v. Meridian Yachts, Ltd.*, 2008 WL 2229552, at *10 (S.D. Fla. 2008) ("Courts have concluded that production requests

that seek information 'relating to' subject areas are impermissibly overbroad.") (citations omitted).

Further, to the extent that this request encompasses documents created or compiled by personnel with responsibility for enforcement of the federal criminal laws, the United States objects. Any attempt by the EcoVest Parties to circumvent the rules governing criminal discovery is impermissible, potentially interferes with any pending criminal investigation(s) that may exist, may violate Fed. R. Crim. P. 6(e), and may seek information protected from disclosure by the Law Enforcement Privilege and/or Confidential Informant Privilege.

The United States also objects to this request as requesting documents protected from disclosure by the deliberative process privilege. Additionally, to the extent that this request seeks documents concerning internal discussions and/or deliberations of Department of Justice attorneys, the United States objects because such information is protected from disclosure by the attorney work-product doctrine and the deliberative process privilege.

Further, to the extent that this request seeks documents containing non-public information regarding tax return information of parties and unknown non-parties to this case, the United States objects to providing any such information

that would be responsive thereto but that is protected against disclosure by 26

U.S.C. § 6103.

The United States is withholding documents on the basis of these objections.

**Request for Production No. 26:** All notices of or correspondence related to

any IRC Section 6700 Investigations of any of the EcoVest Parties or any related

people or entities.[1]

**OBJECTION:** The United States objects to this request as over broad,

unduly burdensome, vague, and not proportional to the needs of the case.  The

request is sweeping in that it encompasses any notices or correspondence

concerning any described IRC Section 6700 Investigations, regardless of

participant or subject matter.  The burden of locating, reviewing, classifying for

privileges, and producing every notice and piece of correspondence encompassed

by the request, regardless of participant, is not justified as the burden outweighs the

likely benefit.  Further, the request is not limited to the investigation that led to this

suit; rather, this request seeks information of any IRC Section 6700 Investigation

which is outside of the scope of the claims and defenses in this case and could

include unrelated investigations of any people or entities "related" to any of the

---

[1] The EcoVest Parties note that penalty exposure rules require notice of section 6700 investigations.

18

EcoVest Parties, regardless of whether such investigation even pertains to syndicated conservation easements.  And, the request fails to limit the "notices" or "correspondence" sought to those authored by employees of the IRS civil components involved in the investigation that resulted in this suit or by the agents who worked on or are working on a IRC Section 6700 Investigation of any of the EcoVest Parties and does not specify the authors or recipients of the referenced notices or correspondence.

Given that the request encompasses internal notices and correspondence, if any, that have no bearing on Defendants' conduct absent the Defendants' actual knowledge of such correspondence, it also exceeds the scope of discovery under Fed. R. Civ. P. 26(b).  *See, e.g., Humphrey v. United States*, 2013 WL 7729219, at *5 (N.D. Ga. 2013) (in refund suit for penalties assessed under I.R.C. § 6700, the fact that the IRS had initially issued refunds based on claims for credits promoted by plaintiff could not serve as the basis for a plaintiff's claim of reasonableness and good faith with respect to the gross valuation overstatements she made); *United States v. Elsass*, 2011 WL 3900846, at *5 (S.D. Ohio 2011) ("Even assuming that actions or positions taken by IRS employees are relevant to the defenses of reasonable cause and willfulness, it is only those actions or positions of which Defendants had actual knowledge that would be relevant"), *objections*

19

*overruled*, 2012 WL 353739 (S.D. Ohio 2012); *see also S.E.C. v. Bankatlantic Bancorp, Inc.*, 285 F.R.D. 661, 668 (S.D. Fla. 2012) (documents in SEC's files "cannot provide probative information" about the securities fraud defendants' intent); *United States* ex rel. *Stephens* v. *Prabhu*, 163 F.R.D. 340, 343 (D. Nevada 1995) (rejecting False Claims Act defendant's demand for discovery into government operations that was unknown to them at the time of the fraud because they "are seeking the records to create a knowledge defense that is three years too late").

This request also is vague and ambiguous due to the EcoVest Parties' inclusion of footnote 1.  It is not clear if or how the footnote is intended to impact or modify the content of the request, and the EcoVest Parties' failure to cite to any authority for the footnote's assertion further obfuscates the content of the request. To the extent that the footnote is deemed to constitute part of the request, the United States objects on the foregoing bases.

The United States further objects to this request as asking for documents protected from disclosure by the deliberative process privilege.  Additionally, to the extent that this request seeks documents concerning internal discussions and/or deliberations of Department of Justice attorneys, the United States objects because

this information is protected from disclosure by the attorney work-product doctrine and the deliberative process privilege.

And, the United States objects to this request to the extent that it seeks the production of documents barred from disclosure by 26 U.S.C. § 6103.

Because this request is duplicative of Request for Production No. 25, the United States further restates its objections thereto.

The United States is withholding documents on the basis of these objections.

