# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES,             :
                                  :
        Plaintiff,         :
                                  :
   v.                    :      CIVIL ACTION FILE
                                  :      NO. 1:18-CV-05774-AT
NANCY ZAK, et al.,      :
                                  :
        Defendants.    :

## UNITED STATES RESPONSES TO ECOVEST PARTIES' FIRST SET OF REQUESTS FOR ADMISSION <u>TO PLAINTIFF UNITED STATES (Nos. 1-120)</u>

## DEFINITIONS

13. "Exam," "Examining," or "Examined" refers to the Internal Revenue Service function of reviewing and adjusting returns of taxpayers and pass-through entities, as authorized under 28 U.S.C. § 7602 and as further described in 26 C.F.R. § 601.105(b).

**OBJECTIONS:** The United States objects to this definition as 28 U.S.C. § 7602 does not exist and does not govern the Internal Revenue Service exam procedures. For purposes of these requests, the United States construes this definition as referring to 26 U.S.C. § 7602.

24. "IRC Section 6700 Investigation" means an IRS promoter/preparer investigation related to 26 U.S.C. § 6700, as described in Internal Revenue Manual Part 5, Chapter 20, Section.

**OBJECTIONS:** The United States objects to the use of "related to" in Defendants' definition of "IRC Section 6700 Investigation" as vague because it fails to identify with sufficient particularity what investigation(s) it may encompass beyond any investigation pursuant to 26 U.S.C. § 6700. For purposes of its responses to Defendants' Requests for Admission, the United States is limiting the definition of "IRC Section 6700 Investigation" to investigations pursuant to that statute.

28. "Relevant Project" or "Relevant Projects" means any real estate project, development project, conservation easement, real estate transaction, or any partnership or corporate entity related to such projects that any of the EcoVest Parties worked on, consulted for, sponsored, or was otherwise involved with, whether directly or indirectly. This includes but is not limited to the following:[1]

| Taxable Year | Entity Name | Tax ID No. |
|---|---|---|
| 2010 | Dumpling Mountain, LLC | 27-4150909 |
| 2011 | Trout Creek, LLC | 27-5339212 |
| 2011 | High Rocks, LLC | 27-5339572 |
| 2011 | Glade Creek, LLC | 45-3740234 |
| 2011 | Highway 30, LLC | 90-0774003 |
| 2011 | Hickory Equestrian, LLC | 45-3862104 |
| 2011 | White Oak Equestrian, LLC | 45-3862052 |
| 2011 | Maple Equestrian, LLC | 45-3862253 |
| 2012 | Myers Cove Holdings, LLC | 45-5277662 |
| 2012 | Myers Cove Investments, LLC | 46-2130774 |
| 2012 | Shining Star Properties XI, LLC | 45-3202325 |
| 2012 | Cane Creek Holdings, LLC | 46-1127530 |
| 2012 | Cane Creek Partners, LLC | 45-4065683 |
| 2012 | Piney Cumberland Holdings, LLC | 46-1157935 |
| 2012 | Piney Cumberland Resources, LLC | 27-0592354 |

---

[1] The "Taxable Year" column in the table refers to the approximate offering year for each project. The listed year does not limit the scope of discovery requests.

| 2012 | Red Oak Equestrian, LLC | 45-3862212 |
|------|--------------------------|------------|
| 2012 | Meadow Creek Holdings, LLC | 46-1162994 |
| 2012 | Meadow Creek Investments, LLC | 45-5056070 |
| 2012 | Land of the Lakes Holdings, LLC | 46-1586166 |
| 2012 | Land of the Lakes, LLC | 90-0929541 |
| 2013 | Birch Equestrian Holdings, LLC | 80-0948020 |
| 2013 | Birch Equestrian, LLC | 45-5591195 |
| 2013 | Brunswick Highlands Holdings, LLC | 46-1067114 |
| 2013 | Brunswick Highlands, LLC | 46-2196116 |
| 2013 | Leland Forest Holdings, LLC | 46-1071319 |
| 2013 | Leland Forest, LLC | 46-2191591 |
| 2013 | Wilderness Lake Holdings, LLC | 46-1162687 |
| 2013 | Wilderness Lake Properties, LLC | 46-1251851 |
| 2013 | Greenway Holdings Acquisitions, LLC | 30-0802653 |
| 2013 | Greenway Landing, LLC | 26-1788297 |
| 2014 | Rocky Creek Plantation Acquisitions, LLC | 46-1159709 |
| 2014 | Rocky Creek Plantation, LLC | 46-1290020 |
| 2014 | Hickory Preserve Holdings, LLC | 46-1145681 |
| 2014 | Hickory Preserve, LLC | 46-1252142 |
| 2014 | New River Preserve Holdings, LLC | 47-1448376 |
| 2014 | New River Preserve, LLC | 32-0446771 |
| 2014 | Garden Lakes Estates Holdings, LLC | 47-2128338 |
| 2014 | Garden Lakes Estates, LLC | 30-0838404 |
| 2014 | Carolina Bays Resort Holdings, LLC | 32-0450194 |
| 2014 | Carolina Bays Resort, LLC | 37-1767512 |
| 2014 | Long Bay Marina Holdings, LLC | 47-2128209 |
| 2014 | Long Bay Marina, LLC | 36-4796014 |
| 2015 | Azalea Bay Resort Holdings, LLC | 47-3309594 |
| 2015 | Azalea Bay Resort, LLC | 35-2527842 |
| 2015 | Magnolia Bay Resort Holdings, LLC | 47-3309787 |
| 2015 | Magnolia Bay Resort, LLC | 32-0459918 |
| 2015 | Cypress Cove Marina Holdings, LLC | 47-4423741 |
| 2015 | Cypress Cove Marina, LLC | 35-2536565 |
| 2015 | Sanibel Resort Holdings, LLC | 47-5192345 |
| 2015 | Sanibel Resort, LLC | 81-0932667 |
| 2015 | Belle Harbour Resort Holdings, LLC | 35-2540989 |
| 2015 | Belle Harbour Resort, LLC | 47-4820163 |
| 2015 | Beech Springs Resort Holdings, LLC | 47-4803015 |
| 2015 | Beech Springs Resort, LLC | 35-2539806 |

3

| 2015 | Diamond Grande Resort Holdings, LLC | 35-2541179 |
| 2015 | Diamond Grande Resort, LLC | 47-4820646 |
| 2015 | Seavista Resort Holdings, LLC | 61-1771611 |
| 2015 | Seavista Resort, LLC | 47-5622274 |
| 2015 | River Trace Resort Holdings, LLC | 47-4779802 |
| 2015 | River Trace Resort, LLC | 38-3977151 |
| 2015 | South Bay Cove Holdings, LLC | 61-1771523 |
| 2015 | South Bay Cove, LLC | 81-1109626 |
| 2016 | Coastavista Palms Holdings, LLC | 30-0885503 |
| 2016 | Coastavista Palms, LLC | 47-5432484 |
| 2016 | Bellavista Grove Holdings, LLC | 47-5595258 |
| 2016 | Bellavista Grove, LLC | 47-5422359 |
| 2016 | Myrtle West Resort Holdings, LLC | 36-4821844 |
| 2016 | Myrtle West Resort, LLC | 47-5330601 |
| 2016 | Ocean Grove Resort Holdings, LLC | 37-1826792 |
| 2016 | Ocean Grove Resort, LLC | 37-1827945 |
| 2016 | White Sands Village Holdings, LLC | 32-0495598 |
| 2016 | White Sands Village, LLC | 36-4838062 |
| 2016 | Lakeshore Resort Holdings, LLC | 36-4842428 |
| 2016 | Lakeshore Resort, LLC | 81-2497222 |
| 2016 | North Bay Cove, LLC | 81-3381832 |
| 2016 | North Bay Cove Holdings, LLC | 38-4009301 |
| 2016 | Camellia Station Holdings, LLC | 30-0948169 |
| 2016 | Camellia Station, LLC | 81-2606745 |
| 2016 | Arcadian Quay, LLC | 81-2600085 |
| 2016 | Arcadian Quay Holdings, LLC | 81-3731102 |
| 2016 | Cayo Marsopa Holdings, LLC | 35-2569962 |
| 2016 | Cayo Marsopa, LLC | 81-3725921 |
| 2016 | Cristobal Key , LLC | 81-3729028 |
| 2016 | Cristobal Key Holdings, LLC | 30-0948388 |
| 2016 | Queen's Cove Holdings, LLC | 36-4843584 |
| 2016 | Queen's Cove, LLC | 81-4096752 |
| 2016 | Riverside Preserve Holdings, LLC | 81-4404088 |
| 2016 | Riverside Preserve, LLC | 32-0499055 |
| 2016 | Waterway Grove Holdings, LLC | 81-4540205 |
| 2016 | Waterway Grove, LLC | 81-2517456 |
| 2016 | Cape Fear Pointe Holdings, LLC | 37-1840977 |
| 2016 | Cape Fear Pointe, LLC | 35-2565158 |
| 2017 | Monterrey Cove Holdings, LLC | 32-0520725 |

| 2017 | Monterrey Cove, LLC | 82-0663491 |
|------|---------------------|------------|
| 2017 | Myrtle Cove Resort Holdings, LLC | 61-1818766 |
| 2017 | Myrtle Cove Resort, LLC | 47-5509204 |
| 2017 | Del Mar Vista Dunes Holdings, LLC | 37-1851845 |
| 2017 | Del Mar Vista Dunes, LLC | 82-1215478 |
| 2017 | Port Quay Resort Holdings, LLC | 37-1861426 |
| 2017 | Port Quay Resort, LLC | 82-2772835 |
| 2017 | Cayo Dorado Holdings, LLC | 30-0971236 |
| 2017 | Cayo Dorado, LLC | 82-1282214 |
| 2017 | Birkdale Landing Holdings, LLC | 38-4042147 |
| 2017 | Birkdale Landing Subsidiary, LLC | 30-1007595 |
| 2017 | Birkdale Landing, LLC | 20-0503933 |
| 2017 | Turkey Creek Resort Holdings, LLC | 38-4040240 |
| 2017 | Turkey Creek Resort, LLC | 26-0474521 |
| 2017 | Azul Bay Resort Holdings, LLC | 30-0994325 |
| 2017 | Azul Bay Resort, LLC | 82-3107439 |
| 2017 | Tupelo Grove Holdings, LLC | 82-3434213 |
| 2017 | Tupelo Grove, LLC | 82-3137441 |
| 2017 | Santo Bay Resort Holdings, LLC | 32-0520819 |
| 2017 | Santo Bay Resort, LLC | 82-1508139 |
| 2018 | Punta Vista Grande Holdings, LLC | 38-4050915 |
| 2018 | Punta Vista Grande, LLC | 82-3125789 |
| 2018 | Tortuga Trace Holdings, LLC | 32-0537060 |
| 2018 | Tortuga Trace, LLC | 82-4118218 |
| 2018 | Cottonwood Cove Holdings, LLC | 82-5310577 |
| 2018 | Cottonwood Cove, LLC | 83-0571667 |
| 2018 | Montego Pointe Holdings, LLC | 82-5302081 |
| 2018 | Montego Pointe, LLC | 82-4664095 |
| 2018 | Neuse Harbor Holdings, LLC | 36-4888916 |
| 2018 | Neuse Harbor, LLC | 47-4109440 |
| 2018 | Hammersmith Landing Holdings, LLC | 83-1662001 |
| 2018 | Hammersmith Landing, LLC | 83-1501220 |
| 2018 | Copano Cove Holdings, LLC | 83-1624698 |
| 2018 | Rockport Property Entity, LLC | 82-2494828 |
| 2018 | Miramar Pointe Holdings, LLC | 83-2167008 |
| 2018 | Miramar Pointe, LLC | 83-1713088 |
| 2018 | Harbor Gate at Seadrift Holdings, LLC | 83-2197070 |
| 2018 | Harbor Gate at Seadrift, LLC | 83-2193966 |
| 2018 | Espiritu Shores Holdings, LLC | 83-1236598 |

| 2018 | Espiritu Shores, LLC | 83-0708238 |
| 2018 | Indigo Sound Holdings, LLC | 83-2181479 |
| 2018 | Indigo Sound, LLC | 83-1675538 |
| 2018 | Lady Lake Holdings, LLC | 83-2734811 |
| 2018 | Sawmill Property, LLC | 47-3254983 |

**OBJECTIONS:** The United States objects to Defendants' definition of

"Relevant Project" or "Relevant Projects" as vague because it fails to identify with

sufficient particularity what "real estate project[s], development project[s],

conservation easement[s], real estate transaction[s], or any partnership[s] or corporate

entit[ies]" the definition encompasses other than those listed in the definition because

the definition states that it is "not limited' to those listed entities. Moreover, the

United States objects to the definition of "Relevant Project" or "Relevant Projects" as

vague and overbroad in that it includes no time limitations as stated in footnote 1. For

purposes of its responses, the United States is limiting the definition of "Relevant

Project" or "Relevant Projects" to the projects listed in the definition for the "Taxable

Year" listed in the definition.

