IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:18-cv-05774-AT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NANCY ZAK, at al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| CLAUD CLARK, III, | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Counterclaim-Defendant. | ) |
| | ) |

**UNITED STATES' REPLY IN SUPPORT OF MOTION TO CERTIFY INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Certification of a non-final order for interlocutory appeal is appropriate where (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion on that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28

U.S.C. § 1292(b). The order denying the United States' motion to dismiss Clark's amended counterclaim satisfies these three requirements.

First, as Clark concedes, the question presented for appeal is a pure question of law. (ECF No. 320 at 6-7.) Second, contrary to Clark's argument, the answer to the proposed question is far from clear. The lack of any binding precedent, a well-documented split among the Circuits that have addressed the question, and this Court's narrow application of the immediate source test show a substantial ground for difference of opinion exists. Finally, an immediate appeal will materially advance the ultimate termination of this litigation because the issue of whether the publication by the Government of taxpayer information that has already been lawfully and publicly disclosed in a judicial proceeding pertaining to tax administration violates § 6103 is controlling of Clark's counterclaim. And so, the Court should grant the United States' motion, which was filed well within the time the Government must file a notice of appeal, Fed. R. App. P. 4(b), and was authorized by the Acting Solicitor General, 28 C.F.R. Part O, Subpart D, § 0.20(b).

I.   **A Substantial Ground for Difference of Opinion Exists**

The United States asks the Court to certify the following question for appeal:

> Whether 26 U.S.C. § 6103 prohibits publication by the government of taxpayer information that has already been

> lawfully and publicly disclosed by the government in a judicial proceeding pertaining to tax administration?

A substantial ground for difference of opinion exists on this question because the question is "difficult and of first impression" in this Court, and the Circuit Courts that have addressed this question are split. *See United States ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1378-79 (N.D. Ga. 2010). Clark's arguments to the contrary fail.

### A. The Court Has Acknowledged That the Proposed Question Is Difficult and of First Impression in the Eleventh Circuit and That a Circuit Split Exists

The Court's order denying the motion to dismiss Clark's amended counterclaim shows that a substantial ground for difference of opinion exists. The order makes clear that the proposed question for appeal is difficult and of first impression in this Court. (*See* ECF No. 309 at 13 (highlighting the absence of instructive law from the Eleventh Circuit after discussing the circuit split on this issue)); *see also* ECF No. 202 at 15 (noting the "dearth" of case law on point).) And the order discusses at length the split among the Circuit Courts on this difficult question. (*See* ECF No. 309 at 6-12 (analyzing the conflicting decisions of the Circuit Courts).) Taken together, the lack of controlling authority and Circuit split show that a substantial ground for difference of opinion exists.

### B. The Arguments Supporting Conflicting Decisions Show a Substantial Ground for Difference of Opinion

Contrary to Clark's argument, whether a substantial ground for difference of opinion is present does not require "a comparison of the conflicting holdings against controlling law within the circuit." (ECF No. 320 at 9.) Clark cites no authority for this test. Nor can he. The proper inquiry focuses on the existence of a Circuit split and the strengths of the arguments in support of the conflicting decisions. *See Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of Commissioners*, 952 F. Supp. 2d 1360, 1362 (N.D. Ga. 2013). To be sure, the Court should evaluate the reasoning underpinning the conflicting decisions and not hazard a guess at the Eleventh Circuit's resolution of the question.

The existence of a Circuit split is not in dispute. (*See* ECF No. 309 at 7-12; ECF No. 320 at 9-10.) This Court's analysis of the strengths of the arguments behind the conflicting decisions shows a substantial ground for difference of opinion on the proper interpretation of § 6103. (*See* ECF No. 309 at 7-12 (detailing the reasons provided by the Ninth Circuit's decision in *Lampert v. United States*, 854 F.2d 335 (9th Cir. 1988), the Fifth Circuit's decision in *Johnson v. Sawyer*, 120 F.3d 1307 (5th Cir. 1997), and the Seventh Circuit's decision in *Thomas v. United States*, 890 F.2d 18 (7th Cir. 1989).) And Clark's discussion of this split only highlights the substantial ground for difference of opinion. (*See* ECF No. 320

4

at 9-10 (contrasting the Fourth and Fifth Circuits' holdings based on the lack of a statutory public record exception with the Ninth Circuit's adoption of a public records exception based on § 6103's prohibition only against disclosing confidential return information).)

