IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
|   Plaintiff, | ) ) ) |
|       -v- | )    Case No. 1:18-cv-05774-AT |
| NANCY ZAK, <br> CLAUD CLARK III, <br> ECOVEST CAPITAL, INC., <br> ALAN N. SOLON, <br> ROBERT M. MCCULLOUGH, <br> RALPH R. TEAL, JR., | ) ) ) ) ) ) ) |
|   Defendants. | ) |

## ECOVEST PARTIES' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(B), N.D. Ga., Defendants EcoVest Capital, Inc., Alan N. Solon, Robert M. McCullough, and Ralph R. Teal, Jr. (collectively, the "EcoVest Parties") file this Statement of Undisputed Material Facts, showing as follows:

**I.  Allegations in the Complaint**

1. On December 18, 2018, Plaintiff filed the Complaint in this case, alleging that the EcoVest Parties organized, promoted, or sold (or assisted in the organization, promotion, and sale of) a tax scheme involving the syndication of conservation easement donations. ECF No. 1, Compl. ¶ 1.

1

2. On November 9, 2020, Plaintiff filed an Amended Complaint, which is the operative complaint in this case. ECF No. 225, Am. Compl.

3. In the Amended Complaint, Plaintiff alleges that the EcoVest Parties' "scheme" involved allegedly false statements concerning the allowance and amount of federal tax deductions an investor in an EcoVest project is entitled to claim based on their investment in the "syndicate." Am. Compl. ¶ 3.

4. Plaintiff alleges that this purported "scheme" also involved false statements by the EcoVest Parties regarding value to investors, including the "fair market value" of the conservation easements, based on allegedly grossly overvalued appraisals. Am. Compl. ¶ 4. Plaintiff also alleges that the EcoVest Parties' investors then used those valuations to claim "improper," "highly inflated and overvalued federal tax deductions (in the form of noncash charitable contribution deductions) on their individual tax returns." Am. Compl. ¶¶ 3, 4.

5. This case involves allegations of fraud, as set forth in the Amended Complaint. Am. Compl. ¶¶ 176, 211, 218, 223, 243, 264, 265; *see also* ECF No. 119, Dec. 10, 2019 Order, at 9, 11 (Court noting that "Zak is correct that the complaint alleges over 90 instances of alleged fraud" and holding "[t]he Government's complaint satisfies the heightened pleading standard of Rule 9(b) as it applies to these allegations of fraud").

## II. Remedies Requested

6. As a remedy, Plaintiff requests an injunction against the EcoVest Parties pursuant to 26 U.S.C. §§ 7402 and 7408. Am. Compl. ¶¶ 6, 257–70, 293–304.

7. Plaintiff also requests an order "requiring, among other things, that all Defendants disgorge to the United States the gross receipts that they received from any source as a result of the conservation easement syndication scheme described herein, together with prejudgment interest thereon," under 26 U.S.C. § 7402. Am. Compl. ¶¶ 7, 305–09.

8. Plaintiff alleges that 26 U.S.C. § 7402(a) "authorizes a district court to issue injunctions and to render judgments that may be necessary or appropriate for the enforcement of the internal revenue laws even when the United States may have other remedies available for enforcing those laws." Am. Compl. ¶ 272.

9. Plaintiff alleges that 26 U.S.C. § 7408(a) "authorizes a district court to enjoin any person from engaging in conduct subject to penalty under 26 U.S.C. § 6700 if injunctive relief is appropriate to prevent recurrence of that conduct or any other activity subject to penalty under the Internal Revenue Code." Am. Compl. ¶ 258.

10. In turn, Plaintiff alleges that 26 U.S.C. § 6700 "imposes a civil penalty on any person who: (1) either organizes or assists in the organization of a plan or

arrangement or participates in the sale of any interest in a plan or arrangement; and (2) makes or furnishes, or causes another to make or furnish, certain statements." Am. Compl. ¶ 259.

11. Plaintiff alleges that a person may be subject to penalty under 26 U.S.C. § 6700 if they make a statement "with respect to the securing of a tax benefit by reason of holding an interest in an entity or participating in a plan or arrangement that the person has reason to know is false or fraudulent as to any material matter." Am. Compl. ¶ 260 (citing 26 U.S.C. § 6700(a)(2)(A)).

