UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-05774-AT |
| | ) | |
| NANCY ZAK, | ) | |
| CLAUD CLARK III, | ) | |
| ECOVEST CAPITAL, INC., | ) | |
| ALAN N. SOLON, | ) | |
| ROBERT M. MCCULLOUGH, | ) | |
| RALPH R. TEAL JR., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT ROBERT MCCULLOUGH'S OBJECTIONS AND RESPONSES TO THE UNITED STATES' FIRST SET OF INTERROGATORIES

Defendant Robert McCullough hereby submits the following Objections and Responses to the United States' First Set of Interrogatories. The following responses and objections are based upon Mr. McCullough's investigation to date and are issued without prejudice to his right to supplement his responses pursuant to Rule 26(e).

**Exhibit**

64

## SPECIFIC OBJECTIONS AND RESPONSES

### Interrogatory No. 1:

Identify – by name, address, taxpayer identification number and the amount and type of ownership interest held by Robert McCullough – any entity that Robert McCullough used to organize, assist in organizing, sponsor, manage, or provide consultation services to real estate projects which included options for conservation easements since January 1, 2009.

### Objections and Response to Interrogatory No. 1:

Mr. McCullough objects to this Interrogatory as vague and ambiguous as to the terms or phrases "used," "organize," "assist in organizing," "sponsor," and "provide consultation services to." Mr. McCullough construes the term "sponsor" as it is interpreted under applicable Financial Industry Regulatory Authority (FINRA) rules and guidelines. Mr. McCullough also objects to this Interrogatory as overbroad and unduly burdensome to the extent the Interrogatory purports to seek information related to ownership in entities other than those entities involved in EcoVest projects. Mr. McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objections, Mr. McCullough responds that he has no ownership interest in any entity used to organize, assist in

USPROD-0331688

organizing, sponsor, manage, or provide consultation services to real estate projects which included options for conservation easements.

**Interrogatory No. 2:**

Identify – by date, amount, payor, and payee – the gross receipts Robert McCullough derived from real estate projects which included options for conservation easements. If parts of those receipts were subsequently paid as a referral fee or as part of any other fee arrangement, identify the individual or entity paid, the amount, and the date of payment.

**Objections and Response to Interrogatory No. 2**

Mr. McCullough objects to this Interrogatory as vague and ambiguous as to the term "gross receipts." Mr. McCullough also objects to this Interrogatory as improperly including multiple sub-parts in a single interrogatory. Mr. McCullough further objects to this Interrogatory because the total amount of "gross receipts" is not a meaningful figure for any issue in dispute in this litigation, including the Government's baseless demand for disgorgement. *See Liu v. SEC*, 591 U.S. -- (2020), Dkt. No. 18-1501 (Slip. Op. at 19) (even if liability were established, "courts must deduct legitimate expenses before ordering disgorgement . . . ."). Mr. McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objections, Mr. McCullough states that he has no information responsive to this request.

**Interrogatory No. 3:**

Identify – by date, amount, payor, and payee – the gross receipts any entity identified in response to Interrogatory No. 1 derived from real estate projects which included options for conservation easements.  If parts of those receipts were subsequently paid as a referral fee or as part of any other fee arrangement, identify the individual or entity paid, the amount, and the date of payment.[1]

**Objections and Response to Interrogatory No. 3:**

Mr. McCullough objects to this Interrogatory as vague and ambiguous as to the term "gross receipts."  Mr. McCullough also objects to this Interrogatory as improperly including multiple sub-parts in a single interrogatory.  Mr. McCullough further objects to this Interrogatory because the total amount of "gross receipts" is not a meaningful figure for any issue in dispute in this litigation, including the Government's baseless demand for disgorgement.  *See Liu v. SEC*, 591 U.S. -- (2020), Dkt. No. 18-1501 (Slip. Op. at 19) (even if liability were established, "courts must deduct legitimate expenses before ordering disgorgement . . . .").  Mr.

