# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ECOVEST CAPITAL, INC., et al.<br><br>Defendants. | Case No. 1:18-cv-05774-AT |

## JOINT MOTION TO STAY ALL PROCEEDINGS PENDING REVIEW OF SETTLEMENT OFFERS

The United States; EcoVest Capital, Inc., Alan Solon, Ralph Teal, and Robert McCullough (collectively, "the EcoVest Parties"); and Claud Clark III respectfully submit this joint request to stay the proceedings in the above-captioned case to provide the United States with time to process settlement offers and, in the event the settlement offers are accepted, to provide for performance of settlement terms.

On September 10, 2021, the Court entered a scheduling order in this case, requiring all discovery to be completed by October 19, 2021, and requiring dispositive motions to be filed by February 15, 2022. (ECF No. 328.) By separate order, the Court set a trial date in this case for Monday, April 17, 2023. (ECF No.

324.) Pursuant to that schedule, the parties have conducted significant discovery, filed various dispositive and non-dispositive motions, and trial in the matter remains scheduled for April 17, 2023.

The parties have also been discussing settlement of this matter, and on November 18, 2022, the EcoVest Parties and Clark submitted formal, separate written settlement offers to the United States. These offers, if accepted, will resolve all the remaining claims in this case. The parties respectfully request a stay of these proceedings for the following reasons.

All settlement authority to accept the offers on behalf of the United States resides in the first instance with the Attorney General and is redelegated by regulation. All settlements that do not fall within the authority delegated to the Assistant Attorney General of the Tax Division must be acted upon by the Associate Attorney General. *See* 28 C.F.R. § 0.161 (authorizing Deputy Attorney General to exercise settlement authority of the Attorney General) and Order No. 1627-92 (Oct. 19, 1992) (delegating Deputy Attorney General's settlement authority to the Associate Attorney General). Accordingly, the settlement offers will need to be reviewed and approved by a series of officials at the Department of Justice and such review may take several months.

With the trial in the matter set for April 17, 2023, the parties wish to focus

on settlement rather than incurring further litigation costs. Those costs include travel expenses, expert witness expenses, court reporter services, and resources needed to prepare the case for trial. Moreover, a stay will conserve judicial resources because the parties will not need to seek resolution of the various dispositive and non-dispositive motions now pending before the Court during the offer review process.

A district court has broad discretion to stay proceedings as incidental to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Particularly where, as here, a stay would promote judicial economy and efficiency, a stay is appropriate. The Eleventh Circuit acknowledges that there is a "strong judicial policy favoring settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *see also In re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297, 305 (N.D. Ga. 1993) (noting "the overriding public policy in favor of settlements"). In sum, the possibility of a negotiated resolution of this case outweighs the harm (if any) in delaying resolution of the pending motions and the trial date, and the interests of judicial economy strongly favor such a resolution.

For these reasons, the parties respectfully request an indefinite stay of all deadlines in this case, and jointly propose the following procedures for the stay:

    a. All case deadlines are stayed as of the date of the Court's stay order.

b. The United States shall file a status report with the Court at 60-day intervals while the appropriate Justice Department officials are reviewing the settlement offers.

c. If the United States accepts the settlement offers, the parties shall promptly file with the Court motions for entry of final judgment which, if granted, will fully resolve all claims and defenses in the case.

d. If the United States rejects either or both of the settlement offers, the affected parties shall promptly file a motion requesting that the stay be lifted and shall submit a proposed revised schedule that provides sufficient time to resolve the various dispositive and non-dispositive motions and prepare the case for trial.

WHEREFORE, the United States, EcoVest Capital, Inc., Alan Solon, Ralph Teal, and Robert McCullough, and Claud Clark III respectfully and jointly request the Court enter an order staying the proceedings in the above-captioned case. A proposed order is attached.

Dated:  November 18, 2022

<u>s/ Richard G. Rose</u>
GREGORY VAN HOEY
Maryland Bar
RICHARD G. ROSE
District of Columbia Bar No. 493454
HARRIS J. PHILLIPS
Massachusetts Bar No. 675603
JAMES F. BRESNAHAN II
Virginia Bar No. 80164
LAUREN A. DARWIT
Illinois Bar No: 6323788
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6619
Facsimile: (202) 514-6770

DAVID A. HUBBERT
Deputy Assistant Attorney General

RYAN K. BUCHANAN
United States Attorney

NEELI BEN-DAVID
Assistant U.S. Attorney
Georgia Bar No. 049788
Office of the United States Attorney
Northern District of Georgia
600 U.S. Courthouse
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303
Telephone: (404) 581-6303
Neeli.ben-david@usdoj.gov

*Attorneys for the United States*

Dated: November 18, 2022

s/ Sean Akins
Benjamin J. Razi (admitted *pro hac vice*)
Sean Akins (admitted *pro hac vice*)
Marianna F. Jackson (admitted *pro hac vice*)
Matthew V. Miller (admitted *pro hac vice*)
Nicholas Pastan (admitted *pro hac vice*)
Kandyce Jayasinghe (admitted *pro hac vice*)
Amee Frodle (admitted *pro hac vice*)
Wesline N. Manuelpillai (admitted *pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth St. NW
Washington, DC 20001
Tel.: (202) 662-6000
Fax: (202) 662-6291
Email: brazi@cov.com

Thomas T. Tate
Georgia Bar No. 698879
Elizabeth L. Clack-Freeman
Georgia Bar No. 126888
ANDERSON, TATE, & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, Georgia 30097
Tel: (770) 822-0900
Fax: (770) 822-9680
Email: ttate@atclawfirm.com
Email: lcfreeman@atclawfirm.com

*Attorneys for the EcoVest Parties*

Dated: November 18, 2022

s/ Robert C. Khayat, Jr.
ROBERT C. KHAYAT, JR.
Georgia Bar No. 416981
BRIAN D. SPIELMAN
Georgia Bar No. 596026
75 Fourteenth Street, N.E.
Suite 2750
Atlanta, Georgia 30309
Telephone: (404) 978-2750
Facsimile: (404) 978-2901
Email: rkhayat@khayatlawfirm.com
Email: bspielman@khayatlawfirm.com

*Attorneys for Claud Clark III*

## CERTIFICATE OF COMPLIANCE

I certify that this document was formatted in Times New Roman 14 pt., in compliance with Local Rule 5.1C.

s/ Richard G. Rose