UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ECOVEST CAPITAL, INC.,<br>ALAN N. SOLON,<br>ROBERT M. MCCULLOUGH,<br>RALPH R. TEAL, JR., and<br>CLAUD CLARK III<br><br>　　Defendants. | Case No. 1:18-cv-05774-AT |

**STIPULATION FOR ENTRY OF FINAL JUDGMENT OF PERMANENT CONSENT INJUNCTION AGAINST DEFENDANTS ECOVEST CAPITAL, INC., ALAN N. SOLON, ROBERT M. MCCULLOUGH, AND RALPH R. TEAL, JR.**

Plaintiff United States and Defendants EcoVest Capital Inc., Alan N. Solon, Robert M. McCullough, and Ralph R. Teal, Jr. (collectively "the EcoVest Parties") stipulate as set forth below.

1. The EcoVest Parties have consented to entry of a Final Judgment of Permanent Consent Injunction without further notice and agree to be bound by its terms.

2. The EcoVest Parties admit that this Court has personal jurisdiction over them. The EcoVest Parties admit that this Court has subject-matter

jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402, 7407, and 7408.

3. The EcoVest Parties voluntarily consent to entry of a Final Judgment of Permanent Consent Injunction and waive any right they may have to appeal from it.

4. The EcoVest Parties waive the entry of findings of fact and conclusions of law.

5. The EcoVest Parties expressly deny any wrongdoing or liability for the conduct and allegations set forth in the amended complaint. Neither the Final Judgment of Permanent Consent Injunction, nor the performance of any obligations under it, including any payment, nor the fact of settlement, is intended to be, or shall be understood as, an admission of liability or wrongdoing. The EcoVest Parties and the United States agree that this stipulation has been negotiated in good faith.

6. The EcoVest Parties agree to pay the settlement amount set forth in the parties' written settlement agreement by the time specified in that agreement. The EcoVest Parties agree to not make with the United States any claims for refund, reimbursement, abatement, recoupment, or any similar claim for any portion of the settlement amount.

7. Except as set forth in any separate agreement, the United States and the EcoVest Parties agree that entry of a Final Judgment of Permanent Consent Injunction resolves only this civil injunction action, and neither precludes the United States from pursuing other current or future civil or criminal matters or proceedings, nor precludes the EcoVest Parties from contesting their liability in any such matter or proceeding.

8. The United States and the EcoVest Parties agree that the Court shall retain jurisdiction over this case for the purpose of implementing and enforcing the Final Judgment of Permanent Consent Injunction.

9. The United States and the EcoVest Parties agree that they will each bear their own costs, including any attorneys' fees or other expenses of this litigation.

10. The EcoVest Parties agree to the following terms for a permanent consent injunction.

### PERMANENT CONSENT INJUNCTION AGAINST ECOVEST CAPITAL, INC., ALAN N. SOLON, ROBERT M. MCCULLOUGH, AND RALPH R. TEAL, JR.

A. This Court has personal jurisdiction over the EcoVest Parties. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402, 7407, and 7408.

B.      Without admitting any of the allegations in the amended complaint, the EcoVest Parties have consented to the entry of this injunction.

C.      Pursuant to 26 U.S.C. §§ 7402 and 7408, the EcoVest Parties are permanently enjoined from directly or indirectly:

    1.    organizing, promoting, or selling (or assisting in the organization, promotion, or sale of) any plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h);

    2.    participating (directly or indirectly) in the sale of any conservation easement or the sale of any other plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h);

    3.    making or furnishing (or causing another to make or furnish) a statement about the allowance of any federal tax benefit as a result of participating in a conservation easement or any other plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h), which they know or have reason to know is false or fraudulent as to a material matter; and

      4.      facilitating for compensation any donation that is intended to qualify as a qualified conservation contribution under 26 U.S.C. § 170(h).

    D.      Pursuant to 26 U.S.C. § 7402(a), the EcoVest Parties shall, by February 28th each year for each of the next 3 years, sign a declaration under penalty of perjury affirming that they have not engaged in any of the conduct identified above in Paragraph C during the prior calendar year. The EcoVest Parties shall send that declaration to the following two recipients at the following addresses (unless notified of new addresses):

>   Internal Revenue Service
>   Lead Development Center Stop MS5040
>   24000 Avila Road
>   Laguna Niguel, CA 92677
>
>   Department of Justice, Tax Division
>   Chief - Civil Trial Section, Central Region
>   P.O. Box 7238
>   Ben Franklin Station
>   Washington, D.C. 20044

    E.      Pursuant to 26 U.S.C. § 7402(a), the EcoVest Parties shall, no later than 30 days from the date the Final Judgment of Permanent Consent Injunction is entered in this case, contact by mail utilizing a last known physical address (or by e-mail, if an e-mail address is known) all investors who purchased an interest in one of the following partnerships: Santa Bahia Holdings, LLC, River Trace Resort

Holdings, LLC, Greenway Landing Holdings, LLC, Birch Equestrian Holdings, LLC, Brunswick Highlands Holdings, LLC, Wilderness Lake Properties Holdings, LLC, and provide such investors with a copy of the Final Judgment of Permanent Consent Injunction. The EcoVest Parties shall also provide to counsel for the United States, within 30 days of the Court's judgment, a list of these investors. Except for the Final Judgment of Permanent Consent Injunction, no additional materials may be included in the notification to the investors unless approved by counsel for the United States or the Court.

