UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-05774-AT ) |
| ECOVEST CAPITAL, INC., ALAN N. SOLON, ROBERT M. MCCULLOUGH, RALPH R. TEAL, JR., and CLAUD CLARK III, | ) ) ) ) ) ) |
| Defendants. | ) |

**FINAL JUDGMENT AND PERMANENT CONSENT INJUNCTION AGAINST DEFENDANTS ECOVEST CAPITAL, INC., ALAN N. SOLON, ROBERT M. MCCULLOUGH, AND RALPH R. TEAL, JR.**

Plaintiff United States and Defendants EcoVest Capital Inc., Alan N. Solon, Robert M. McCullough, and Ralph R. Teal, Jr. (collectively "the EcoVest Parties") have filed a joint motion for entry of final judgment that resolves all the United States' claims against the EcoVest Parties in this case. The Court grants that motion and enters final judgment as set forth below.

A. This Court has personal jurisdiction over the EcoVest Parties. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402, 7407, and 7408.

B. Without admitting any of the allegations in the amended complaint, the EcoVest Parties have consented to the entry of this injunction.

C. Pursuant to 26 U.S.C. §§ 7402 and 7408, the EcoVest Parties are permanently enjoined from directly or indirectly:

    1. organizing, promoting, or selling (or assisting in the organization, promotion, or sale of) any plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h);

    2. participating (directly or indirectly) in the sale of any conservation easement or the sale of any other plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h);

    3. making or furnishing (or causing another to make or furnish) a statement about the allowance of any federal tax benefit as a result of participating in a conservation easement or any other plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h), which they know or have reason to know is false or fraudulent as to a material matter; and

    4.    facilitating for compensation any donation that is intended to qualify as a qualified conservation contribution under 26 U.S.C. § 170(h).

D.    Pursuant to 26 U.S.C. § 7402(a), the EcoVest Parties shall, by February 28th each year for each of the next 3 years, sign a declaration under penalty of perjury affirming that they have not engaged in any of the conduct identified above in Paragraph C during the prior calendar year.  The EcoVest Parties shall send that declaration to the following two recipients at the following addresses (unless notified of new addresses):

> Internal Revenue Service
> Lead Development Center Stop MS5040
> 24000 Avila Road
> Laguna Niguel, CA 92677
>
> Department of Justice, Tax Division
> Chief - Civil Trial Section, Central Region
> P.O. Box 7238
> Ben Franklin Station
> Washington, D.C. 20044

E.    Pursuant to 26 U.S.C. § 7402(a), the EcoVest Parties shall, no later than 30 days from the date the Final Judgment of Permanent Consent Injunction is entered in this case, contact by mail utilizing a last known physical address (or by e-mail, if an e-mail address is known) all investors who purchased an interest in one of the following partnerships: Santa Bahia Holdings, LLC, River Trace Resort Holdings, LLC, Greenway Landing Holdings, LLC, Birch Equestrian Holdings,

LLC, Brunswick Highlands Holdings, LLC, Wilderness Lake Properties Holdings, LLC, and provide such investors with a copy of the Final Judgment of Permanent Consent Injunction.  The EcoVest Parties shall also provide to counsel for the United States, within 30 days of the Court's judgment, a list of these investors.  Except for the Final Judgment of Permanent Consent Injunction, no additional materials may be included in the notification to the investors unless approved by counsel for the United States or the Court.

      F.     Pursuant to 26 U.S.C. § 7402(a), the EcoVest Parties shall, within 30 days of entry of the Final Judgment of Permanent Consent Injunction in this case, contact by mail utilizing a last known physical address (or by e-mail, if an e-mail address is known) all employees, directors, and officers since January 1, 2016, of any entities owned or controlled by any of the EcoVest Parties who organized, promoted, facilitated or were involved with conservation easements, and provide such persons with a copy of the Final Judgment of Permanent Consent Injunction. The EcoVest Parties shall also provide to counsel for the United States, within 30 days of the Court's judgment, a list of these persons.  Except for the Final Judgment of Permanent Consent Injunction, no additional materials may be included in the notification to the employees, directors, and officers unless approved by counsel for the United States or the Court.

G.  Pursuant to 26 U.S.C. § 7402(a), the EcoVest Parties shall, within 14 days of entry of the Final Judgment of Permanent Consent Injunction in this case, prominently display a copy of the Final Judgment of Permanent Consent Injunction on the front page and every subpage of all websites any of the EcoVest Parties controls or maintains that advertise or market conservation easements.

H.  Pursuant to 26 U.S.C. § 7402(a), the EcoVest Parties shall, within 90 days of entry of the Final Judgment of Permanent Consent Injunction in this case, file with the Court a certification signed under penalty of perjury that they have complied with paragraphs E, F, and G above.

I.  The EcoVest Parties shall not intentionally make any statements, written or oral, or cause or encourage others to make any statements, written or oral, that misrepresent any of the terms of the Final Judgment of Permanent Consent Injunction in this case or the parties' written settlement agreement.

J.  This Court shall retain jurisdiction over this action to allow the United States full post-judgment civil discovery to monitor the EcoVest Parties' compliance with the Final Judgment of Permanent Consent Injunction in this case.

Ordered this ____ day of _____, 2023.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

*Approved as to form and substance:*

| s/ Richard G. Rose | s/ Sean Akins |
|---|---|
| GREGORY VAN HOEY<br>Maryland Bar<br>RICHARD G. ROSE<br>District of Columbia Bar No. 493454<br>HARRIS J. PHILLIPS<br>Massachusetts Bar No. 675603<br>JAMES F. BRESNAHAN II<br>Virginia Bar No. 80164<br>LAUREN A. DARWIT<br>Illinois Bar No: 6323788<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br>P.O. Box 7238<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 514-6619<br>Facsimile: (202) 514-6770<br><br>DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br><br>Local Counsel:<br><br>RYAN K. BUCHANAN<br>United States Attorney<br><br>NEELI BEN-DAVID<br>Assistant U.S. Attorney<br>Georgia Bar No. 049788<br>Office of the United States Attorney<br>Northern District of Georgia<br>600 U.S. Courthouse<br>75 Ted Turner Drive, SW, Suite 600<br>Atlanta, GA 30303<br>Telephone: (404) 581-6303<br>Neeli.ben-david@usdoj.gov<br><br>*Attorneys for the United States* | Benjamin J. Razi (admitted *pro hac vice*)<br>Sean Akins (admitted *pro hac vice*)<br>Marianna F. Jackson (admitted *pro hac vice*)<br>Matthew V. Miller (admitted *pro hac vice*)<br>Nicholas Pastan (admitted *pro hac vice*)<br>Kandyce Jayasinghe (admitted *pro hac vice*)<br>Amee Frodle (admitted *pro hac vice*)<br>Wesline N. Manuelpillai (admitted *pro hac vice*)<br>COVINGTON & BURLING LLP<br>850 Tenth St. NW<br>Washington, DC 20001<br>Tel.: (202) 662-6000<br>Fax: (202) 662-6291<br>Email: brazi@cov.com<br>Email: sakins@cov.com<br><br>Thomas T. Tate<br>Georgia Bar No. 698879<br>Elizabeth L. Clack-Freeman<br>Georgia Bar No. 126888<br>ANDERSON, TATE, & CARR, P.C.<br>One Sugarloaf Centre<br>1960 Satellite Blvd., Suite 4000<br>Duluth, Georgia 30097<br>Tel: (770) 822-0900<br>Fax: (770) 822-9680<br>Email: ttate@atclawfirm.com<br>Email: lcfreeman@atclawfirm.com<br><br>*Attorneys for the EcoVest Parties* |