**Request for Production No. 27:**  All documents produced on or after January 1, 2016, in response to any Freedom of Information Act request(s) related to conservation easements or IRC Section 170(h) submitted to You (including requests submitted by American Conservation Coalition, Partnership for Conservation, or others), along with any accompanying documents You produced related to such request(s) (including, for example, an explanation of redactions or a privilege log).

**OBJECTION:** The United States objects to this request as overbroad, unduly burdensome, vague, and disproportionate to the needs of this case and reiterates its objections to the use of the defined terms "documents," "You," and "related to" as incorporated by reference above.  The request also seeks documents not relevant to any claim or defense in this action and is disproportionate to the

21

needs of this case to the extent that it includes the numerous IRS components with no involvement in the civil investigation that resulted in this suit.

The United States also objects to this request as overly broad, vague, ambiguous, unduly burdensome, and disproportionate to the needs of this case because of its use of the phrase "related to conservation easements or IRC Section 170(h)," which encompasses numerous types and forms of conservation easements that are not tethered to the claims and defenses in this case.  For example, the request, as written, would encompass *any* conservation easement regardless of whether any Defendant was involved or whether the conservation easement was syndicated. Because the request is not tethered to the claims and defenses in this case, it would be unduly burdensome and disproportionate to the needs of the case to search every Freedom of Information Act ("FOIA") request to see if it in any way "relate[s]" to a conservation easement of any kind or to Section 170(h).

The request further falls outside the scope of discovery under Fed. R. Civ. P. 26(b) as it is irrelevant to the claims and defenses at issue in this suit and, at base, amounts to nothing more than a fishing expedition.  As noted above, decisions or statements made by the IRS with respect to other taxpayers have no bearing on the Defendants' conduct at issue in this case absent the Defendants' actual knowledge of such decisions or statements.  *See, e.g., Humphrey v. United States*, 2013 WL

7729219, at *5 (N.D. Ga. 2013); *United States v. Elsass*, 2011 WL 3900846, at *5 (S.D. Ohio 2011); *see also S.E.C. v. Bankatlantic Bancorp, Inc.*, 285 F.R.D. 661, 668 (S.D. Fla. 2012); *United States* ex rel. *Stephens* v. *Prabhu*, 163 F.R.D. 340, 343 (D. Nevada 1995).

The United States further objects to this request to the extent that it seeks the production of documents barred from disclosure by 26 U.S.C. § 6103.  The IRS's FOIA responses remain subject to the statute's provisions regarding disclosure of tax return information, as would be the content of any FOIA request referencing tax return information.  Accordingly, documents or information produced in response to a given taxpayer's FOIA request might be prohibited from disclosure to another individual or entity pursuant to § 6103.

The United States has not identified any specific document that it is withholding on the basis of these objections.

*[Signature page follows.]*

Dated:  August 12, 2020          RICHARD E. ZUCKERMAN
          Principal Deputy Assistant Attorney General

          /s/ Ann T. Porter
          ERIN R. HINES
          Florida Bar No. 44175
          CHARLES P. HURLEY
          District of Columbia Bar No. 490793
          RICHARD G. ROSE
          District of Columbia Bar No. 493454
          HARRIS J. PHILLIPS
          Massachusetts Bar No. 675603
          ERIC M. ABERG
          District of Columbia Bar No. 1044111
          ANN T. PORTER
          New York Bar No. 5412218
          Trial Attorneys, Tax Division
          U.S. Department of Justice
          P.O. Box 7238, Ben Franklin Station
          Washington, D.C. 20044
          Telephone: (202) 514-2901

          Local Counsel:

          BYUNG J. PAK
          United States Attorney
          NEELI BEN-DAVID
          Assistant U.S. Attorney
          Georgia Bar No. 049788
          Office of the United States Attorney
          Northern District of Georgia
          600 U.S. Courthouse
          75 Ted Turner Drive, SW, Suite 600
          Atlanta, GA 30303
          Telephone: (404) 581-6303
          Neeli.ben-david@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2020, I served the UNITED STATES'

RESPONSE TO THE ECOVEST PARTIES' SECOND SET OF REQUESTS

FOR PRODUCTION TO PLAINTIFF UNITED STATES (Nos. 25-27) by email

upon the following:

Nathan E. Clukey
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
nclukey@Sidley.com

*Attorney for Defendant Nancy Zak*

Niles A. Elber
CAPLIN & DRYSDALE,
CHARTERED
One Thomas Circle NW, Suite 1100
Washington, DC 20005
nelber@capdale.com

*Attorney for Defendant Claud Clark III*

Benjamin John Razi
COVINGTON & BURLING, LLP−D.C.
850 Tenth Street, NW
One City Center
Washington, DC 20001
brazi@cov.com

*Attorney for Defendants EcoVest*
*Capital, Inc., Alan N. Solon, Robert M.*
*McCullough, and Ralph R. Teal, Jr.*

/s/ Ann T. Porter
ANN T. PORTER
Attorney for the United States

25