37. "You" and "Your" refer to the United States Government and theconstituent

entities thereof, including the U.S. Department of Justice, the U.S Department of the

Treasury, the Internal Revenue Service, and any aliases, persons, authorized agents,

attorneys, servants, employees, representatives, and any other person acting on Your

behalf.

**OBJECTIONS:** The United States objects to the definition of "You" or

"Your" as overbroad, unduly burdensome, and disproportionate to the needs of this

6

case in that it effectively encompasses every component and individual that acts or acted on behalf of the United States Government. The United States also objects to the definition of "You" or "Your" to the extent that it includes components of the United States Government with responsibility for enforcement of the federal criminal laws. Any attempt by Defendants to use this action and the Federal Rules of Civil Procedure to circumvent the rules governing criminal discovery is impermissible, potentially interferes with any pending criminal investigation(s) that may exist, may violate Fed. R. Crim. P. 6(e), and may seek information protected from disclosure by the Law Enforcement Privilege and/or Confidential Informant Privilege. Finally, the United States objects to Defendants' definition of "You" or "Your" to the extent it includes information barred from disclosure by 26 U.S.C. § 6103.

For purposes of its responses to these requests for admission, the United States has limited the definition of "You" or "Your" to: (1) the Civil Trial Section of the Tax Division of the Department of Justice that initiated this lawsuit; (2) civil components of the IRS that conducted the investigation that resulted in this litigation; and (3) civil components of the IRS that conducted audits of Defendants' customers who entered into the conservation easement arrangements described in the Complaint.

## INSTRUCTIONS

7. In answering these requests for admission, you must furnish all information available to you at the time of answering, including, without limitation, information in the possession of any and all agents, representatives and counsel for the SEC.

**OBJECTIONS:** The United States objects to the Instruction No. 7 to the extent it demands that the United States furnish information "in the possession of any and all agents, representatives and counsel for the SEC" as seeking information not relevant to any claim or defense, overbroad, unduly burdensome, and disproportionate to the needs of this case because the SEC is: (1) not a party to this case; and (2) did not conduct the investigation that resulted in the referral to the United States Department of Justice that resulted in this litigation.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:** Admit that for tax years 2012 and 2013, You did not audit any of the Relevant Projects other than Cane Creek Partners, LLC and Cane Creek Holdings, LLC before filing This Case.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your and Relevant Projects. The United States objects to this request as vague and ambiguous; the request is unclear as to whether the tax years identified refer to when the audit was conducted, the tax years (regardless of whether the Relevant Project had a conservation easement in that tax year), or something else. The United States also objects to this Request as seeking information that is not relevant to the claims and defenses in this case; the lack, if any, of an audit, is not determinative of whether Defendants engaged in conduct subject to 26 U.S.C. § 6700 as alleged by the United States.

8

**Request for Admission No. 2:** Admit that You resolved the audit of Cane Creek Partners, LLC by allowing approximately 79 percent of the conservation easement deductions claimed by that partnership.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States further objects to this request as vague as to the terms "allowing" and "approximately." The United States objects to this Request as seeking information that is not relevant to claims and defenses in this case; a resolution of an audit is not determinative of whether Defendants engaged in conduct subject to 26 U.S.C. § 6700 as alleged by the United States.

**Request for Admission No. 3:** Admit that other than Cane Creek Partners, LLC and Cane Creek Holdings, LLC, You have never assessed a tax deficiency against any of the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your and Relevant Projects. The United States also objects to this request as vague and ambiguous; the use of "assessed a tax deficiency against any of the Relevant Projects" is unclear given that the entities identified as Relevant Projects are flow-through entities. The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 4:** Admit that You have never assessed any

9

penalties against any of the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendants'
definitions of You or Your and Relevant Projects. The United States also objects to
this request as vague and ambiguous; the use of "assessed penalties against any of the
Relevant Projects" is unclear given that the entities identified as Relevant Projects are
flow-through entities. The United States objects to this Request as seeking
information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 5:** Admit that in the context of an audit, You have
never asserted the applicability of any penalty as to the following entities: [2]

| Taxable Year | Entity Name | Tax ID No. |
|---|---|---|
| 2014 | Garden Lakes Estates Holdings, LLC | 47-2128338 |
| 2014 | Garden Lakes Estates, LLC | 30-0838404 |
| 2014 | Carolina Bays Resort Holdings, LLC | 32-0450194 |
| 2014 | Carolina Bays Resort, LLC | 37-1767512 |
| 2015 | Beech Springs Resort Holdings, LLC | 47-4803015 |
| 2015 | Beech Springs Resort, LLC | 35-2539806 |
| 2015 | Belle Harbour Resort Holdings, LLC | 35-2540989 |
| 2015 | Belle Harbour Resort, LLC | 47-4820163 |
| 2016 | Riverside Preserve Holdings, LLC | 81-4404088 |
| 2016 | Riverside Preserve, LLC | 32-0499055 |
| 2016 | White Sands Village Holdings, LLC | 32-0495598 |
| 2016 | White Sands Village, LLC | 36-4838062 |

---

[2] *See* Beech Springs Resort, LLC, Form 886-A, dated June 12, 2020; Belle Harbour Resort, LLC, Form
886-A, dated September 23, 2020; Carolina Bays Resort, LLC, Form 886-A, dated July 20, 2020;
Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019; North Bay Cove, LLC, Form 886-A,
dated July 10, 2020; Monterrey Cove, LLC, Form 886-A, dated February 9, 2021; Ocean Grove Resort,
LLC, Form 886-A, dated May 18, 2020; Sands Village, LLC, Form 886-A, dated May 18, 2020; Santo
Bay Resort, LLC, Form 886-A, dated February 9, 2021; White Riverside Preserve, LLC, Form 886-A,
dated November 20, 2020.

| 2016 | Ocean Grove Resort Holdings, LLC | 37-1826792 |
| 2016 | Ocean Grove Resort, LLC | 37-1827945 |
| 2017 | Santo Bay Resort Holdings, LLC | 32-0520819 |
| 2017 | Santo Bay Resort, LLC | 82-1508139 |
| 2017 | Monterrey Cove Holdings, LLC | 32-0520725 |
| 2017 | Monterrey Cove, LLC | 82-0663491 |

**OBJECTIONS**: The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this Request as vague as to Defendants' intended meaning of "asserted" (*e.g.*, whether that means: (1) a formal assessment by the IRS, (2) whether any employees of the IRS contend or assert that a penalty applies or should apply to the entities listed in this Request, irrespective of whether the IRS has assessed any such penalty; or (3) some other meaning) and "in the context of an audit" (*i.e.*, whether that means: (1) as a result of an IRS determination from a completed audit; (2) in deliberations among employees of the IRS before, during, or after an audit; or (3) some other meaning).

To the extent that this Request seeks an admission beyond final determinations by the IRS during any audit (*e.g.*, seeks the internal deliberations and opinions of employees of the IRS rather than final determinations), the United States objects to this Request as not relevant, disproportionate to the needs of this case and unduly burdensome (*i.e.*, in that it would require the United States to seek the opinions of its employees irrespective of whether those opinions resulted in any actions by the Government), and potentially protected from disclosure as attorney work product, as attorney-client communications, and/or the deliberative process privilege.

11

**Request for Admission No. 6:** Admit that each of the Relevant Projects provides for the protection of a relatively natural habitat of fish, wildlife, or plants, or similar ecosystem.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of Relevant Projects. The United States also objects to this Request as vague and overbroad because it does not include any timeframe or time limitations, and whether any Relevant Project provides for the protection of a relatively natural habitat of fish, wildlife, or plants, or similar ecosystem is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether any Relevant Project provides for the protection of a relatively natural habitat of fish, wildlife, or plants, or similar ecosystem at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation for at least 73 separate projects without any limitations for changes in time.

**Request for Admission No. 7:** Admit that each of the Relevant Projects provides for the protection of a significant relatively natural habitat of fish, wildlife, or plants, or similar ecosystem.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of Relevant Projects. The United States also objects to this Request as vague and overbroad because it does not include any timeframe or time limitations, and whether any Relevant Project provides for the protection of a significant relatively natural habitat of fish, wildlife, or plants, or similar ecosystem is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether any Relevant Project provides for the protection of a significant relatively natural habitat of fish, wildlife, or plants, or similar ecosystem at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation for over 73 separate projects without any limitations for changes in time.

**Request for Admission No. 8:** Admit that each of the Relevant Projects provides for the preservation of open space (including farmland and forest land).

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of Relevant Projects. The United States also objects to this Request as vague and overbroad because it does not include any timeframe or time limitations, and whether any Relevant Project provides for the preservation of open space (including farmland and forest land) is not necessarily constant over time. Finally, the

United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether any Relevant Project provides for the preservation of open space (including farmland and forest land); and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation for over 73 separate projects without any limitations for changes in time.

**Request for Admission No. 9:** Admit that the preservation of land with respect to each of the Relevant Projects is for the scenic enjoyment of the general public or pursuant to a Clearly Delineated Federal, State, or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of Relevant Projects. The United States also objects to this Request as vague and overbroad because it does not include any timeframe or time limitations, and whether any Relevant Project provides for the scenic enjoyment of the general public or pursuant to a Clearly Delineated Federal, States, or Local Governmental Conservation Policy. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether any Relevant Project provides for the scenic enjoyment of the general public

or pursuant to a Clearly Delineated Federal, States, or Local Governmental

Conservation Policy at any point in the past; and/or (2) now conduct what would be

an in-depth factual analysis and legal opinion for purposes of this litigation for over

73 separate projects without any limitations for changes in time.


  **Request for Admission No. 10:** Admit that the preservation of land with respect

to each of the Relevant Projects will yield a significant public benefit.

  **OBJECTIONS:** The United States incorporates its objections to Defendants'

definition of Relevant Projects. The United States also objects to this Request as

vague as to Defendants' intended meaning of "significant public benefit." Finally, the

United States objects to this Request as calling for speculation by requesting an

admission or denial about a "significant public benefit" at some point in the future.


  **Request for Admission No. 11:** Admit that the deeds establishing

conservation easements with respect to each of the Relevant Projects protect in

perpetuity any applicable "conservation purposes," as that term is defined by 26

U.S.C. § section 170(h)(4).