### C. The Text and Design of § 6103 Support the Government's Interpretation of the Statute

Despite the undeniable split of authority on the case's central question, Clark boldly argues that the answer is clear and favorable to his claim. We respectfully disagree. Under Eleventh Circuit precedent, courts must look to the plain language of the statute and the overall design of the statute to interpret its meaning. *In re Shek*, 947 F.3d 770, 776-77 (11th Cir. 2020). The text and design of § 6103 support the Government's interpretation of the statute.

As a threshold matter, Clark misconstrues the Government's proposed question for appeal. The proposed question is:

> Whether 26 U.S.C. § 6103 prohibits publication by the government of taxpayer information that has already been lawfully and publicly disclosed by the government in a judicial proceeding pertaining to tax administration?

Contrary to Clark's characterization, this question is not simply whether § 6103 contains a public records exception.[1] (ECF No. 320 at 9.) The proposed question may be answered in the negative under either a public records exception or an immediate source rule that covers pleadings filed by the government in tax cases like this one. The proposed question thus more broadly seeks the proper interpretation of § 6103.

To answer that question, the Eleventh Circuit must consider the entirety and purpose behind § 6103 because "statutory provisions are not written in isolation and do not operate in isolation." *Shek*, 947 F.3d at 776-77. Thus, courts should determine the meaning of a statute from "the particular statutory language at issue," *and* "the language and design of the statute as a whole." *Id.* at 777 (quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988)).

Clark, relying only on the lack of an explicit statutory exception, ignores § 6103's design. This is fatal to his argument that his interpretation of § 6103 is correct. The text and design of § 6103, including its relationship to § 7431, show that § 6103 does not prohibit the publication by the government of taxpayer

---

[1] If this were the question, the Circuit split on this issue shows a substantial ground for difference of opinion. *Compare Lampert*, 854 F.2d at 338, and *Rowley v. United States*, 76 F.3d 796, 801 (6th Cir. 1996), *with Johnson*, 120 F.3d at 1318-19, and *Thomas*, 890 F.2d at 21.

information that has already been lawfully and publicly disclosed by the government in a judicial proceeding pertaining to tax administration.

Section 7431 provides the statutory basis for Clark's claim for unauthorized disclosure of his return information in violation of § 6103. It permits taxpayers to sue the United States for damages if an officer or employee of the United States knowingly, or through negligence, "disclose[s]" protected return information. 26 U.S.C. § 7431(a).

Under the plain meaning of disclose, information can be disclosed only when the information is not publicly available. *See, e.g.*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/disclose (defining "disclose" as "to make known or public"). The filing of the complaint in this action unquestionably—and lawfully under § 6103(h)(4)—made public the information contained in that complaint. Under a plain reading of § 7431, a press release publicizing that which was already made public does not "disclose" any return information in violation of § 6103.

Additionally, § 6103(b)'s definition of "return information" is limited to information and data "received by, recorded by, prepared by, furnished to, or collected by the Secretary." 26 U.S.C. § 6103(b)(2)(A). While the information the Department of Justice receives from the IRS in connection with a referral under

§ 6103(h)(2) and (3) constitutes return information under that definition, the publicly filed work-product of DOJ attorneys—such as the complaint in this case—does not. It follows that a press release publicizing only the allegations of a publicly filed complaint does not disclose any "return information." *See Thomas*, 890 F.2d at 21 (explaining that "the definition of return information comes into play only when the immediate source of the information is a return, or some internal document based on a return").

And so, the plain language and design of § 6103 as a whole support the Government's position. The parties' conflicting statutory interpretations, supported by conflicting caselaw, show a substantial ground for difference of opinion.

### D. This Court's Formulation of the Immediate Source Test Is Not Recognized by the Circuits That Have Adopted That Test

We submit that this Court's articulation of the immediate source test also shows a substantial ground for difference of opinion. The Circuits that have adopted the immediate source test focus on "the *source* of the information claimed to be wrongfully disclosed." (*See* ECF No. 309 at 11-12 (quoting *Johnson*, 120 F.3d at 1323).) If the immediate source of alleged disclosure is a return or return information, there is a disclosure. But the disclosure only violates § 6103 if it is not authorized. *See Johnson*, 120 F.3d at 1326. If the immediate source is not a return

or return information, there is no disclosure and no violation of § 6103. *See Thomas*, 890 F.2d at 21; *Rice*, 166 F.3d at 1091.