12. Plaintiff alleges that a person may also be subject to penalty under 26 U.S.C. § 6700 if they make a statement that is a "gross valuation overstatement as to any material matter." Am. Compl. ¶ 261 (quoting 26 U.S.C. § 6700(a)(2)(B)). "A gross valuation overstatement is 'any statement as to the value of any property or services' if the value of the property or services is directly related to the amount of any tax deduction or credit and the stated value is more than 200 percent of the correct value of the property or services." *Id.* (quoting 26 U.S.C. § 6700(b)(1)).

13. Plaintiff alleges that "Defendants' conservation easement syndication scheme is a plan or arrangement within the meaning of 26 U.S.C. § 6700." Am. Compl. ¶ 262; *see also id.* ¶¶ 5, 36, 39, 57, 64, 68, 175, 247, 263.

14. Plaintiff also cites to 26 U.S.C. § 6701 in its Amended Complaint, Am. Compl. ¶ 302, which provides that any person who (a) aids or assists in, procures,

4

or advises with respect to, the preparation of any portion of a return, affidavit, claim, or other document; (b) who knows (or has reason to know) that such portion will be used in connection with any material matter arising under the internal revenue laws; and (c) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person shall pay a penalty.  26 U.S.C. § 6701(a).

15. Under Count I in the Amended Complaint, Plaintiff alleges that Defendants knew and had reason to know that statements "regarding the securing of a tax benefit by reason of participating in the [alleged] conservation easement syndication scheme and the amount of that tax benefit in the form of a conservation easement deduction," Am. Compl. ¶ 264, "were false or fraudulent within the meaning of 26 U.S.C. § 6700(a)(2)(A)."  Am. Compl. ¶ 265.

16. Under Count I in the Amended Complaint, Plaintiff alleges that "Defendants made or furnished or caused another person to make or furnish gross valuation overstatements within the meaning of 26 U.S.C. § 6700(a)(2)(B)."  Am. Compl. ¶ 266.

17. Under Count I in the Amended Complaint, Plaintiff alleges that "Defendants have engaged in conduct – including but not limited to the conduct described in this complaint – that is subject to penalty under 26 U.S.C. § 6700, and an injunction under 26 U.S.C. § 7408 is appropriate to prevent recurrence of such

conduct." Am. Compl. ¶ 270. Counts II and III are brought against Zak and Clark only, not the EcoVest Parties.

18. Under Count IV in the Amended Complaint, Plaintiff requests an injunction under 26 U.S.C. § 7402 against the EcoVest Defendants because "[i]f Defendants are not enjoined, they will likely continue to engage in conduct subject to penalty under 26 U.S.C. §§ 6700 [and] 6701. . . and conduct that interferes with the enforcement of the internal revenue laws." Am. Compl. ¶ 302.

19. Under Count V in the Amended Complaint, Plaintiff requests an order "under 26 U.S.C. § 7402(a) requiring Defendants to disgorge to the United States the gross receipts that Defendants received for their participation in the conservation easement syndication scheme." Am. Compl. ¶ 309.

### III. Offerings at Issue

20. Conservation Resources Inc. ("CRI"), an investment company at which Alan Solon was employed, prepared some of the investment offerings that are at issue in this case. Declaration of Virginia Brown ("Brown Decl.") ¶ 4.

21. CRI prepared product placement memoranda ("PPMs"), which described investment offerings, the voting options associated with the offerings, and the risks associated with the offerings. Each PPM contains a date of the offering ("PPM Date"). Brown Decl. ¶ 5.

22. For offerings issued by CRI, CRI released the PPM to the Strategic Financial Alliance, Inc. ("SFA"), the broker dealer for such offerings issued by CRI, who in turn would provide the PPM to SFA's financial advisors, who would in turn provide the PPM to accredited investors. The date that the PPM was released to SFA's financial advisors is called the "Release Date." The Release Date signifies when an offering was officially made available to investors—through the process described above—for investment. Brown Decl. ¶ 6.