---

[1] In responding to Interrogatory No. 3, Robert McCullough does not need to reiterate information that EcoVest Capital, Inc. provided on January 22, 2020, in response to Interrogatory No. 5.

McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objections, Mr. McCullough has not identified any entities in response to Interrogatory No. 1 and has no information responsive to this interrogatory.

**Interrogatory No. 4:**

If Robert McCullough has invested in a real estate project which included options for conservation easements since January 1, 2009, identify:

a. The project name, property address or location, project manager, property appraiser, and current status of that project.

b. The total amount of money Robert McCullough invested in that project, the date(s) that money was transferred, and the source(s) of funds for that transfer.

c. The reason(s) that Robert McCullough decided to invest in that project.

d. What option, if any, Robert McCullough selected in connection with that project.

e. The amount of any tax deduction that Robert McCullough reported on his Form 1040 in connection with that project, and the year of that deduction.

**Objections and Response to Interrogatory No. 4:**

Mr. McCullough objects to this Interrogatory as overbroad and unduly burdensome to the extent the Interrogatory purports to seek information about investments in projects that are unrelated to this case. Mr. McCullough also objects to this Interrogatory as vague and ambiguous as to the term "status." Mr.

McCullough will construe status to refer to the investment objective chosen by the investors in each offering. Mr. McCullough also objects to this Interrogatory as improperly including multiple sub-parts in a single interrogatory. Mr. McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objections, Mr. McCullough responds that he invested, using personal funds, in five EcoVest offerings, which included options for conservation easements. Mr. McCullough made the decision to invest in EcoVest offerings because Mr. McCullough believes in EcoVest's mission of achieving economic, environmental and social gains through the preservation of natural resources and promotion of sustainable business practices, and because he determined that the offerings were good opportunities for his personal investment portfolio. Additional information about each investment is listed in the below table:

|  | Long Bay Marina | Seavista | Cape Fear | Tupelo Grove | Lady Lake |
|---|---|---|---|---|---|
| Location | Horry County, SC | Horry County, SC | Duplin County, NC | Horry County, SC | Lake County, FL |
| Manager | Long Bay Management, LLC | Seavista Resort Management, LLC | Cape Fear Management, LLC | EcoVest Management, LLC | EcoVest Management, LLC |
| Appraiser | Clark ~ Davis, Pc | Clark ~ Davis, Pc | Integra Realty Resources | Clark ~ Davis, Pc | Integra Realty Resources |
| Status | Conservation Easement | Conservation Easement | Conservation Easement | Conservation Easement | Conservation Easement |
| Investment Amount | $65,770.53 | $50,004.24 | $83,970.00 | $62,245.72 | $94,798.00 |

| | Long Bay Marina | Seavista | Cape Fear | Tupelo Grove | Lady Lake |
|---|---|---|---|---|---|
| Transfer Date | 12/26/2014 | 12/23/2015 | 12/16/2016 | 12/20/2017 | 12/24/2018 |
| Reported Deduction | $297,798 (2014) | $220,456 (2015) | $608,850 (2016) | $293,316 (2017) | $713,584 (2018) |
| Vote | Conservation | Conservation | Development | Development | N/A |

**Interrogatory No. 5:**

Identify – by date and location – any presentation, seminar, training event, podcast, or similar speaking engagement since January 1, 2009, in which Robert McCullough discussed real estate projects which included options for conservation easements.

**Objections and Response to Interrogatory No. 5:**

Mr. McCullough objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information about *any* speaking engagement in which Mr. McCullough discussed offerings that involved the options for conservation easements over a decade-long period.  Mr. McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objections, the following table contains information regarding speaking engagements in which he discussed real estate projects that included options for conservation easements. To the extent additional speaking engagements are identified as discovery proceeds, Mr. McCullough will supplement this response.