      F.      Pursuant to 26 U.S.C. § 7402(a), the EcoVest Parties shall, within 30 days of entry of the Final Judgment of Permanent Consent Injunction in this case, contact by mail utilizing a last known physical address (or by e-mail, if an e-mail address is known) all employees, directors, and officers since January 1, 2016, of any entities owned or controlled by any of the EcoVest Parties who organized, promoted, facilitated or were involved with conservation easements, and provide such persons with a copy of the Final Judgment of Permanent Consent Injunction. The EcoVest Parties shall also provide to counsel for the United States, within 30 days of the Court's judgment, a list of these persons. Except for the Final Judgment of Permanent Consent Injunction, no additional materials may be included in the notification to the employees, directors, and officers unless approved by counsel for the United States or the Court.

G.      Pursuant to 26 U.S.C. § 7402(a), the EcoVest Parties shall, within 14 days of entry of the Final Judgment of Permanent Consent Injunction in this case, prominently display a copy of the Final Judgment of Permanent Consent Injunction on the front page and every subpage of all websites any of the EcoVest Parties controls or maintains that advertise or market conservation easements.

H.      Pursuant to 26 U.S.C. § 7402(a), the EcoVest Parties shall, within 90 days of entry of the Final Judgment of Permanent Consent Injunction in this case, file with the Court a certification signed under penalty of perjury that they have complied with paragraphs E, F, and G above.

I.      The EcoVest Parties shall not intentionally make any statements, written or oral, or cause or encourage others to make any statements, written or oral, that misrepresent any of the terms of the Final Judgment of Permanent Consent Injunction in this case or the parties' written settlement agreement.

J.      This Court shall retain jurisdiction over this action to allow the United States full post-judgment civil discovery to monitor the EcoVest Parties' compliance with the Final Judgment of Permanent Consent Injunction in this case.

//

//

//

//

Dated: 3/13/2023  s/ Richard G. Rose
GREGORY VAN HOEY
Maryland Bar
RICHARD G. ROSE
District of Columbia Bar No. 493454
HARRIS J. PHILLIPS
Massachusetts Bar No. 675603
JAMES F. BRESNAHAN II
Virginia Bar No. 80164
LAUREN A. DARWIT
Illinois Bar No: 6323788
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6619
Facsimile: (202) 514-6770

DAVID A. HUBBERT
Deputy Assistant Attorney General

RYAN K. BUCHANAN
United States Attorney

NEELI BEN-DAVID
Assistant U.S. Attorney
Georgia Bar No. 049788
Office of the United States Attorney
Northern District of Georgia
600 U.S. Courthouse
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303
Telephone: (404) 581-6303
Neeli.ben-david@usdoj.gov

*Attorneys for the United States*

8

Dated: March 2, 2023

/s/ *signature*

Benjamin J. Razi (admitted *pro hac vice*)
Sean Akins (admitted *pro hac vice*)
Marianna F. Jackson (admitted *pro hac vice*)
Matthew V. Miller (admitted *pro hac vice*)
Nicholas Pastan (admitted *pro hac vice*)
Kandyce Jayasinghe (admitted *pro hac vice*)
Amee Frodle (admitted *pro hac vice*)
Wesline N. Manuelpillai (admitted *pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth St. NW
Washington, DC 20001
Tel.: (202) 662-6000
Fax: (202) 662-6291
Email: brazi@cov.com

Thomas T. Tate
Georgia Bar No. 698879
Elizabeth L. Clack-Freeman
Georgia Bar No. 126888
ANDERSON, TATE, & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, Georgia 30097
Tel: (770) 822-0900
Fax: (770) 822-9680
Email: ttate@atclawfirm.com
Email: lcfreeman@atclawfirm.com

*Attorneys for the EcoVest Parties*

Dated: March 2, 2023

ECOVEST CAPITAL INC.

By: _____ (name)

Alan Solon, Chairman & CEO (title)

_____
ALAN N. SOLON

_____
ROBERT M. MCCULLOUGH

_____
RALPH R. TEAL, JR.

*Defendants*