  **OBJECTIONS:** The United States incorporates it objections to Defendants'

definition of Relevant Projects. The United States also objects to this Request as

improperly seeks an admission or denial of a pure legal conclusion.

**Request for Admission No. 12:** Admit that as of the date of these requests, You have issued final Forms 5701 and 886-A in connection with the audits of Arcadian Quay, LLC; Azalea Bay Resort, LLC; Bellavista Grove, LLC; Camellia Station, LLC; Cane Creek Partners, LLC; Coastavista Palms, LLC; Diamond Grande Resort, LLC; Garden Lakes Estates, LLC; Hickory Preserve, LLC; Lakeshore Resort, LLC; Long Bay Marina, LLC; Magnolia Bay, LLC; Myrtle West Resort, LLC; North Bay Cove, LLC; Rocky Creek Plantation, LLC; Sanibel Resort, LLC; Seavista Resort, LLC; South Bay Cove, LLC; and Waterway Grove, LLC.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your and Relevant Projects. The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case; the IRS's issuance of a specific form has minimal, if any, bearing on what the Court must decide – whether Defendants engaged in conduct that should be enjoined under the Internal Revenue Code.

**Request for Admission No. 13:** Admit that as of the date of these Requests, You have not issued final Forms 5701 and 886-A in connection with any of the Relevant Projects, except for Arcadian Quay, LLC; Azalea Bay Resort, LLC; Bellavista Grove, LLC; Camellia Station, LLC; Cane Creek Partners, LLC; Coastavista Palms, LLC; Diamond Grande Resort, LLC; Garden Lakes Estates,LLC; Hickory Preserve, LLC; Lakeshore Resort, LLC; Long Bay Marina, LLC;Magnolia

16

Bay, LLC; Myrtle West Resort, LLC; North Bay Cove, LLC; Rocky Creek Plantation, LLC; Sanibel Resort, LLC; Seavista Resort, LLC; South Bay Cove, LLC; and Waterway Grove, LLC.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your and Relevant Projects. The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case; the IRS's issuance – or lack of issuance --- of a specific form has minimal, if any, bearing on what the Court must decide – whether Defendants engaged in conduct that should be enjoined under the Internal Revenue Code.

**Request for Admission No. 14:**  Admit that each investor in each of the Relevant Projects made his or her investment as part of a trade or business or as an activity engaged in for the production of income.

**RESPONSE:** Denied.

**Request for Admission No. 15:**  Admit that in Your audit of Rocky Creek Plantation, LLC, You conceded that "the land has been found to have a suitable habitat for the Heelsplitter."[3]

**OBJECTIONS:** The United States incorporates its objections to Defendants'

---

[3] *See* Rocky Creek Plantation, LLC, Form 886-A, dated October 21, 2019, at 10.

definitions of You or Your. The United States also objects to this request as vague as
to the term "conceded". The United States objects to this Request as seeking
information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 16:**  Admit that in Your audit of Rocky Creek
Plantation, LLC, You conceded that Mr. Clark's appraisal for the relevant project was
a "qualified appraisal." [4]

**OBJECTIONS:** The United States incorporates its objections to Defendants'
definitions of You or Your. The United States also objects to this request as vague as
to the term "conceded". The United States objects to this Request as seeking
information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 17:**  Admit that in Your audit of Rocky Creek
Plantation, LLC, You conceded that the conservation easement transaction was timely
disclosed on Form 8886.

**OBJECTIONS:** The United States incorporates its objections to Defendants'
definitions of You or Your. The United States also objects to this request as vague as
to the term "conceded" and the lack of identity as to who "disclosed" the transaction
on Form 8886. The United States objects to this Request as seeking information that is

---

[4] *See* Rock Creek Plantation, LLC, Form 886-A dated October 21, 2019, at 32.

not relevant to the claims and defenses in this case.

**Request for Admission No. 18:**  Admit that in Your audit of Hickory Preserve, LLC, You conceded that part of the property at issue is a suitable habitat for the Carolina Heelsplitter. [5]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your. The United States also objects to this request as vague as to the term "conceded". The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 19:**  Admit that in Your audit of Hickory Preserve, LLC, You conceded that the appraisal at issue was a "qualified appraisal." [6]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your. The United States also objects to this request as vague as to the term "conceded". The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 20:**  Admit that in Your audit of Long Bay Marina,

---

[5] *See* Hickory Preserve LLC, Form 886-A, darted April 21, 2020, at 35.
[6] See Hickory Preserve LLC, Form 5701, dated October 23, 2018, at 71; Hickory Preserve, LLC, Form 5701, dated December 4, 2018, at 71; Correspondence with Pamela V. Stafford, dated Juen 13, 2019.

LLC, You conceded that the property at issue was not "worthless." [7]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your. The United States also objects to this request as vague as to the terms "conceded," "property at issue, and "'worthless'". The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case.


**Request for Admission No. 21:**  Admit that in Your audit of Bellavista Grove, LLC, You conceded that the conservation purposes of the conservation easement at issue satisfy the requirements of 26 U.S.C. § 170(h) and the underlying Treasury Regulations. [8]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your. The United States also objects to this request as vague as to the term "conceded,". The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case.


**Request for Admission No. 22:**  Admit that in Your audit of Coastavista Palms, LLC, You conceded that the conservation purposes of the conservation easement at issue satisfy the requirements of 26 U.S.C. § 170(h) and the underlying

---

[7] *See* Long Bay Marina, LLC Response to Protest, dated December 13, 2018, at 1.
[8] *See* Bellavista Grove, LLC, Form 886-A, dated November 30, 2020.

Treasury Regulations. [9]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your. The United States also objects to this request as vague as to the terms "conceded,". The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case.


**Request for Admission No. 23:**  Admit that in Your audit of Garden Lakes Estates, LLC, You conceded that Mr. Clark's appraisal for the relevant project was a "qualified appraisal." [10]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your. The United States also objects to this request as vague as to the term "conceded,". The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case.


**Request for Admission No. 24:**  Admit that in Your audit of Garden Lakes Estates, LLC, You did not challenge that the conservation purposes of the conservation easement at issue satisfy the requirements of 26 U.S.C. § 170(h) and the underlying Treasury Regulations. [11]

**OBJECTIONS:** The United States incorporates its objections to Defendants'

---

[9] *See* Coastavista Palms, LLC, Form 886-A, dated November 30, 2020.
[10] *See* Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019, at 3.
[11] *See* Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019.

definitions of You or Your. The United States also objects to this request as vague as to the term "challenge". The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 25:**  Admit that in Your audit of Garden Lakes Estates, LLC, You did not challenge the fact that the conservation easement contribution protected a relatively natural habitat of plants and wildlife.[12]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your. The United States also objects to this request as vague as to the term "challenge". The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 26:**  Admit that in Your audit of Garden Lakes Estates, LLC, You did not challenge the fact that the conservation easement contribution preserved open space for the scenic enjoyment of the general publicand will yield a significant public benefit. [13]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your. The United States also objects to this request as vague as to the terms "challenge,". The United States objects to this Request as seeking

---

[12] *See* Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019.
[13]*See* Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019.

information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 27:**  Admit that in Your audit of Garden Lakes Estates, LLC, You did not challenge the fact that the conservation easement contribution preserved an open space pursuant to a clearly delineated governmental policy and will yield a significant public benefit. [14]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your. The United States also objects to this request as vague as to the terms "challenge,". The United States objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 28:**  Admit that in Your audit of Garden Lakes Estates, LLC, You stated that Mr. Clark "was (and remains) a "qualified appraiser." [15]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States objects to this Request as vague in that it is unclear from the Request whether it claims an individual employee or agent of the IRS "stated" the quoted language, or it contends that the IRS made a binding statement as part of the audit. The United States also objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

---

[14] *See* Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019.
[15] *See* Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019, at 3.

**Request for Admission No. 29:**  Admit that in Your audits of Arcadian Quay, LLC; Azalea Bay, LLC; Bellavista Resort, LLC; Coastavista Palms, LLC;Garden Lakes Estates, LLC; Hickory Preserve, LLC; Long Bay Marina, LLC; Magnolia Bay, LLC; Myrtle West Resort, LLC; Rocky Creek Plantation, LLC; Seavista Resort, LLC, and Waterway Grove, LLC, You did not challenge the fact that the documentation requirement under 26 C.F.R. § 1.170A-14(g)(5) had been satisfied.[16]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this request as vague as to the terms "challenge,".  The United States also objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 30:**  Admit that in Your audits of Arcadian Quay, LLC; Azalea Bay, LLC; Camellia Station, LLC; Garden Lakes Estates, LLC; Hickory Preserve, LLC; Lakeshore Resort, LLC; Long Bay Marina, LLC; Rocky Creek Plantation, LLC; and Waterway Grove, LLC, You did not challenge the fact that Mr.

---

[16] *See* Arcadian Quay, LLC, Form 886-A, dated November 16, 2020; Azalea Bay Resort, LLC, Form 886-A, dated December 18, 2020; Bellavista Grove, LLC, Form 886-A, dated November 30, 2020; Coastavista Palms, LLC, Form 886-A, dated November 30, 2020; Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019; Hickory Preserve, LLC, Form 886-A, dated April 21, 2020; Long Bay Marina, LLC, Form 886-A, dated October 15, 2018; Magnolia Bay, LLC, Form 886-A, dated December 18, 2020; Myrtle West Resort, LLC, Form 886-A, dated January 25, 2021; Rocky Creek Plantation, LLC, Form 886-A, dated October 21, 2019; Seavista Resort, LLC Form 886-A, dated August 27, 2020; Waterway Grove, LLC Form 886-A, dated August 27, 2020.

Clark was a "qualified appraiser." [17]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this request as vague as to the terms "challenge,". The United States also objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 31:** Admit that in Your audits of Bellavista Grove, LLC; Coastavista Palms, LLC; Diamond Grande Resort, LLC; Magnolia Bay, LLC; Myrtle West Resort, LLC; Sanibel Resort, LLC; Seavista Resort, LLC; South Bay Cove, LLC; and Waterway Grove, LLC, You did not challenge the fact that Mr. Clark was a "qualified appraiser." [18]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this request as vague as to the terms "challenge,". The United States also objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

---

[17] *See* Arcadian Quay, LLC, Form 886-A, dated November 16, 2020; Azalea Bay Resort, LLC, Form 886-A, dated December 18, 2020; Camellia Station, LLC, Form 886-A dated August 27, 2020; Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019; Hickory Preserve, LLC, Form 886-A, dated April 21, 2020; Lakeshore Resort, LLC, Form 886-A, dated December 21, 2020; Long Bay Marina, LLC, Form 886-A, dated October 15, 2018; Rocky Creek Plantation, LLC, Form 886-A, dated October 21, 2019; Waterway Grove, LLC, Form 886-A, dated August 27, 2020.
[18] *See* Bellavista Grove, LLC, Form 886-A, dated November 30, 2020; Coastavista Palms, LLC, Form 886-A, dated November 30, 2020; Diamond Grande Resort, LLC, Form 886-A, dated January 4, 2021; Magnolia Bay, LLC, Form 886-A, dated December 7, 2020; Myrtle West Resort, LLC, Form 886-A, dated January 25, 2021; Sanibel Resort, LLC, Form 886-A, dated January 4, 2021; Seavista Resort, LLC, Form 886-A, dated August 27, 2020; South Bay Cove, LLC, Form 886-A, dated February 22, 2021; Waterway Grove, LLC, Form 886-A, dated August 27, 2020.