Relying on dicta from *Thomas*, this Court narrowly interpreted the immediate source test to apply only to public documents that are not prepared by the IRS. (ECF No. 309 at 14-15.) Putting aside the fact that the complaint is a public document prepared by an agency separate from the IRS, we submit that this Court's articulation of the immediate source test is a modification of the Fifth, Seventh, and Tenth Circuits' formulation of that test. Those Circuits inquire only as to whether the immediate source of the alleged disclosure is a return or return information. *See, e.g.*, *Thomas*, 890 F.2d at 21 (explaining that "the definition of return information comes into play only when the immediate source of the information is a return, or some internal document based on a return"), *Rice*, 166 F.3d at 1091 ("[W]hether information about a taxpayer may be classified as "return information" invoking application of § 6103 turns on the *immediate source* of the information."). The test applied by these Circuits does not distinguish between a judicial opinion and a complaint. What matters is that both an opinion and a complaint are public documents and the immediate source of the alleged disclosure, rather than a return or an internal document based on a return.

In sum, a substantial ground for difference of opinion exists on the proposed question for appeal because: (1) the question is difficult and of first impression in this Circuit, and the Circuit Courts that have addressed this question are split; (2) the conflicting Circuit decisions are supported by strong arguments; (3) the text and design of § 6103 support the Government's interpretation of the statute; and (4) this Court's narrow application of the immediate source test is not recognized by the Circuits that have adopted that test.

## II. An Appeal May Materially Advance the Ultimate Termination of the Litigation

Whether publication by the Government of taxpayer information that has already been lawfully and publicly disclosed by the government in a judicial proceeding pertaining to tax administration violates § 6103 is the controlling question in this counterclaim. That is because any taxpayer information in the alleged disclosures (with the possible exceptions of Statements 1 and 11, which did not violate § 6103 for other reasons we have explained) was already lawfully disclosed in the complaint filed by the Government in this case. Thus, resolution of the proposed question on appeal "may materially advance" this litigation. 28 U.S.C. § 1292(b).

Clark's contention that some of the alleged disclosures "go beyond the publicly disclosed information" has no basis other than the conclusory allegations

of the amended counterclaim. (ECF No. 320 at 14.) Regardless, if an interlocutory appeal confirms that Clark can establish a wrongful disclosure claim only upon a showing that the alleged disclosures go beyond the publicly disclosed information in the complaint, then the appeal still will have materially advanced this litigation because, absent such a showing, additional litigation about the application of the good faith exception under 26 U.S.C. § 7431(b)(1) and Clark's damages under 26 U.S.C. § 7431(c) would be unnecessary. *See* 16 Wright & Miller, *Federal Practice and Procedure* § 3930 (3d ed.) ("If present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate.").

Clark also mischaracterizes the Government's position. (ECF No. 320 at 14 ("The United States is also incorrect that all claims in the amended counterclaim necessarily depend on whether the disclosure in Statement 2 was proper.").) To the extent Clark alleges that statements other than the Press Release wrongfully disclosed his *identity* indirectly by reference to the Press Release (*see* ECF No. 206 ¶¶ 83, 104, 120, 136, 152, 167, 182, 197, 212), those specific claims fail if the publication of Clark's identity in the Press Release did not violate § 6103. This is because the other statements do not reveal Clark's identity through a disclosure of a "return" or "return information." Rather, Clark's identity is revealed through the Press Release. And to the extent Clark alleges that statements other than the Press

11

Release disclose other taxpayer information, an interlocutory appeal on the proposed question will also materially advance the resolution of those claims because, as explained above, any taxpayer information in those alleged disclosures was previously disclosed in the complaint filed by the Government. Thus, a ruling on appeal that the publication by the Government of taxpayer information that has already been lawfully and publicly disclosed by the government in a judicial proceeding pertaining to tax administration does not violate § 6103 would be controlling of Clark's counterclaim.