23. Once the CRI offering for an investment program was sufficiently subscribed pursuant to the procedures outlined in the PPM, it would close, and the date that the offering closed is called the "Close Date." Brown Decl. ¶ 6.

A. **CRI Transactions**

24. Dumpling Mountain, LLC's PPM Date was December 7, 2010. Brown Decl. ¶ 7.

25. Dumpling Mountain, LLC's Release Date was December 7, 2010. Brown Decl. ¶ 8.

26. Dumpling Mountain, LLC's Close Date was December 27, 2010. Brown Decl. ¶ 9.

27. Trout Creek, LLC's PPM Date was April 27, 2011. Brown Decl. ¶ 10.

28. Trout Creek, LLC's Release Date was June 7, 2011. Brown Decl. ¶ 11.

29. Trout Creek, LLC's Close Date was September 14, 2011. Brown Decl. ¶ 12.

30. High Rocks, LLC's PPM Date was October 31, 2011. Brown Decl. ¶ 13.

31. High Rocks, LLC's Release Date was November 17, 2011. Brown Decl. ¶ 14.

32. High Rocks, LLC's Close Date was November 30, 2011. Brown Decl. ¶ 15.

33. Glade Creek, LLC's PPM Date was November 30, 2011. Brown Decl. ¶ 16.

34. Glade Creek, LLC's Release Date was December 14, 2011. Brown Decl. ¶ 17.

35. Glade Creek, LLC's Close Date was December 27, 2011. Brown Decl. ¶ 18.

36. Highway 30, LLC's PPM Date was November 30, 2011. Brown Decl. ¶ 19.

37. Highway 30, LLC's Release Date was December 16, 2011. Brown Decl. ¶ 20.

38. Highway 30, LLC's Close Date was December 27, 2011. Brown Decl. ¶ 21.

39. Hickory Equestrian, LLC's PPM Date was December 12, 2011. Brown Decl. ¶ 22.

40. Hickory Equestrian, LLC's Release Date was December 20, 2011. Brown Decl. ¶ 23.

41. Hickory Equestrian, LLC's Close Date was December 28, 2011. Brown Decl. ¶ 24.

42. White Oak Equestrian, LLC's PPM Date was December 16, 2011. Brown Decl. ¶ 25.

43. White Oak Equestrian, LLC's Release Date was December 20, 2011. Brown Decl. ¶ 26.

44. White Oak Equestrian, LLC's Close Date was December 28, 2011. Brown Decl. ¶ 27.

45. Maple Equestrian, LLC's PPM Date was December 15, 2011. Brown Decl. ¶ 28.

46. Maple Equestrian, LLC's Release Date was December 27, 2011. Brown Decl. ¶ 29.

47. Maple Equestrian, LLC's Close Date was December 29, 2011. Brown Decl. ¶ 30.

48. Myers Cove Holdings, LLC's PPM Date was July 2, 2012. Brown Decl. ¶ 31.

49. Myers Cove Holdings, LLC's Release Date was July 9, 2012. Brown Decl. ¶ 32.

50. Myers Cove Holdings, LLC's Close Date was August 10, 2012. Brown Decl. ¶ 33.

51. CRI did not create a PPM for Shining Star Properties XI, LLC, but instead entered into a consulting agreement with Mr. Vande Guchte on April 16, 2012. The Deed of Conservation Easement for Shining Star Properties XI, LLC was recorded on December 27, 2012. Brown Decl. ¶ 34.

**B.   EcoVest Consulting Offerings**

52. In 2012, EcoVest served as a consultant for some of the investment offerings that are at issue in this case. Brown Decl. ¶ 35.

53. For each of the offerings for which EcoVest provided consulting services, a product placement memoranda was prepared, which described investment offerings, the voting options associated with the offerings, and the risks associated with the offerings. Each PPM contains a date of the offering ("PPM Date"). Brown Decl. ¶ 36.

54. For these offerings, the date that the PPM was released to SFA's financial advisors is called the "Release Date." The Release Date signifies when an offering was officially made available to investors—through the process described above—for investment. Brown Decl. ¶ 37.