USPROD-0331693

| Date | Location |
| --- | --- |
| 07/23/2015 | Winter Park, FL |
| 06/07/2016 | Johns Creek, GA |
| 09/12/2016 | Washington, DC |
| 09/21/2016 | Atlanta, GA |
| 10/12/2016 | Myrtle Beach, SC |
| 10/21/2016 | Washington, DC |
| 01/16/2017 | Winter Park, FL |
| 02/22/2017 | Myrtle Beach, SC |
| 03/15/2017 | Atlanta, GA |
| 06/02/2017 | Washington, DC |
| 06/07/2017 | Irving, TX |
| 06/19/2017 | Washington, DC |
| 07/10/2017 | Myrtle Beach, SC |
| 08/23/2017 | Myrtle Beach, SC |
| 09/25/2017 | Myrtle Beach, SC |
| 01/09/2018 | Winter Park, FL |
| 04/09/2018 | Atlanta, GA |
| 04/30/2018 | Myrtle Beach, SC |
| 05/20/2018 | Washington, DC |
| 09/13/2018 | Orlando, FL |
| 09/23/2018 | Danville, CA |
| 10/03/2018 | Provo, UT |
| 10/15/2018 | Myrtle Beach, SC |

**Interrogatory No. 6:**

Identify the entities engaged in real estate development activities (even if unrelated to conservation easements) for which Robert McCullough has served as an officer, served as a director, or for which Robert McCullough has had an ownership interest in, since January 1, 2009.

USPROD-0331694

**Objections and Response to Interrogatory No. 6:**

Mr. McCullough objects to this Interrogatory as overbroad and unduly burdensome to the extent the Interrogatory purports to seek information related to ownership in entities other than those involved in EcoVest projects.

Subject to and without waiving the foregoing objection, Mr. McCullough responds that since January 1, 2009, he has served as an officer, served as a director, or had an ownership interest in the following entities engaged in real estate development activities:

- BRCP Holdings Fund 1 INV, LLC
- BRCP Holdings Fund 2 INV, LLC
- Cape Fear Point Holdings, LLC
- EcoVest Capital, Inc.
- EVC Senior Housing, LLC
- EVC Senior Housing 2
- EVC Senior Housing 3
- Lady Lakes Holdings, LLC
- Long Bay Marina Holdings, LLC
- Realstar Homes, LLC
- Realstar Communities, LLC
- Seavista Resort Holdings, LLC
- Tupelo Grove Holdings, LLC
- Piedmont Office Realty Trust (formerly Wells Real Estate Investment Trust I)

**Interrogatory No. 7:**

Identify any agreements or contracts Robert McCullough has had, since January 1, 2009, with any of the defendants in this case.

**Objections and Response to Interrogatory No. 7:**

Mr. McCullough responds that he has the following agreements with defendant EcoVest Capital, Inc.: (1) Confidentiality Agreement dated December 2, 2013; (2) Executive Severance Plan dated January 1, 2016 beginning at ECOVEST-DOJ_0749670; (3) Employment Agreement dated August 12, 2016 beginning at ECOVEST-DOJ_1100556; (4) Protective Covenant Agreement dated August 12, 2016 beginning at ECOVEST-DOJ_1100570.

**Interrogatory No. 8:**

Explain Robert McCullough's role in creating or underwriting the "development option" and "conservation option" for real estate projects which included options for conservation easements since January 1, 2009.

**Objections and Response to Interrogatory No. 8:**

Mr. McCullough objects to this Interrogatory as vague and ambiguous as to the terms "creating" and "underwriting." Mr. McCullough is not withholding responsive information on the basis of this objection.

Subject to and without waiving the foregoing objection, Mr. McCullough responds that he has limited involvement in the day-to-day operations required for the conservation or development options. Mr. Adam Lloyd, Mr. Jed Linsider, Mr. Ian Chrystall, and Ms. Patty Kennedy have more significant day-to-day involvement in the development and conservation options. As a Senior Vice President and Chief

Financial Officer, Mr. McCullough is responsible for EcoVest's general operations and finances.  Additionally, with respect to EcoVest offerings, Mr. McCullough participates in due diligence, trains and educates broker-dealers, and participates in investor relations.