**Request for Admission No. 32:**  Admit that in Your audits of Arcadian Quay, LLC; Bellavista Grove, LLC; Coastavista Palms, LLC; Diamond Grande Resort, LLC; Garden Lakes Estates, LLC; Hickory Preserve, LLC; Long Bay Marina, LLC; Magnolia Bay, LLC; Rocky Creek Plantation, LLC; and Waterway Grove, LLC, You did not challenge the fact that the projects' respective appraisals correctly determined the post-easement "highest and best use" of the encumbered property.[19]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this request as vague as to the terms "challenge,".  The United States also objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 33:**  Admit that in Your audits of Arcadian Quay, LLC; Azalea Bay Resort, LLC; Bellavista Grove, LLC; Camellia Station, LLC; Coastavista Palms, LLC; Diamond Grande Resort, LLC; Garden Lakes Estates, LLC; Hickory Preserve, LLC; Lakeshore Resort, LLC; Long Bay Marina, LLC; Magnolia Bay, LLC; Myrtle West Resort, LLC; Rocky Creek Plantation, LLC; Sanibel Resort,

---

[19] *See* Arcadian Quay, LLC, Form 886-A, dated November 16, 2020; Bellavista Grove, LLC, Form 886-A, dated November 30, 2020; Coastavista Palms, LLC, Form 886-A, dated November 30, 2020; Diamond Grande Resort, LLC, Form 886-A dated January 4, 2021; Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019; Hickory Preserve, LLC, Form 886-A, dated April 21, 2020; Long Bay Marina, LLC, Form 886-A, dated October 15, 2018; Magnolia Bay, LLC, Form 886-A, dated December 7, 2020; Rocky Creek Plantation, LLC, Form 886-A, dated October 21, 2019; Waterway Grove, LLC, Form 886-A dated August 27, 2020

26

LLC; Seavista Resort, LLC; South Bay Cove, LLC; and Waterway Grove, LLC; You did not challenge the fact that the North American Land Trust was a "qualified donee." [20]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this request as vague as to the terms "challenge,". The United States also objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 34:**  Admit that in Your audits of Bellavista Grove, LLC; Camellia Station, LLC; Coastavista Palms, LLC; Diamond GrandeResort, LLC; Garden Lakes Estates, LLC; Lakeshore Resort, LLC; Long Bay Marina, LLC; Magnolia Bay, LLC; Myrtle West Resort, LLC; Sanibel Resort, LLC; Seavista Resort, LLC; South Bay Cove, LLC; and Waterway Grove, LLC, You did not challenge the fact that Form 8283 was timely filed.[21]

---

[20] *See* Arcadian Quay, LLC, Form 886-A, dated November 16, 2020; Azalea Bay Resort, LLC, Form 886-A, dated December 18, 2020; Bellavista Grove, LLC, Form 886-A, dated November 30, 2020; Camellia Station, LLC, Form 886-A, dated August 27, 2020; Coastavista Palms, LLC, Form 886-A, dated November 30, 2020; Diamond Grande Resort, LLC, Form 886-A dated January 4, 2021; Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019; Hickory Preserve, LLC, Form 886-A, dated April 21, 2020; Lakeshore Resort, LLC, Form 886-A, dated December 21, 2020; Long Bay Marina, LLC, Form 886-A, dated October 15, 2018; Magnolia Bay, LLC, Form 886-A dated December 7, 2020; Myrtle West Resort, LLC, Form 886-A, dated January 25, 2021; Rocky Creek Plantation, LLC, Form 886-A, dated October 21, 2019; Sanibel Resort, LLC, Form 886-A, dated January 4, 2021; Seavista Resort, LLC, Form 886-A dated August 27, 2020; South Bay Cove, LLC, Form 886-A, dated February 22, 2021; Waterway Grove, LLC, Form 886-A dated August 27, 2020.
[21] *See* Bellavista Grove, LLC, Form 886-A, dated November 30, 2020; Coastavista Palms, LLC, Form 886-A, dated November 30, 2020; Camellia Station, LLC, Form 886-A, dated August 27, 2020; Diamond Grande Resort, LLC, Form 886-A dated January 4, 2021; Garden Lakes Estates, LLC, Form 886-A, dated April 1, 2019; Lakeshore Resort, LLC, Form 886-A, dated December 21, 2020; Long Bay

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this request as vague as to the terms "challenge,".  The United States also objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 35:**  Admit that in Your audits of Hickory Preserve, LLC, and Rocky Creek Plantation, LLC, You conceded that Form 8283 was timely submitted and substantiated. [22]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this request as vague as to the terms "conceded".  The United States also objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 36:**  Admit that as of the date of these Requests, You have issued draft Forms 5701 and 886-A in connection with the audits of Beech Springs Resort, LLC; Belle Harbour Resort, LLC; Carolina Bays Resort,LLC; Cayo Dorado, LLC; Cypress Cove Marina, LLC; North Bay Cove, LLC; Ocean Grove

---

Marina, LLC, Form 886-A, dated October 15, 2018; Magnolia Bay, LLC, Form 886-A dated December 7, 2020; Myrtle West Resort, LLC, Form 886-A dated January 25, 2021; Sanibel Resort, LLC, Form 886-A, dated January 4, 2021; Seavista Resort, LLC, Form 886-A dated August 27, 2020; South Bay Cove, LLC, Form 886-A, dated February 22, 2021; and Waterway Grove, LLC, Form 886-A dated August 27, 2020.

[22] *See* Hickory Preserve, LLC, Form 886-A, dated January 15, 2018 at 51; Correspondence with Pamela V. Stafford, dated June 7, 2019; Rocky Creek Plantation LLC, Form 886-A, dated October 21, 2019, at 29.

Resort, LLC; and White Sands Village, LLC.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this Request as seeking information that is not relevant to any claim or defense; the IRS's issuance –--- of a specific form or draft forms has minimal, if any, bearing on what the Court must decide – whether Defendants engaged in conduct that should be enjoined under the Internal Revenue Code

**Request for Admission No. 37:** Admit that in Your audits of Beech Springs Resort, LLC; Belle Harbour Resort, LLC; Carolina Bays Resort, LLC; Cayo Dorado, LLC; Cypress Cove Marina, LLC; North Bay Cove, LLC; Ocean Grove Resort, LLC; and White Sands Village, LLC, You did not challenge the fact that Mr. Clark was a "qualified appraiser." [23]

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this request as vague as to the terms "challenge,".  The United States also objects to this Request as seeking information that is not relevant to any claim or defense.

---

[23] *See* Beech Springs Resort, LLC, Form 886-A, dated June 12, 2020; Belle Harbour Resort, LLC, Form 886-A, dated September 23, 2020; Carolina Bays Resort, Form 886-A, dated July 20, 2020; Cayo Dorado, LLC, Form 886-A, dated February 9, 2021; Cypress Cove Marina, LLC, Form 886-A, dated December 7, 2020; North Bay Cove, LLC, Form 886-A, dated July 10, 2020; Ocean Grove Resort, LLC, Form 886-A, dated May 18, 2020; White Sands Village, LLC, Form 886-A, dated May 18, 2020.

**Request for Admission No. 38:**  Admit that the South Carolina Forest Legacy Program is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad because it is unclear whether it includes any time limitations, and whether the South Carolina Forest Legacy Program is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether the South Carolina Forest Legacy Program is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation. The United States further objects to this request as seeking a pure legal conclusion and not an application of facts to the law in this case.

**Request for Admission No. 39:**  Admit that the Horry County Comprehensive Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad because it is unclear whether it includes any time limitations, and whether

the Horry County Comprehensive Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether the Horry County Comprehensive Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation. The United States further objects to this request as seeking a pure legal conclusion and not an application of facts to the law in this case.

**Request for Admission No. 40:** Admit that the South Carolina Conservation Bank Act is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad because it is unclear whether it includes any time limitations, and whether the South Carolina Conservation Bank Act is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether the South

31

Case 1:18-cv-05774-AT   Document 281-4   Filed 04/28/21   Page 33 of 85

Carolina Conservation Bank Act is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation. The United States further objects to this request as seeking a pure legal conclusion and not an application of facts to the law in this case.

**Request for Admission No. 41:** Admit that the Texas Conservation Action Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad because it is unclear whether it includes any time limitations, and whether the Texas Conservation Action Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether the Texas Conservation Action Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation. The United States further objects to this request as seeking a pure legal conclusion and not an application of facts to the law in this case.

32

**Request for Admission No. 42:**  Admit that the Texas Parks and Wildlife Code is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad because it is unclear whether it includes any time limitations, and whether the Texas Parks and Wildlife Code is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether the Texas Parks and Wildlife Code is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation. The United States further objects to this request as seeking a pure legal conclusion and not an application of facts to the law in this case.

**Request for Admission No. 43:**  Admit that the North American Waterfowl Management Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad because it is unclear whether it includes any time limitations, and whether

the North American Waterfowl Management Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether the North American Waterfowl Management Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation. The United States further objects to this request as seeking a pure legal conclusion and not an application of facts to the law in this case.

**Request for Admission No. 44:**  Admit that the Texas Coastal and Estuarine Land Conservation Program Plan is a Clearly Delineated Federal, State,or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad because it is unclear whether it includes any time limitations, and whether the Texas Coastal and Estuarine Land Conservation Program Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a

34

determination whether the Texas Coastal and Estuarine Land Conservation Program Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation. The United States further objects to this request as seeking a pure legal conclusion and not an application of facts to the law in this case.

**Request for Admission No. 45:**  Admit that the Coastal Bend Focal Area for Restoration is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad because it is unclear whether it includes any time limitations, and whether the Coastal Bend Focal Area for Restoration is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether the Coastal Bend Focal Area for Restoration is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation. The United States further objects to this request as seeking a pure legal

conclusion and not an application of facts to the law in this case.

**Request for Admission No. 46:**  Admit that the Texas Forest Action Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad because it is unclear whether it includes any time limitations, and whether the Texas Forest Action Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether the Texas Forest Action Plan is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation. The United States further objects to this request as seeking a pure legal conclusion and not an application of facts to the law in this case.

**Request for Admission No. 47:**  Admit that the Habitat Conservation and Coastal Public Access Plan for the San Antonio Bay System is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy.

**OBJECTIONS:** The United States objects to this Request as vague and

overbroad because it is unclear whether it includes any time limitations, and whether the Habitat Conservation and Coastal Public Access Plan for the San Antonio Bay System is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy is not necessarily constant over time. Finally, the United States objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because: (1) it appears to call for the United States to investigate whether it made a determination whether the Habitat Conservation and Coastal Public Access Plan for the San Antonio Bay System is a Clearly Delineated Federal, State, or Local Governmental Conservation Policy at any point in the past; and/or (2) now conduct what would be an in-depth factual analysis and legal opinion for purposes of this litigation. The United States further objects to this request as seeking a pure legal conclusion and not an application of facts to the law in this case.

**Request for Admission No. 48:**  Admit that Form 5701 provides a summary of a proposed adjustment.

**RESPONSE:** Denied.

**Request for Admission No. 49:**  Admit that Form 886-A provides a detailed explanation of a proposed adjustment.

**RESPONSE:** Denied.

**Request for Admission No. 50:**  Admit that IRS Notice 2017-10, 2017-4 IRB 544, either on its own or as amended by Notice 2017-29, 2017-20 IRB 1243,and Notice 2017-58, 2017-42 IRB 326, does not impose any requirements or prohibit any conduct giving rise to Your claims in This Case.

**RESPONSE:** Denied.


**Request for Admission No. 51:**  Admit that in This Case you are not relying on, as controlling or persuasive authority, IRS Notice 2017-10, 2017-4 IRB544, either on its own or as amended by Notice 2017-29, 2017-20 IRB 1243, and Notice 2017-58, 2017-42 IRB 326.