As we have demonstrated, resolution of the proposed question at this stage will "significantly limit the scope of future discovery, motion practice, and trial activities" related to the counterclaim. *DeBose v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-2787, 2018 WL 8919876, *7 (M.D. Fla. Mar. 23, 2018) (internal quotation and citation omitted). In the memorandum in support of its motion, the Government identified these topics of discovery to be avoided if its appeal is successful: the facts related to the eleven statements at issue in the amended counterclaim; the application of the good faith exception in 26 U.S.C. § 7431(b)(1); and Clark's damages, if any, under 26 U.S.C. § 7431(c). (ECF No. 317-1 at 17.) Clark does not dispute that discovery on these topics will be voluminous and result in many depositions. As the counterclaim-plaintiff, he has

the burden to prove that the statements at issue disclosed his protected return information in violation of § 6103. Clark's efforts to prove his case will require a great deal of discovery, including interrogatories, requests for production, and depositions. This extensive discovery may be avoided entirely if the Government wins on appeal. But even if some, or all, of Clark's counterclaim survives the appeal, the parties will be able to navigate discovery more efficiently because they will know what the controlling law is.

Finally, Clark's argument that the Government must "identify the evidence that would be impacted and compare that evidence to 'the amount and nature of other evidence in this case'" to show that an appeal will significantly limit discovery is wrong. (ECF No. 320 at 15 (quoting *Maxey v. General Motors Corp.*, Case No. 3:95-cv-6, 1996 WL 737537, *3 (N.D. Miss. Dec. 16, 1996).) The case that Clark cites involved a motion to certify an interlocutory appeal of an order overruling General Motors' privilege assertions. There, the court found that an appeal of a privilege dispute would not materially advance the ultimate termination of the case because resolution of the appeal would only impact the amount and type of evidence presented. *Maxey*, 1996 WL 737537 at *3. *Maxey* is distinguishable from this case. Unlike in *Maxey*, the Government seeks an interlocutory appeal of the order denying its motion to dismiss, not a discovery

order. If successful, the appeal will do more than impact the amount and type of evidence presented on the counterclaim. It will likely end litigation on the counterclaim and eliminate the need for discovery, motions practice, and trial. Even if the appeal does not end the litigation, clarification on the proper interpretation of § 6103 will substantially narrow the issues for discovery, motions, and trial. Thus, the appeal "may materially advance the ultimate termination" of the counterclaim. 28 U.S.C. § 1292(b).

### III. Conclusion

Section 1292(b) permits an interlocutory appeal when a non-final order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). For the reasons discussed above and in the United States' motion for certification of an interlocutory appeal, these exceptional circumstances are present. Thus, the Court should grant the United States' motion, certify for appeal the order denying the United States' motion to dismiss Clark's amended counterclaim, and invite the Eleventh Circuit to address on an interlocutory basis, the pure question of law this case presents.

Dated September 10, 2021.

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General


*/s/ Thomas K. Vanaskie*
THOMAS K. VANASKIE
D.C. Bar No. 1000405
BEATRIZ T. SAIZ
N.J. Bar No. 024761995
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-305-7921 (v)
202-514-4963 (f)
Thomas.K.Vanaskie@usdoj.gov

Of Counsel:

Kurt R. Erskine
Acting United States Attorney

Neeli Ben-David
Assistant United States Attorney
Georgia Bar No. 049788
Office of the U.S. Attorney
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303
404-581-6303 (v)
Neeli.Ben-David@usdoj.gov

*Counsel for Counterclaim Defendant United States of America*

## CERTIFICATE OF COMPLIANCE

15

I certify that this document was formatted in Times New Roman 14 pt., in compliance with Local Rule 5.1C.

/s/ *Thomas K. Vanaskie*
THOMAS K. VANASKIE
Trial Attorney, Division
U.S. Department of Justice

### CERTIFICATE OF SERVICE

I certify that on September 10, 2021, the United States' Reply in Support of its Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) was electronically filed with the Clerk of the Court through the CM/ECF System, which sent notice of electronic filing to all counsel of record.

/s/ *Thomas K. Vanaskie*
THOMAS K. VANASKIE
Trial Attorney, Tax Division
U.S. Department of Justice