55. Once the offering for an investment program was sufficiently subscribed pursuant to the procedures outlined in the PPM, it would close, and the date that the offering was closed is called the "Close Date." Brown Decl. ¶ 37.

56. Cane Creek Holdings, LLC's PPM Date was October 15, 2012. Brown Decl. ¶ 38.

57. Cane Creek Holdings, LLC's Release Date was October 18, 2012. Brown Decl. ¶ 39.

58. Cane Creek Holdings, LLC's Close Date was November 30, 2012. Brown Decl. ¶ 40.

59. Piney Cumberland Holdings, LLC's PPM Date was October 15, 2012. Brown Decl. ¶ 41.

60. Piney Cumberland Holdings, LLC's Release Date was November 5, 2012. Brown Decl. ¶ 42.

61. Piney Cumberland Holdings, LLC's Close Date was December 11, 2012. Brown Decl. ¶ 43.

62. Red Oak Equestrian, LLC's PPM Date was December 12, 2012. Brown Decl. ¶ 44.

63. Red Oak Equestrian, LLC's Release Date was December 17, 2012. Brown Decl. ¶ 45.

64. Red Oak Equestrian, LLC's Close Date was December 24, 2012. Brown Decl. ¶ 46.

65. Meadow Creek Holdings, LLC's PPM Date was November 8, 2012. Brown Decl. ¶ 47.

66. Meadow Creek Holdings, LLC's Release Date was December 18, 2012. Brown Decl. ¶ 48.

67. Meadow Creek Holdings, LLC's Close Date was December 26, 2012. Brown Decl. ¶ 49.

68. Land of the Lake Holdings, LLC's PPM Date was December 18, 2012. Brown Decl. ¶ 50.

69. Land of the Lake Holdings, LLC's Release Date was December 20, 2012. Brown Decl. ¶ 51.

70. Land of the Lake Holdings, LLC's Close Date was December 27, 2012. Brown Decl. ¶ 52.

C. **EcoVest Transactions**

71. When putting together offerings for investors, EcoVest Capital would prepare a PPM, which described the offering, the voting options, and the risks associated with the offering. Each PPM contains a date of the offering ("PPM Date"). Brown Decl. ¶ 54.

72. Once the PPM was prepared, EcoVest Capital released the PPM to its managing broker dealer, who would, in the managing broker dealer's own discretion, provide the PPM to broker dealers with whom the managing broker dealer had a selling agreement ("selling broker dealers"). Selling broker dealers would then, in their own discretion, provide that information to financial advisors associated with the selling broker dealer. These financial advisors would, in their own discretion, provide the PPM to certain accredited investors. The date that the first selling agreement between the managing broker dealer and the selling broker dealers was signed is called the "Release Date," and is the earliest date that an offering can be taken to an investor. Brown Decl. ¶ 55.

73. Once the offering for an investment program was sufficiently subscribed pursuant to the procedures outlined in the PPM, it would close, and the date that the offering was closed is called the "Close Date." Brown Decl. ¶ 55.