## Interrogatory No. 9:

Identify any complaints Robert McCullough has received, since January 1, 2009, about the tax benefits available from real estate projects which included options for conservation easements.

## Objections and Response to Interrogatory No. 9:

Mr. McCullough objects to this Interrogatory as overbroad and unduly burdensome to the extent the Interrogatory purports to seek information about projects other than the projects at issue in this case.  Mr. McCullough also objects to this Interrogatory as vague and ambiguous as to the term "complaint."  Mr. McCullough further objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information about *any* complaint over a decade long period.  Mr. McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objection, Mr. McCullough responds as follows: Apart from the complaint filed in this case, Mr. McCullough has not received a legal complaint in the nature of a court filing; nor has Mr.

USPROD-0331697

McCullough has not received correspondence from any regulatory or quasi-regulatory agency (e.g., FINRA, Internal Revenue Service) complaining about the tax benefits available from real estate projects which included options for conservation easements.

On, March 27, 2019, Senators Grassley and Wyden, Chairman and Ranking Member of the Committee on Finance of the United States Senate, wrote to Mr. McCullough to request "information regarding the prevalence and nature of [transactions identified by IRS Notice 2017-10, and IRS Notice 2017-29] as well as the Notices' effect of compliance with [United States] tax laws. Though this letter raised questions about the tax benefits associated with these transactions, it did not specifically complain about the tax benefits available from real estate projects which included options for conservation easements.

**Interrogatory No. 10:**

Identify the primary methods and contacts upon which Robert McCullough has relied, since January 1, 2009, to acquire real estate leads for projects which included options for conservation easements.

**Objections and Response to Interrogatory No. 10:**

Mr. McCullough objects to this Interrogatory as vague and ambiguous as to the phrases "methods and contacts" and "real estate leads." Mr. McCullough understands this Interrogatory as seeking information about his involvement in

locating real estate for real estate projects with conservation easement options. Mr. McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objections, Mr. McCullough responds that he is not responsible for and has played no role in "acquir[ing] real estate leads for projects which included options for conservation easements." Since early 2013, Ralph Teal has had primary responsibility for acquiring real estate leads for projects that include an option for a conservation easement. From time to time, Mr. McCullough receives inquiries about potential real estate. He refers these inquiries to other EcoVest personnel.

**Interrogatory No. 11:**

Describe Robert McCullough's role in finding customers or investors for projects which included options for conservation easements since January 1, 2009.

**Objections and Response to Interrogatory No. 11:**

Mr. McCullough objects to this Interrogatory as vague and ambiguous as to the term "customers." Mr. McCullough is not withholding responsive information on the basis of this objection.

Subject to and without waiving the foregoing objection, Mr. McCullough responds as follows: Mr. McCullough's role does not include "finding" investors for

EcoVest offerings.  As Chief Financial Officer of EcoVest, Mr. McCullough

interacts with third-party managing and selling broker-dealers, and financial

advisors employed by those broker-dealers, in order to facilitate the thorough,

independent due diligence process engaged in by those parties.  FINRA-regulated

broker-dealers have an obligation to conduct due diligence to vet EcoVest offerings.

Mr. McCullough answers questions from broker-dealers about, and provides

education and training as to the nature of, EcoVest's investment offerings.

Mr. McCullough infrequently receives direct communications from potential

investors who have learned about EcoVest and seek information about EcoVest's

available investment offerings.  When this occurs, Mr. McCullough generally refers

the potential investor to a broker-dealer or financial advisor for further information.

On rare occasions, Mr. McCullough will engage in discussions about the specific

nature of EcoVest's investment offering with a potential investor, but only if their

financial advisor is present.

**Interrogatory No. 12:**

Identify the real estate projects which included options for conservation

easements that Robert McCullough has worked on since January 1, 2009.