**RESPONSE:** Denied.


**Request for Admission No. 52:**  Admit that, if a petition were filed in the U.S. Tax Court contesting an Internal Revenue Service determination with respect to any Relevant Project, the Court of Appeals for the Eleventh Circuit would have jurisdiction over an appeal from the U.S. Tax Court, except as agreed by the parties in writing.

**OBJECTIONS**: The United States objects to this Request because it improperly calls for the Government to speculate and because it improperly seeks an admission or denial of a pure legal conclusion. The United States also objects to this Request as not relevant to any claim or defense because speculation over jurisdiction

38

involving petitions filed in another court has no bearing on resolution of this litigation.

**Request for Admission No. 53:**  Admit that You are withholding documents related to the partnerships listed in Exhibit A under 26 U.S.C. § 6103 on the basis that the withheld documents relate to ongoing examinations of the partnerships.

**OBJECTIONS:** The United States objects to this Request as improperly duplicative of discovery already produced to Defendants in this litigation (*i.e.*, the United States' privilege log). The United States also objects to this Request as it is improper under Rule 36.

**Request for Admission No. 54:**  Admit that You are withholding documents related to the partnerships listed in Exhibit B under 26 U.S.C. § 6103.

**OBJECTIONS:** The United States objects to this Request as improperly duplicative of discovery already produced to Defendants in this litigation (*i.e.*, the United States' privilege log). The United States also objects to this Request as it is improper under Rule 36.

**Request for Admission No. 55:**  Admit that during depositions taken in this matter you have instructed IRS witnesses to refrain from providing testimony concerning facts and concerning conclusions reached by the Internal Revenue Service

related to the partnerships in Exhibit A.

**OBJECTIONS:** The United States objects to this Request as improperly duplicative of discovery already produced to Defendants/in Defendants' possession in this litigation (*i.e.*, deposition transcripts). The United States also objects to this Request as it is improper under Rule 36.

**Request for Admission No. 56:**  Admit that during depositions taken in this matter you have instructed IRS witnesses to refrain from providing testimony concerning facts and concerning conclusions reached by the Internal RevenueService related to the partnerships in Exhibit B.

**OBJECTIONS:** The United States objects to this Request as improperly duplicative of discovery already produced to Defendants/in Defendants' possession in this litigation (*i.e.*, deposition transcripts). The United States also objects to this Request as it is improper under Rule 36.

**Request for Admission No. 57:**  Admit that each of the partnerships listed in Exhibit A and in Exhibit B reported a charitable conservation easement deduction on one of its Federal Income Tax Returns.

**RESPONSE:** Admitted.

**Request for Admission No. 58:** Admit that the IRS has Examined or is

40

currently Examining the Federal Income Tax Returns filed by the partnerships listed in Exhibit A on which a charitable conservation easement deduction was reported.

**RESPONSE:** Denied.

**Request for Admission No. 59:**  Admit that each charitable conservation easement deduction reported on the Federal Income Tax Returns filed by the partnerships listed in Exhibit A and in Exhibit B relate to an EcoVest Conservation Easement Project.

**OBJECTIONS:** The United States objects to this Request as vague in its use of the term "relate to an EcoVest Conservation Easement Project" because it fails to identify with sufficient particularity which charitable contribution easement deductions reported on the Federal Income Tax Returns filed by the partnerships listed in Exhibit A and in Exhibit B are encompassed by the Request. The United States also objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of this case because: (1) it includes no time limitations (as per footnote 1), including any limitation that the Request applies to tax returns for years at-issue in this litigation; and (2) would require the United States to investigate charitable contribution claims for over 130 entities based on tax returns that, on their face, typically do not identify whether the charitable contribution claimed was for a charitable conservation easement let alone an EcoVest Conservation Easement Project. Finally, the United States objects to this Request as seeking information that

is not relevant to any claim or defense in this action because whether any of the partnerships listed in Exhibit A and in Exhibit B claimed charitable contribution deductions based upon conservation easements other than those arising from Defendants' conduct alleged in the Complaint has no bearing in this litigation.

**Request for Admission No. 60:**  Admit that, with respect to the audits of partnerships listed in Exhibit A that are governed by the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), the period for assessing tax provided by 26 U.S.C. § 6229 (repealed by Public Law 114-74) has not expired.

**RESPONSE:** Denied.

**Request for Admission No. 61:**  Admit that, with respect to the audits of partnerships listed in Exhibit A that are governed by the Bipartisan Budget Act of 2015 ("BBA"), the period for making an adjustment provided by 26 U.S.C. § 6253 has not expired.

**RESPONSE:** Denied.

**Request for Admission No. 62:**  Admit that, with respect to the audits of partnerships listed in Exhibit A that are governed by TEFRA, the Internal Revenue Service is not precluded from adjusting the partnership's Partnership Items.

**OBJECTIONS:** The United States objects to Request as speculative because,

currently, the IRS is not able to determine if a fact that has yet to occur will preclude it from adjusting the returns for the partnerships listed in Exhibit A.

**<u>Request for Admission No. 63:</u>**  Admit that, with respect to the audits of partnerships listed in Exhibit A that are governed by TEFRA, the Internal Revenue Service is not precluded from adjusting the Direct and Indirect Partners' Affected Items related to the partnership's Partnership Items.

**OBJECTIONS:** The United States objects to Request as speculative because, currently, the IRS is not able to determine if a fact that has yet to occur will preclude it from adjusting the returns for the partnerships listed in Exhibit A.

**<u>Request for Admission No. 64:</u>**  Admit that, with respect to the audits of partnerships listed in Exhibit A that are governed by the BBA, the IRS is not precluded from adjusting the partnership's return and assessing any Imputed Underpayment.

**OBJECTIONS:** The United States objects to Request as speculative because, currently, the IRS is not able to determine if a fact that has yet to occur will preclude it from adjusting the returns for the partnerships listed in Exhibit A.

**<u>Request for Admission No. 65:</u>**  Admit that, with respect to the partnerships listed in Exhibit A, the IRS is not precluded from assessing and Collecting tax, penalties,

and interest, should they be owed, with respect to the conservation easement deductions reported on the Federal Income Tax Returns.

**RESPONSE:** Denied.

**Request for Admission No. 66:**  Admit that, with respect to the partnerships listed in Exhibit B, the Internal Revenue Service is not precluded from assessing and Collecting tax, penalties, and interest, should they be owed, with respect to the conservation easement deductions reported on the Federal Income Tax Returns.

**OBJECTIONS:** Denied.

**Request for Admission No. 67:**  Admit that the Internal Revenue Service has not assessed any taxes, penalties, or interest related to the Federal Income Tax Returns of the partnerships listed in Exhibit A on which a charitable conservation easement deduction was reported.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity and includes no limitations as to which taxes, penalties, or interest are encompassed by the Request. The United States also objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of this case because: (1) it includes no time limitations (as per footnote 1), including any limitation that the Request applies to taxes, penalties, or interest for years at-issue in

44

this litigation; and (2) would require the United States to investigate tax returns for

over 80 entities plus all partners of those entities to determine whether there has been

any assessment of taxes, penalties, or interest that was somehow "related to" the

partnerships listed in Exhibit A regardless of whether it results from the charitable

contribution deduction or some other item.

**Request for Admission No. 68:**  Admit that the Internal Revenue Service has

not assessed any taxes, penalties, or interest related to the Federal Income Tax Returns

of the partnerships listed in Exhibit B on which a charitable conservation easement

deduction was reported.

**OBJECTIONS:** The United States objects to this Request as vague and

overbroad as to Defendants' intended meaning of "related to" because it fails to

identify with sufficient particularity and includes no limitations as to which taxes,

penalties, or interest are encompassed by the Request. The United States objects to

this Request as unduly burdensome, overbroad, and disproportionate to the needs of

this case because: (1) it includes no time limitations (as per footnote 1), including any

limitation that the Request applies to taxes, penalties, or interest for years at-issue in

this litigation; and (2) would require the United States to investigate tax returns for

over 30 entities plus all partners of those entities to determine whether there has been

any assessment of taxes, penalties, or interest that was somehow "related to" the

partnerships listed in Exhibit B regardless of whether it results from the charitable

contribution deduction or some other item.

**Request for Admission No. 69:**  Admit that the Internal Revenue Service has never asserted a penalty pursuant to 26 U.S.C. § 6663 against the partnerships in Exhibit A.

**OBJECTIONS:** The United States objects to this Request as duplicative of Request for Admission No. 67. The United States also objects to this Request as vague as to Defendants' intended meaning of "asserted" (*e.g.*, whether that means: (1) a formal assessment by the IRS, (2) whether any employees of the IRS contend or assert that a penalty applies or should apply to the entities listed in this Request, irrespective of whether the IRS has assessed any such penalty; or (3) some other meaning). The United States also objects to this request as seeking information that is not relevant to any claim or defense. The United States also objects to this request as it is unbounded in time and therefore would require the United States to undertake an investigation of over 80 entities and determine whether the IRS has ever "asserted" a penalty against those entities under 26 U.S.C. § 6663.

**Request for Admission No. 70:**  Admit that the Internal Revenue Service has never asserted a penalty pursuant to 26 U.S.C. § 6663 against the partnerships in Exhibit B.

**OBJECTIONS:** The United States objects to this Request as duplicative or

Request for Admission No. 68. The United States also objects to this Request as vague as to Defendants' intended meaning of "asserted" (*e.g.*, whether that means: (1) a formal assessment by the IRS, (2) whether any employees of the IRS contend or assert that a penalty applies or should apply to the entities listed in this Request, irrespective of whether the IRS has assessed any such penalty; or (3) some other meaning). The United States also objects to this request as seeking information that is not relevant to any claim or defense. The United States also objects to this request as it is unbounded in time and therefore would require the United States to undertake an investigation of over 30 entities and determine whether the IRS has ever "asserted" a penalty against those entities under 26 U.S.C. § 6663. .

**Request for Admission No. 71:**  Admit that the Internal Revenue Service has not attempted to Collect any taxes, penalties, or interest related to the Federal Income Tax Returns of the partnerships listed in Exhibit A on which a charitable conservation easement deduction was reported.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity and includes no limitations as to which taxes, penalties, or interest are encompassed by the Request. The United States objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of this case because: (1) it includes no time limitations (as per footnote 1), including any

limitation that the Request applies to taxes, penalties, or interest for years at-issue in this litigation; and (2) would require the United States to investigate tax returns for over 30 entities plus all partners of those entities to determine whether there has been any assessment of taxes, penalties, or interest that was somehow "related to" the partnerships listed in Exhibit B regardless of whether it results from the charitable contribution deduction or some other item. In addition, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 72:**  Admit that the Internal Revenue Service has not attempted to Collect any taxes, penalties, or interest related to the Federal Income Tax Returns of the partnerships listed in Exhibit B on which a charitable conservation easement deduction was reported.

**OBJECTIONS:** The United States objects to this Request as vague and overbroad as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity and includes no limitations as to which taxes, penalties, or interest are encompassed by the Request. The United States objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of this case because: (1) it includes no time limitations (as per footnote 1), including any limitation that the Request applies to taxes, penalties, or interest for years at-issue in this litigation; and (2) would require the United States to investigate tax returns for over 30 entities plus all partners of those entities to determine whether there has been

any assessment of taxes, penalties, or interest that was somehow "related to" the partnerships listed in Exhibit B regardless of whether it results from the charitable contribution deduction or some other item. In addition, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 73:**  Admit that You have not conducted an IRC Section 6700 Investigation of EcoVest related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's definitions of You or Your, Relevant Projects and an IRC Section 6700 Investigation. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s)' relationship to EcoVest and the Relevant Projects. In addition, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 74:**  Admit that, before You filed the complaint in This Case on December 18, 2018, You had not conducted an IRC Section 6700 Investigation of EcoVest related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's definitions of You or Your, Relevant Projects and an IRC Section 6700 Investigation.