74. Birch Equestrian Holdings, LLC's PPM Date was September 24, 2013. Brown Decl. ¶ 56.

75. Birch Equestrian Holdings, LLC's Release Date was October 11, 2013. Brown Decl. ¶ 57.

76. Birch Equestrian Holdings, LLC's Close Date was November 20, 2013. Brown Decl. ¶ 58.

77. Brunswick Highlands Holdings, LLC's PPM Date was June 28, 2013. Brown Decl. ¶ 59.

78. Brunswick Highlands Holdings, LLC's Release Date was July 12, 2013. Brown Decl. ¶ 60.

79. Brunswick Highlands Holdings, LLC's Close Date was November 21, 2013. Brown Decl. ¶ 61.

80. Leland Forest Holdings, LLC's PPM Date was October 24, 2013. Brown Decl. ¶ 62.

81. Leland Forest Holdings, LLC's Release Date was November 12, 2013. Brown Decl. ¶ 63.

82. Leland Forest Holdings, LLC's Close Date was December 16, 2013. Brown Decl. ¶ 64.

83. Wilderness Lake Holdings, LLC's PPM Date was November 15, 2013. Brown Decl. ¶ 65.

84. Wilderness Lake Holdings, LLC's Release Date was November 29, 2013. Brown Decl. ¶ 66.

85. Wilderness Lake Holdings, LLC's Close Date was December 27, 2013. Brown Decl. ¶ 67.

86. Greenway Holdings Acquisitions, LLC's PPM Date was December 2, 2013. Brown Decl. ¶ 68.

87. Greenway Holdings Acquisitions, LLC's Release Date was December 24, 2013.  Brown Decl. ¶ 69.

88. Greenway Holdings Acquisitions, LLC's Close Date was December 27, 2013.  Brown Decl. ¶ 70.

### IV. Absence of Remediable Harm to Government

89. As of September 2021, the IRS "has Examined or is currently Examining the Federal Income Tax Returns" filed by at least 53 of the 73 partnerships at issue in this case.  Declaration of Sean Akins ("Akins Decl."), Ex. 2, U.S.'s Am. Objs. & Resps. to the EcoVest Parties' Second Set of Reqs. For Admis. to Pl. U.S. (Sept. 2, 2021), Resp. to Req. No. 146 (referring to 52 partnerships); *see also* Akins Decl., Ex. 1, U.S.'s Second Am. Objs. & Resps. to the EcoVest Parties' First Set of Reqs. For Admis. to Pl. U.S. (Sept. 2, 2021), Resp. to Req. No. 2 (admitting that Cane Creek Partners, LLC's audit resolved).  In sum, the IRS is currently or has already audited at least 53 of the 73 EcoVest Parties' projects that are at issue in this case.

90. The IRS resolved the audit of Cane Creek Partners, LLC by allowing approximately 79% of the conservation easement deductions claimed by that partnership.  Akins Decl., Ex. 1, U.S.'s Second Am. Objs. & Resps. to the EcoVest Parties' First Set of Reqs. For Admis. to Pl. U.S. (Sept. 2, 2021), Resp. to Req. No. 2.

91. As of September 2021, the IRS has never "assessed a tax deficiency arising from the disallowance of a conservation easement deduction claimed on any Federal Income Tax Return" filed by any of the partnerships at issue in this case other than Cane Creek Partners, LLC.  Akins Decl., Ex. 2, U.S.'s Am. Objs. & Resps. to the EcoVest Parties' Second Set of Reqs. For Admis. to Pl. U.S. (Sept. 2, 2021), Resp. to Req. Nos. 121, 122; *see also* Akins Decl., Ex. 1, U.S.'s Second Am. Objs. & Resps. to the EcoVest Parties' First Set of Reqs. For Admis. to Pl. U.S. (Sept. 2, 2021), Resp. to Req. No. 3.

92. Additionally, as of September 2021, the IRS has never "assessed any penalties arising from the disallowance of a conservation easement deduction claimed on any Federal Income Tax Return filed by any of the partnerships" at issue in this case.  Akins Decl., Ex. 2, U.S.'s Am. Objs. & Resps. to the EcoVest Parties' Second Set of Reqs. For Admis. to Pl. U.S. (Sept. 2, 2021), Resp. to Req. Nos. 123, 124; *see also* Akins Decl. Ex. 1, U.S.'s Second Am. Objs. & Resps. to the EcoVest Parties' First Set of Reqs. For Admis. to Pl. U.S. (Sept. 2, 2021), Resp. to Req. No. 4.

93. As of September 2021, the United States "is not precluded from assessing taxes" with respect to the following 57 partnerships at issue in this case: Arcadian Quay; Azalea Bay Resort; Azul Bay Resort; Beech Springs Resort; Bellavista Grove; Belle Harbour Resort; Birkdale Landing; Camellia Station; Cape