**Objections and Response to Interrogatory No. 12:**

Mr. McCullough objects to this Interrogatory as overbroad and unduly

burdensome to the extent the Interrogatory purports to seek information about real

estate projects that are unrelated to the projects which are at issue in this case.  Mr. McCullough also objects to this Interrogatory as vague and ambiguous as to the phrase "worked on."  Mr. McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objections, Mr. McCullough responds that he has been involved with every EcoVest project that has included an option for a conservation easement since he joined EcoVest as Chief Financial Officer in January 2014, including all 2014 projects.  EcoVest produced a list of responsive projects at ECOVEST-DOJ_0216598.

**Interrogatory No. 13:**

Identify the amount, interest and fees, repayment term, date, and explain the circumstances surrounding, any loan that EcoVest Capital, Inc. has made to Triloma Financial Group or any of its subsidiaries or affiliates, including Triloma Securities, LLC, since January 1, 2009.

**Objections and Response to Interrogatory No. 13:**

Mr. McCullough objects to this Interrogatory on the grounds that it is not proportional to the needs of the case and not relevant to any claim or defense in this action.  Mr. McCullough also objects to this Interrogatory on the grounds that it is improperly directed at Mr. McCullough.  The Interrogatory seeks only information about EcoVest Capital, Inc. and not Mr. McCullough.  Mr. McCullough further

objects to this Interrogatory as improperly including multiple sub-parts in a single interrogatory.  Mr. McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objections, Mr. McCullough responds that EcoVest Capital, Inc. loaned Triloma Financial Group, LLC $2,000,000 on March 20, 2018.  The loan was negotiated by EcoVest and its attorneys at Alston & Bird.  Pursuant to Federal Rule of Civil Procedure 33(d), Mr. McCullough identifies the following documents, which contain further information responsive to this Interrogatory:

TRILOMA0795600; TRILOMA0708713; TRILOMA0699442;

TRILOMA0729084; TRILOMA0699498; TRILOMA0729086;

TRILOMA0729096; TRILOMA1209134; TRILOMA1523158;

TRILOMA1168019; TRILOMA1191897; TRILOMA1191906;

TRILOMA1191915; TRILOMA0708716

The production of these documents satisfies Mr. McCullough's obligation to respond to this Interrogatory because the burden of deriving the information responsive to this Interrogatory from the documents is substantially the same for both parties.

**Interrogatory No. 14:**

Attached to these interrogatories as **Exhibit 37** is a list identifying the sellers of the real property involved in transactions that EcoVest Capital, Inc. has sponsored.  Describe Robert McCullough's relationship (whether personal or professional) with each of those sellers (or the owners of those sellers if the sellers are entities).   You may omit reference to the fact that the seller owned the real property involved in the transaction and the seller's participation (if any) in that particular transaction.

**Objections and Response to Interrogatory No. 14:**

Mr. McCullough objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense in this action to the extent it requests information about Mr. McCullough's relationship with each "seller" on Exhibit 37 to the Interrogatory.  Mr. McCullough further objects to this Interrogatory to the extent that it is based on the mistaken premise that the individuals and entities listed on Exhibit 37 to the Interrogatory sold property to EcoVest Capital, Inc. or any other party.  Mr. McCullough further objects that the use and explanation of the term "relationship" in the Interrogatory is vague and ambiguous.  Mr. McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objections, Mr. McCullough responds that he has no personal or professional relationship with any of the individuals or entities identified in Exhibit 37 of this Interrogatory other than the fact that they directly or indirectly own or owned real property associated with offerings sponsored by EcoVest.

**Interrogatory No. 15:**

Did any of the following attorneys or law firms help organize or sell the transactions at issue in this case (i.e., conduct other than providing legal advice)? If so, describe that conduct.

a.   Alston & Bird
b.   Baker Donelson
c.   Bill Osterbrock
d.   Bill Sylvester
e.   Jack Sawyer
f.   James Sack
g.   Mick Law Group
h.   Morris Manning
i.   Sack Law Firm
j.   Ronald Levitt
k.   Sirote & Permutt
l.   Taylor English