49

The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s) relationship to EcoVest and the Relevant Projects. The United States also objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 75:**  Admit that none of Your employees or agents have submitted a Form 14242, Report Suspected Abusive Tax Promotionsor Preparers, that identifies EcoVest as a promoter of an abusive tax avoidance transaction.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this Request as seeking information that is not relevant to any claim or defense. Whether any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your) submitted a Form 14242 that identifies EcoVest as a promoter of an abusive tax avoidance transaction as of the date of these responses to Defendants' Requests for Admission has no bearing in this litigation.

**Request for Admission No. 76:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not notified EcoVest about an IRC Section 6700 Investigation that You conducted or planned to conduct related to the Relevant

Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's definitions of You or Your, Relevant Projects and an IRC Section 6700 Investigation. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s) relationship to EcoVest and the Relevant Projects. The United States also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case in that would require the United States to determine if any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your), including countless IRS employees, ever notified EcoVest formally or informally about any existing or planned investigation pursuant to 26 U.S.C. § 6700. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 77:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not assessed a penalty under IRC Section 6700 against EcoVest related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's definitions of You or Your, and Relevant Projects. The United States also objects to this Request as vague as to Defendants' intended meaning of "related to" because it

fails to identify with sufficient particularity which penalties pursuant to 26 U.S.C. § 6700, if any, and their relationship to EcoVest and the Relevant Projects are potentially encompassed by the Request. The United States also objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 78:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence to EcoVest notifying EcoVest that the Relevant Projects were abusive tax avoidance transactions.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your and Relevant Projects. The United States also objects to this Request as seeking information that is not relevant to any claim or defense. Whether any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your) directed correspondence to EcoVest prior to the filing of the Complaint in this action notifying EcoVest that the Relevant Projects were abusive tax avoidance transactions has no bearing in this litigation.

**Request for Admission No. 79:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence toEcoVest notifying EcoVest that its activities may be subject to penalty under 26 U.S.C. § 6700.

**OBJECTIONS:** The United States incorporates its objections to Defendants'

definition of You or Your. The United States also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case in that would require the United States to determine if any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your), including countless IRS employees, ever directed any correspondence to EcoVest notifying it that *any* of its activities may be subject to penalty under 26 U.S.C. § 6700, irrespective of whether those activities have any connection to this lawsuit. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 80:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence to EcoVest demanding or requesting that EcoVest cease any of its activities, operations, or business functions.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case in that would require the United States to determine if any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your), including countless IRS employees, ever directed any correspondence to EcoVest demanding or requesting that EcoVest cease *any* of his activities, operations, or business functions,

53

irrespective of whether the activities, operations, or business functions have any connection to this lawsuit. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 81:**  Admit that You have not conducted an IRC Section 6700 Investigation of Robert McCullough related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your, Relevant Projects, and IRC Section 6700 Investigation. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s) relationship to Robert McCullough and the Relevant Projects. In addition, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 82:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not conducted an IRC Section 6700 Investigation of Robert McCullough related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your, Relevant Projects, and IRC Section 6700 Investigation. The United States objects to this Request as vague as to Defendants' intended

meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s) relationship to Robert McCullough and the Relevant Projects. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 83:** Admit that none of Your employees or agents have submitted a Form 14242, Report Suspected Abusive Tax Promotionsor Preparers, that identifies Robert McCullough as a promoter of an abusive tax avoidance transaction.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this Request as seeking information that is not relevant to any claim or defense. Whether any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your) submitted a Form 14242 that identifies Robert McCullough as a promoter of an abusive tax avoidance transaction as of the date of these responses to Defendants' Requests for Admission has no bearing in this litigation.

**Request for Admission No. 84:** Admit that before You filed the complaint in This Case on December 18, 2018, You had not notified Robert McCullough about an 26 U.S.C. § 6700 Investigation that You conducted or planned to conduct related to

the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your, Relevant Projects, and 26 U.S.C. § 6700 Investigation. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s) relationship to Robert McCullough and the Relevant Projects. The United States also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case in that would require the United States to determine if any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your), including countless IRS employees, ever notified Robert McCullough formally or informally about any existing or planned investigation pursuant to 26 U.S.C. § 6700. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 85:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not assessed a penalty under 26 U.S.C. § 6700 against Robert McCullough related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's definitions of You or Your, and Relevant Projects. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails

to identify with sufficient particularity which penalties pursuant to 26 U.S.C. § 6700, if any, and their relationship to Robert McCullough and the Relevant Projects are potentially encompassed by the Request. The United States also objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 86:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence to Robert McCullough notifying Robert McCullough that the Relevant Projects were Abusive Tax Avoidance Transactions.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your and Relevant Projects. The United States also objects to this Request as seeking information that is not relevant to any claim or defense. Whether any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your) directed correspondence to Robert McCullough prior to the filing of the Complaint in this action notifying Robert McCullough that the Relevant Projects were abusive tax avoidance transactions has no bearing in this litigation.

**Request for Admission No. 87:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence to Robert McCullough notifying Robert McCullough that his activities may be subject to

penalty under 26 U.S.C. § 6700.

**OBJECTIONS:** The United States incorporates its objections to Defendants'

definition of You or Your. The United States also objects to this Request as

overbroad, unduly burdensome, and disproportionate to the needs of this case in that

would require the United States to determine if any employee or agent (as limited by

the United States' objections to Defendants' definition of You or Your), including

countless IRS employees, ever directed any correspondence to Robert McCullough

notifying him that *any* of his activities may be subject to penalty under 26 U.S.C.

§ 6700, irrespective of whether those activities have any connection to this lawsuit.

Finally, the United States objects to this Request as seeking information that is not

relevant to any claim or defense.


**Request for Admission No. 88:**  Admit that before You filed the complaint in

This Case on December 18, 2018, You had not directed any correspondence to Robert

McCullough demanding or requesting that Robert McCullough cease anyof his

activities, operations, or businesses.

**OBJECTIONS:** The United States incorporates its objections to Defendants'

definition of You or Your. The United States also objects to this Request as

overbroad, unduly burdensome, and disproportionate to the needs of this case in that

would require the United States to determine if any employee or agent (as limited by

the United States' objections to Defendants' definition of You or Your), including

countless IRS employees, ever directed any correspondence to Robert McCullough

demanding or requesting that Robert McCullough cease *any* of his activities,

operations, or business functions, irrespective of whether those activities, operations,

or business functions have any connection to this lawsuit. Finally, the United States

objects to this Request as seeking information that is not relevant to any claim or

defense.

**Request for Admission No. 89:**  Admit that You have not conducted an IRC

Section 6700 Investigation of Alan Solon related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's

definitions of You or Your, Relevant Projects and an IRC Section 6700 Investigation.

The United States objects to this Request as vague as to Defendants' intended

meaning of "related to" because it fails to identify with sufficient particularity what

investigation(s) are encompassed by the Request and the nature of any investigation(s)

relationship to Alan Solon and the Relevant Projects. In addition, the United States

objects to this Request as seeking information that is not relevant to any claim or

defense.

**Request for Admission No. 90:**  Admit that before You filed the complaint in

This Case on December 18, 2018, You had not conducted an IRC Section 6700

Investigation of Alan Solon related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's definitions of You or Your, Relevant Projects and an IRC Section 6700 Investigation. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s) relationship to Alan Solon and the Relevant Projects. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 91:**  Admit that none of Your employees or agents have submitted a Form 14242, Report Suspected Abusive Tax Promotionsor Preparers, that identifies Alan Solon as a promoter of an abusive tax avoidance transaction.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this Request as seeking information that is not relevant to any claim or defense. Whether any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your) submitted a Form 14242 that identifies Alan Salon as a promoter of an abusive tax avoidance transaction as of the date of these responses to Defendants' Requests for Admission has no bearing in this litigation.

**Request for Admission No. 92:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not notified Alan Solon about an 26 U.S.C. § 6700 Investigation that You conducted or planned to conduct related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your, Relevant Projects, and an 26 U.S.C. § 6700 Investigation. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s) relationship to Alan Solon and the Relevant Projects. The United States also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case in that would require the United States to determine if any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your), including countless IRS employees, ever notified Alan Solon formally or informally about any existing or planned investigation pursuant to 26 U.S.C. § 6700. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 93:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not assessed a penalty under 26 U.S.C. § 6700 against Alan Solon related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's definitions of You or Your, and Relevant Projects. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity which penalties pursuant to 26 U.S.C. § 6700, if any, and their relationship to Alan Solon and the Relevant Projects are potentially encompassed by the Request. The United States also objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 94:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence to Alan Solon notifying EcoVest that the Relevant Projects were abusive tax avoidance transactions.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your and Relevant Projects. The United States objects to this Request as unintelligible given that it appears to seek an admission or denial whether any correspondence to Alan Solon notified EcoVest that the Relevant Projects were abusive tax avoidance transactions. The United States also objects to this Request as seeking information that is not relevant to any claim or defense. Whether any correspondence to Defendant Alan Solon notified Defendant EcoVest that the Relevant Projects were abusive tax avoidance transactions has no bearing in this litigation.

**Request for Admission No. 95:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence to Alan Solon notifying Alan Solon that his activities may be subject to penalty under 26 U.S.C. § 6700.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case in that would require the United States to determine if any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your), including countless IRS employees, ever directed any correspondence to Alan Solon notifying him that his activities may be subject to penalty under 26 U.S.C. § 6700, irrespective of whether those activities have any connection to this lawsuit. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 96:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence to Alan Solon demanding or requesting that Alan Solon cease any of his activities, operations, or business.

**OBJECTIONS:** The United States incorporates its objections to Defendants'

definition of You or Your. The United States also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case in that would require the United States to determine if any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your), including countless IRS employees, ever directed any correspondence to Alan Solon demanding or requesting that Alan Solon cease any of his activities, operations, or business functions, irrespective of whether the activities, operations, or business functions have any connection to this lawsuit. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 97:**  Admit that You have not conducted an IRC Section 6700 Investigation of Ralph Teal related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's definitions of You or Your, Relevant Projects and an IRC Section 6700 Investigation. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s) relationship to Ralph Teal and the Relevant Projects. In addition, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 98:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not conducted an IRC Section 6700 Investigation of Ralph Teal related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's definitions of You or Your, Relevant Projects and an IRC Section 6700 Investigation. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s) relationship to Ralph Teal and the Relevant Projects. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 99:**  Admit that none of Your employees or agents have submitted a Form 14242, Report Suspected Abusive Tax Promotionsor Preparers, that identifies Ralph Teal as a promoter of an abusive tax avoidance transaction.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this Request as seeking information that is not relevant to any claim or defense. Whether any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your) submitted a Form 14242 that identifies Ralph Teal as a promoter of an abusive tax avoidance transaction as of the date of these responses to Defendants' Requests

65

for Admission has no bearing in this litigation.