Fear Pointe; Carolina Bays Resort; Cayo Dorado; Cayo Marsopa; Coastavista Palms; Copano Cove/Rockport; Cottonwood Cove; Cristobal Key; Cypress Cove Marina; Del Mar Vista Dunes; Diamond Grande Resort; Espiritu Shores; Garden Lakes Estates; Glade Creek; Hammersmith Landing; Harbor Gate at Seadrift; Hickory Equestrian; Hickory Preserve; High Rocks; Indigo Sound; Lady Lake/Sawmill; Lakeshore Resort; Long Bay Marina; Magnolia Bay Resort; Maple Equestrian; Miramar Pointe; Montego Pointe; Monterrey Cove; Myrtle Cove Resort; Myrtle West Resort; Neuse Harbor; New River Preserve; North Bay Cove; Ocean Grove Resort; Port Quay Resort; Punta Vista Grande; Queen's Cove; Riverside Preserve; Rocky Creek Plantation; Sanibel Resort; Santo Bay Resort; Seavista Resort; South Bay Cove; Tortuga Trace; Trout Creek; Tupelo Grove; Turkey Creek Resort; Waterway Grove; White Sands Village.  Akins Decl., Ex. 3, U.S.'s Am. Objs. & Resps. to EcoVest's Second Set of Interrogs., Resp. to Interrog. No. 18; *see also* Akins Decl., Ex. 2, U.S.'s Am. Objs. & Resps. to the EcoVest Parties' Second Set of Reqs. For Admis. to Pl. U.S., Resp. to Req. No. 152.

## V.     Stipulated Net Receipts

94.    EcoVest Capital, Inc.'s net receipts related to the EcoVest projects at issue in this case from 2012 to 2018 total $17,294,258.97.  ECF No. 288, Joint Stip. ¶ 2.

95. Alan Solon's net receipts related to the EcoVest projects at issue in this case from 2012 to 2018 total $5,745,023.18.  ECF No. 288, Joint Stip. ¶ 3.

96. Robert McCullough's net receipts related to the EcoVest projects at issue in this case from 2012 to 2018 total $818,829.42.  ECF No. 288, Joint Stip. ¶ 4.

97. Ralph Teal's net receipts related to the EcoVest projects at issue in this case from 2012 to 2018 total $10,730,406.38.  ECF No. 288, Joint Stip. ¶ 5.

98. The net receipts for each of the four EcoVest Parties are separate from and in addition to the net receipts of the other EcoVest Parties.  ECF No. 288, Joint Stip. ¶ 6.

## VI. Plaintiff's Press Release

99. On December 19, 2018, the day after Plaintiff filed its Complaint, it issued a press release regarding this case titled "Justice Department Sues to Shut Down Promoters of Conservation Easement Tax Scheme Operating out of Georgia." Plaintiff's press release underscored the motivations of deterrence and punishment it had in bringing this case.  In its press release, Plaintiff quoted the Commissioner of Internal Revenue as stating, "we will take every enforcement option available, including civil and criminal penalties."  Akins Decl., Ex. 6, Press Release.

Dated: December 10, 2021

Respectfully submitted,

/s/ Sean Akins
Benjamin J. Razi (admitted *pro hac vice*)
Sean Akins (admitted *pro hac vice*)
Marianna Jackson (admitted *pro hac vice*)
Matthew V. Miller (admitted *pro hac vice*)
Nicholas Pastan (admitted *pro hac vice)*
Kandyce Korotky (admitted *pro hac vice*)
Amee Frodle (admitted *pro hac vice*)
John Zipp (admitted *pro hac vice*)
Wesline Manuelpillai (admitted *pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth St. NW
Washington, DC 20001
Tel.: (202) 662-6000
Fax: (202) 662-6291
Email: brazi@cov.com

Thomas T. Tate
Georgia Bar No. 698879
Elizabeth L. Clack-Freeman
Georgia Bar No. 126888
ANDERSEN, TATE, & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, Georgia 30097
Tel: (770) 822-0900
Fax: (770) 822-9680
Email: ttate@atclawfirm.com

*Attorneys for Defendants EcoVest Capital, Inc., Alan N. Solon, Robert M. McCullough, and Ralph R. Teal, Jr.*

\*I certify that this pleading has been prepared with one of the font and point selections approved by the Court in LR 5.1C.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2021, I caused a true and correct copy of the foregoing to be served on counsel of record for all other parties via the Court's electronic filing system.

/s/ Sean Akins