**Objections and Response to Interrogatory No. 15:**

Mr. McCullough objects to this Interrogatory on the grounds that it is vague and ambiguous as to the phrase "organize or sell." Mr. McCullough also objects to the phrase "organize or sell" to the extent that it mischaracterizes and conflates two

distinct, regulated activities: the *organization* of securities for investment and the *sale* of securities by FINRA-regulated broker-dealers. Mr. McCullough further objects to this Interrogatory to the extent it is based on the mistaken premise that information and advice provided to EcoVest by securities, tax, and real estate lawyers for the purpose of structuring complex securities offerings is not legal advice. Mr. McCullough also objects to this Interrogatory as improperly including multiple sub-parts in a single interrogatory. Mr. McCullough is not withholding responsive information on the basis of these objections.

Subject to and without waiving the foregoing objections, Mr. McCullough responds as follows:

None of the lawyers or law firms identified in this Interrogatory helped sell the transactions at issue in this case. With the exception of Mick Law Group, which provided due diligence support for the relevant transactions, each lawyer or law firm identified by this Interrogatory provided legal advice relied on by EcoVest to organize the relevant transactions. EcoVest offerings take many months, and sometimes years, to organize because they are complex transactions that provide a choice of independent investment options. Each investment option implicates a series of corporate, tax, securities, and real estate issues, which require legal expertise to address. To bring an offering to market, EcoVest relied on advice provided by at least corporate, securities, tax, and real estate counsel, including the

lawyers and law firms identified in this Interrogatory. An overview of the types of

legal advice provided to EcoVest by counsel named in this Interrogatory can be

found in EcoVest Capital Inc.'s Objections and Responses to Interrogatory No. 2 to

the United States' First Set of Interrogatories to EcoVest Capital, Inc.

Dated: July 2, 2020                    /s/ Nicholas Pastan

                                       Benjamin J. Razi (admitted *pro hac vice*)
                                       Sean Akins (admitted *pro hac vice*)
                                       Marianna F. Jackson (admitted *pro hac vice*)
                                       Matthew V. Miller (admitted *pro hac vice*)
                                       Nicholas Pastan (admitted *pro hac vice)*
                                       COVINGTON & BURLING LLP
                                       850 Tenth St. NW
                                       Washington, DC 20001
                                       Tel.: (202) 662-6000
                                       Fax: (202) 662-6291
                                       Email: brazi@cov.com
                                       Email: mmiller@cov.com

                                       Thomas T. Tate
                                       Georgia Bar No. 698879
                                       Elizabeth L. Clack-Freeman
                                       Georgia Bar No. 126888
                                       ANDERSEN, TATE, & CARR, P.C.
                                       One Sugarloaf Centre
                                       1960 Satellite Blvd., Suite 4000
                                       Duluth, Georgia 30097
                                       Tel: (770) 822-0900
                                       Fax: (770) 822-9680
                                       Email: ttate@atclawfirm.com
                                       Email: lcfreeman@atclawfirm.com

                                       *Attorneys for Defendants EcoVest Capital,*
                                       *Inc., Alan N. Solon, Robert M. McCullough,*
                                       *and Ralph R. Teal, Jr.*

## VERIFICATION OF RESPONSES

Pursuant to 28 U.S.C. § 1746, and Fed. R. Civ. P. 33(b)(5), I declare under penalties of perjury that the foregoing responses to the UNITED STATES' FIRST SET OF INTERROGATORIES TO DEFENDANT ROBERT MCCULLOUGH are true and correct.

EXECUTED this 2nd  day of July, 2020.

Declarant's Signature: _____

Printed Name:  Robert M. McCullough

Title: SVP/CFO of EcoVest Capital, Inc.

Address: 3424 Peachtree Road, NE, Suite 700, Atlanta, GA 30326

21

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2020, I caused to be served the foregoing

Robert McCullough's Objections and Responses to the United States' First Set of

Interrogatories by email and FedEx upon:

Erin R. Hines
U.S. Department of Justice
555 4th Street, N.W., Room 8921
Washington, D.C.  20001
Erin.R.Hines@usdoj.gov

/s/ Nicholas Pastan

22

USPROD-0331708