**Request for Admission No. 100:** Admit that before You filed the complaint in This Case on December 18, 2018, You had not notified Ralph Teal about an IRC Section 6700 Investigation that You conducted or planned to conduct related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definitions of You or Your, Relevant Projects, and an IRC Section 6700 Investigation. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity what investigation(s) are encompassed by the Request and the nature of any investigation(s) relationship to Ralph Teal and the Relevant Projects. The United States also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case in that would require the United States to determine if any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your), including countless IRS employees, ever notified Ralph Teal formally or informally about any existing or planned investigation pursuant to 26 U.S.C. § 6700. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 101:** Admit that before You filed the complaint in

This Case on December 18, 2018, You had not assessed a penalty under 26 U.S.C. § 6700 against Ralph Teal related to the Relevant Projects.

**OBJECTIONS:** The United States incorporates its objections to Defendant's definitions of You or Your, and Relevant Projects. The United States objects to this Request as vague as to Defendants' intended meaning of "related to" because it fails to identify with sufficient particularity which penalties pursuant to 26 U.S.C. § 6700, if any, and their relationship to Ralph Teal and the Relevant Projects are potentially encompassed by the Request. The United States also objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 102:**  Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence to Ralph Teal notifying Ralph Teal that the Relevant Projects were abusive tax avoidance transactions.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this Request as seeking information that is not relevant to any claim or defense. Whether any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your) directed correspondence to Ralph Teal prior to the filing of the Complaint in this action notifying Ralph Teal that the Relevant Projects were abusive tax avoidance transactions has no bearing in this litigation.

67

**Request for Admission No. 103:** Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence to Ralph Teal notifying Ralph Teal that his activities may be subject to penalty under 26 U.S.C. § 6700.

**OBJECTIONS:** The United States incorporates its objections to Defendants' definition of You or Your. The United States also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case in that would require the United States to determine if any employee or agent (as limited by the United States' objections to Defendants' definition of You or Your), including countless IRS employees, ever directed any correspondence to Ralph Teal notifying him that *any* of his activities may be subject to penalty under 26 U.S.C. § 6700, irrespective of whether those activities have any connection to this lawsuit. Finally, the United States objects to this Request as seeking information that is not relevant to any claim or defense.

**Request for Admission No. 104:** Admit that before You filed the complaint in This Case on December 18, 2018, You had not directed any correspondence to Ralph Teal demanding or requesting that Ralph Teal cease any of his activities, operations, or businesses.

**OBJECTIONS:** The United States incorporates its objections to Defendants'

definition of You or Your. The United States also objects to this Request as

overbroad, unduly burdensome, and disproportionate to the needs of this case in that

would require the United States to determine if any employee or agent (as limited by

the United States' objections to Defendants' definition of You or Your), including

countless IRS employees, ever directed any correspondence to Ralph Teal demanding

or requesting that Ralph Teal cease any of his activities, operations, or business

functions, irrespective of whether the activities, operations, or business functions have

any connection to this lawsuit. Finally, the United States objects to this Request as

seeking information that is not relevant to any claim or defense.

**Request for Admission No. 105:** Admit that there is no statutory time period

within which the Internal Revenue Service may impose the penalties described in 26

U.S.C. § 6700.

**OBJECTIONS**: The United States objects to this Request because it

improperly seeks an admission or denial of a pure legal conclusion. The United States

also objects to this Request as not relevant to any claim or defense because the

statutory time period within which the IRS may impose penalties under 26 U.S.C.

§ 6700 has no bearing on resolution of this litigation.

**Request for Admission No. 106:** Admit that there is no statutory time period

within which the Internal Revenue Service may impose the penalties described in 26

U.S.C. § 6695A.

**OBJECTIONS**: The United States objects to this Request because it improperly seeks an admission or denial of a pure legal conclusion. The United States also objects to this Request as not relevant to any claim or defense because the statutory time period within which the IRS may impose penalties under 26 U.S.C. § 6695A has no bearing on resolution of this litigation.

**Request for Admission No. 107:** Admit that there is no statutory time period within which the Internal Revenue Service may impose the penalties described in 26 U.S.C. § 6694.

**OBJECTIONS**: The United States objects to this Request because it improperly seeks an admission or denial of a pure legal conclusion. The United States also objects to this Request as not relevant to any claim or defense because the statutory time period within which the IRS may impose penalties under 26 U.S.C. § 6694 has no bearing on resolution of this litigation.

**Request for Admission No. 108:** Admit that the Internal Revenue Service can assess and take Collection action with respect to the penalties described in 26 U.S.C. § 6700, should they apply, against any of the EcoVest Defendants.

**OBJECTIONS:** The United States objects to Request as speculative because, currently, the IRS is not able to determine if a fact that has yet to occur will preclude

it assessing and taking Collection action with respect to the penalties described in 26 U.S.C. § 6700, should they apply, against any of the EcoVest Defendants.

**Request for Admission No. 109:** Admit that the Internal Revenue Service can assess and take Collection action with respect to the penalties described in 26 U.S.C. § 6695A, should they apply, against any of the EcoVest Defendants.

**OBJECTIONS:** The United States objects to Request as speculative because, currently, the IRS is not able to determine if a fact that has yet to occur will preclude it assessing and taking Collection action with respect to the penalties described in 26 U.S.C. § 6695A, should they apply, against any of the EcoVest Defendants.

**Request for Admission No. 110:** Admit that the Internal Revenue Service can assess and take Collection action with respect to the penalties described in 26 U.S.C. § 6694, should they apply, against any of the EcoVest Defendants.

**OBJECTIONS:** The United States objects to Request as speculative because, currently, the IRS is not able to determine if a fact that has yet to occur will preclude it assessing and taking Collection action with respect to the penalties described in 26 U.S.C. § 6694, should they apply, against any of the EcoVest Defendants.

**Request for Admission No. 111:** Admit that the Internal Revenue Service has not asserted or assessed any penalties described in 26 U.S.C. § 6700 against any of the

EcoVest Defendants.

**OBJECTIONS:** The United States objects to this Request as vague as to Defendants' intended meaning of "asserted" (*e.g.*, whether that means: (1) some action other than a formal assessment by the IRS, (2) whether any employees of the IRS contend or assert that a penalty applies to the Defendants, irrespective of whether the IRS has assessed any such penalty; or (3) some other meaning). The United States also objects to this request as vague, ambiguous, overly broad and burdensome in that it is unbounded in time and scope and requires the United States to ascertain whether the IRS has *ever* "asserted" or assessed *any* 26 U.S.C. § 6700 penalties for *any* conduct of any of the EcoVest Defendants irrespective of whether the penalties have any connection to this lawsuit. The United States further objects to this Request as seeking information that is not relevant to the resolution of this case.

**Request for Admission No. 112:** Admit that the Internal Revenue Service has not asserted or assessed any penalties described in 26 U.S.C. § 6695A against any of the EcoVest Defendants.

**OBJECTIONS:** The United States objects to this Request as vague as to Defendants' intended meaning of "asserted" (*e.g.*, whether that means: (1) some action other than a formal assessment by the IRS, (2) whether any employees of the IRS contend or assert that a penalty applies to the Defendants, irrespective of whether

the IRS has assessed any such penalty; or (3) some other meaning). The United States also objects to this request as vague, ambiguous, overly broad and burdensome in that it is unbounded in time and scope and requires the United States to ascertain whether the IRS has *ever* "asserted" or assessed *any* 26 U.S.C. § 6695A penalties for *any* conduct of any of the EcoVest Defendants irrespective of whether the penalties have any connection to this lawsuit. The United States further objects to this Request as seeking information that is not relevant to the resolution of this case.

**Request for Admission No. 113:** Admit that the Internal Revenue Service has not asserted or assessed any penalties described in 26 U.S.C. § 6694 against any of the EcoVest Defendants.

**OBJECTIONS:** The United States objects to this Request as vague as to Defendants' intended meaning of "asserted" (*e.g.*, whether that means: (1) some action other than a formal assessment by the IRS, (2) whether any employees of the IRS contend or assert that a penalty applies to the Defendants, irrespective of whether the IRS has assessed any such penalty; or (3) some other meaning). The United States also objects to this request as vague, ambiguous, overly broad and burdensome in that it is unbounded in time and scope and requires the United States to ascertain whether the IRS has *ever* "asserted" or assessed *any* 26 U.S.C. § 6694 penalties for *any* conduct of any of the EcoVest Defendants irrespective of whether the penalties have any connection to this lawsuit. The United States further objects to this Request as

73

seeking information that is not relevant to the resolution of this case.

**Request for Admission No. 114:** Admit that the Internal Revenue Service has not attempted to Collect any penalties described in 26 U.S.C. § 6700 against any of the EcoVest Defendants.

**OBJECTIONS:** The United States also objects to this request as vague, ambiguous, overly broad and burdensome in that it is unbounded in time and scope and requires the United States to ascertain whether the IRS has *ever* attempted to collect *any* 26 U.S.C. § 6700 penalties from *any* of the EcoVest Defendants irrespective of whether those penalties have any connection to this lawsuit. The United States further objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 115:** Admit that the Internal Revenue Service has not attempted to Collect any penalties described in 26 U.S.C. § 6695A against any of the EcoVest Defendants.

**OBJECTIONS:** The United States also objects to this request as vague, ambiguous, overly broad and burdensome in that it is unbounded in time and scope and requires the United States to ascertain whether the IRS has *ever* attempted to collect *any* 26 U.S.C. § 6695A penalties from *any* of the EcoVest Defendants irrespective of whether those penalties have any connection to this lawsuit. The

United States further objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 116:** Admit that the Internal Revenue Service has not attempted to Collect any penalties described in 26 U.S.C. § 6694 against any of the EcoVest Defendants.

**OBJECTIONS:** The United States also objects to this request as vague, ambiguous, overly broad and burdensome in that it is unbounded in time and scope and requires the United States to ascertain whether the IRS has *ever* attempted to collect *any* 26 U.S.C. § 6694 penalties from *any* of the EcoVest Defendants irrespective of whether those penalties have any connection to this lawsuit. The United States further objects to this Request as seeking information that is not relevant to the claims and defenses in this case.

**Request for Admission No. 117:** Admit that, if the United States were to receive disgorgement from the EcoVest Defendants requested in This Case, any payment for disgorgement that an EcoVest Defendant makes will be deposited into the United States Treasury General Fund.

**OBJECTIONS:** The United States objects to this Request as speculative and as not relevant to any claim or defense. Which funds or how the United States may account for any disgorgement judgment awarded by the Court in this action has no

bearing to resolution of this case.

**Request for Admission No. 118:** Admit that the complaint and amended complaint in This Case do not request relief in the form of disgorgement paid to Direct and Indirect Partners of any of the partnerships listed in Exhibit A or Exhibit B.

**RESPONSE:** Admitted. Paragraph 227 of the Complaint and Paragraph 309 of the Amended Complaint read:

> The Court should enter an order under 26 U.S.C. § 7402(a) requiring Defendants to disgorge to the United States the gross receipts that Defendants received for their participation in the conservation easement syndication scheme.

**Request for Admission No. 119:** Admit that the complaint and amended complaint in This Case do not request relief in the form of disgorgement paid directly to the Internal Revenue Service.

**RESPONSE:** Admitted. The Complaint and Amended Complaint request that the Court enter an order requiring Defendants "to disgorge to the United States the gross receipts that Defendants received for their participation in the conservation easement syndication scheme," but does not specify the agency, fund, or account held by the United States for which payment should be directed.

**Request for Admission No. 120:** Admit that the disgorgement sought by the United States in This Case does not correspond to the amounts of the charitable

contribution deductions reported on the Federal Income Tax Returns for the

partnerships listed in Exhibit A and Exhibit B.

**RESPONSE:** Denied.

## Exhibit A

| Taxable Year | Entity Name | Tax ID No. |
|---|---|---|
| 2016 | Arcadian Quay, LLC | 81-2600085 |
| 2016 | Arcadian Quay Holdings, LLC | 81-3731102 |
| 2015 | Azalea Bay Resort Holdings, LLC | 47-3309594 |
| 2015 | Azalea Bay Resort, LLC | 35-2527842 |
| 2017 | Azul Bay Resort Holdings, LLC | 30-0994325 |
| 2017 | Azul Bay Resort, LLC | 82-3107439 |
| 2015 | Beech Springs Resort Holdings, LLC | 47-4803015 |
| 2015 | Beech Springs Resort, LLC | 35-2539806 |
| 2016 | Bellavista Grove Holdings, LLC | 47-5595258 |
| 2016 | Bellavista Grove, LLC | 47-5422359 |
| 2015 | Belle Harbour Resort Holdings, LLC | 35-2540989 |
| 2015 | Belle Harbour Resort, LLC | 47-4820163 |
| 2017 | Birkdale Landing Holdings, LLC | 38-4042147 |
| 2017 | Birkdale Landing Subsidiary, LLC | 30-1007595 |
| 2017 | Birkdale Landing, LLC | 20-0503933 |
| 2016 | Camellia Station Holdings, LLC | 30-0948169 |
| 2016 | Camellia Station, LLC | 81-2606745 |
| 2012 | Cane Creek Holdings, LLC | 46-1127530 |
| 2012 | Cane Creek Partners, LLC | 45-4065683 |
| 2016 | Cape Fear Pointe Holdings, LLC | 37-1840977 |
| 2016 | Cape Fear Pointe, LLC | 35-2565158 |
| 2014 | Carolina Bays Resort Holdings, LLC | 32-0450194 |
| 2014 | Carolina Bays Resort, LLC | 37-1767512 |
| 2017 | Cayo Dorado Holdings, LLC | 30-0971236 |
| 2017 | Cayo Dorado, LLC | 82-1282214 |
| 2016 | Cayo Marsopa Holdings, LLC | 35-2569962 |
| 2016 | Cayo Marsopa, LLC | 81-3725921 |
| 2016 | Coastavista Palms Holdings, LLC | 30-0885503 |
| 2016 | Coastavista Palms, LLC | 47-5432484 |
| 2018 | Cottonwood Cove Holdings, LLC | 82-5310577 |
| 2018 | Cottonwood Cove, LLC | 83-0571667 |
| 2016 | Cristobal Key, LLC | 81-3729028 |
| 2016 | Cristobal Key Holdings, LLC | 30-0948388 |

| Taxable Year | Entity Name | Tax ID No. |
|---|---|---|
| 2015 | Cypress Cove Marina Holdings, LLC | 47-4423741 |
| 2015 | Cypress Cove Marina, LLC | 35-2536565 |
| 2017 | Del Mar Vista Dunes Holdings, LLC | 37-1851845 |
| 2017 | Del Mar Vista Dunes, LLC | 82-1215478 |
| 2015 | Diamond Grande Resort Holdings, LLC | 35-2541179 |
| 2015 | Diamond Grande Resort, LLC | 47-4820646 |
| 2018 | Espiritu Shores Holdings, LLC | 83-1236598 |
| 2018 | Espiritu Shores, LLC | 83-0708238 |
| 2014 | Garden Lakes Estates Holdings, LLC | 47-2128338 |
| 2014 | Garden Lakes Estates, LLC | 30-0838404 |
| 2018 | Hammersmith Landing Holdings, LLC | 83-1662001 |
| 2018 | Hammersmith Landing, LLC | 83-1501220 |
| 2018 | Harbor Gate at Seadrift Holdings, LLC | 83-2197070 |
| 2018 | Harbor Gate at Seadrift, LLC | 83-2193966 |
| 2014 | Hickory Preserve Holdings, LLC | 46-1145681 |
| 2014 | Hickory Preserve, LLC | 46-1252142 |
| 2018 | Indigo Sound Holdings, LLC | 83-2181479 |
| 2018 | Indigo Sound, LLC | 83-1675538 |
| 2016 | Lakeshore Resort Holdings, LLC | 36-4842428 |
| 2016 | Lakeshore Resort, LLC | 81-2497222 |
| 2014 | Long Bay Marina Holdings, LLC | 47-2128209 |
| 2014 | Long Bay Marina, LLC | 36-4796014 |
| 2015 | Magnolia Bay Resort Holdings, LLC | 47-3309787 |
| 2015 | Magnolia Bay Resort, LLC | 32-0459918 |
| 2018 | Miramar Pointe Holdings, LLC | 83-2167008 |
| 2018 | Miramar Pointe, LLC | 83-1713088 |
| 2018 | Montego Pointe Holdings, LLC | 82-5302081 |
| 2018 | Montego Pointe, LLC | 82-4664095 |
| 2017 | Monterrey Cove Holdings, LLC | 32-0520725 |
| 2017 | Monterrey Cove, LLC | 82-0663491 |
| 2017 | Myrtle Cove Resort Holdings, LLC | 61-1818766 |
| 2017 | Myrtle Cove Resort, LLC | 47-5509204 |
| 2016 | Myrtle West Resort Holdings, LLC | 36-4821844 |
| 2016 | Myrtle West Resort, LLC | 47-5330601 |
| 2018 | Neuse Harbor Holdings, LLC | 36-4888916 |

| Taxable Year | Entity Name | Tax ID No. |
|---|---|---|
| 2018 | Neuse Harbor, LLC | 47-4109440 |
| 2014 | New River Preserve Holdings, LLC | 47-1448376 |
| 2014 | New River Preserve, LLC | 32-0446771 |
| 2016 | North Bay Cove, LLC | 81-3381832 |
| 2016 | North Bay Cove Holdings, LLC | 38-4009301 |
| 2016 | Ocean Grove Resort Holdings, LLC | 37-1826792 |
| 2016 | Ocean Grove Resort, LLC | 37-1827945 |
| 2017 | Port Quay Resort Holdings, LLC | 37-1861426 |
| 2017 | Port Quay Resort, LLC | 82-2772835 |
| 2018 | Punta Vista Grande Holdings, LLC | 38-4050915 |
| 2018 | Punta Vista Grande, LLC | 82-3125789 |
| 2016 | Queen's Cove Holdings, LLC | 36-4843584 |
| 2016 | Queen's Cove, LLC | 81-4096752 |
| 2016 | Riverside Preserve Holdings, LLC | 81-4404088 |
| 2016 | Riverside Preserve, LLC | 32-0499055 |
| 2018 | Rockport Property Entity, LLC | 82-2494828 |
| 2014 | Rocky Creek Plantation Acquisitions, LLC | 46-1159709 |
| 2014 | Rocky Creek Plantation, LLC | 46-1290020 |
| 2015 | Sanibel Resort Holdings, LLC | 47-5192345 |
| 2015 | Sanibel Resort, LLC | 81-0932667 |
| 2017 | Santo Bay Resort Holdings, LLC | 32-0520819 |
| 2017 | Santo Bay Resort, LLC | 82-1508139 |
| 2018 | Sawmill Property, LLC | 47-3254983 |
| 2015 | Seavista Resort Holdings, LLC | 61-1771611 |
| 2015 | Seavista Resort, LLC | 47-5622274 |
| 2015 | South Bay Cove Holdings, LLC | 61-1771523 |
| 2015 | South Bay Cove, LLC | 81-1109626 |
| 2018 | Tortuga Trace Holdings, LLC | 32-0537060 |
| 2018 | Tortuga Trace, LLC | 82-4118218 |
| 2017 | Tupelo Grove Holdings, LLC | 82-3434213 |
| 2017 | Tupelo Grove, LLC | 82-3137441 |
| 2017 | Turkey Creek Resort Holdings, LLC | 38-4040240 |
| 2017 | Turkey Creek Resort, LLC | 26-0474521 |
| 2016 | Waterway Grove Holdings, LLC | 81-4540205 |
| 2016 | Waterway Grove, LLC | 81-2517456 |

| Taxable Year | Entity Name | Tax ID No. |
|---|---|---|
| 2016 | White Sands Village Holdings, LLC | 32-0495598 |
| 2016 | White Sands Village, LLC | 36-4838062 |

## Exhibit B

| Taxable Year | Entity Name | Tax ID No. |
|---|---|---|
| 2010 | Dumpling Mountain, LLC | 27-4150909 |
| 2011 | Trout Creek, LLC | 27-5339212 |
| 2011 | High Rocks, LLC | 27-5339572 |
| 2011 | Glade Creek, LLC | 45-3740234 |
| 2011 | Highway 30, LLC | 90-0774003 |
| 2011 | Hickory Equestrian, LLC | 45-3862104 |
| 2011 | White Oak Equestrian, LLC | 45-3862052 |
| 2011 | Maple Equestrian, LLC | 45-3862253 |
| 2012 | Myers Cove Holdings, LLC | 45-5277662 |
| 2012 | Myers Cove Investments, LLC | 46-2130774 |
| 2012 | Shining Star Properties XI, LLC | 45-3202325 |
| 2012 | Piney Cumberland Holdings, LLC | 46-1157935 |
| 2012 | Piney Cumberland Resources, LLC | 27-0592354 |
| 2012 | Red Oak Equestrian, LLC | 45-3862212 |
| 2012 | Meadow Creek Holdings, LLC | 46-1162994 |
| 2012 | Meadow Creek Investments, LLC | 45-5056070 |
| 2012 | Land of the Lakes Holdings, LLC | 46-1586166 |
| 2012 | Land of the Lakes, LLC | 90-0929541 |
| 2013 | Birch Equestrian Holdings, LLC | 80-0948020 |
| 2013 | Birch Equestrian, LLC | 45-5591195 |
| 2013 | Brunswick Highlands Holdings, LLC | 46-1067114 |
| 2013 | Brunswick Highlands, LLC | 46-2196116 |
| 2013 | Leland Forest Holdings, LLC | 46-1071319 |
| 2013 | Leland Forest, LLC | 46-2191591 |
| 2013 | Wilderness Lake Holdings, LLC | 46-1162687 |
| 2013 | Wilderness Lake Properties, LLC | 46-1251851 |
| 2013 | Greenway Holdings Acquisitions, LLC | 30-0802653 |
| 2013 | Greenway Landing, LLC | 26-1788297 |
| 2015 | Beech Springs Resort Holdings, LLC | 47-4803015 |
| 2015 | Beech Springs Resort, LLC | 35-2539806 |
| 2015 | River Trace Resort Holdings, LLC | 47-4779802 |
| 2015 | River Trace Resort, LLC | 38-3977151 |
| 2018 | Copano Cove Holdings, LLC | 83-1624698 |

| Taxable Year | Entity Name | Tax ID No. |
|---|---|---|
| 2018 | Lady Lake Holdings, LLC | 83-2734811 |
| 2018 | Sawmill Property, LLC | 47-3254983 |

Dated: April 19, 2021                    */s/ Erin R. Hines*

ERIN R. HINES
Florida Bar No. 44175
CHARLES P. HURLEY
District of Columbia Bar No. 490793
GREGORY VAN HOEY
Maryland Bar
RICHARD G. ROSE
District of Columbia Bar No. 493454
HARRIS J. PHILLIPS
Massachusetts Bar No. 675603
ERIC M. ABERG
District of Columbia Bar No. 1044111
ANN T. PORTER
New York Bar No. 5412218
LAUREN A. DARWIT
Illinois Bar No: 6323788
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-2901

DAVID A. HUBBERT
Acting Assistant Attorney General

KURT R. ERSKINE
Acting United States Attorney
NEELI BEN-DAVID
Assistant U.S. Attorney
Georgia Bar No. 049788

*Attorneys for Plaintiff United States*