UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-05774-AT |
| | ) | |
| ECOVEST CAPITAL, INC., | ) | |
| ALAN N. SOLON, | ) | |
| ROBERT M. MCCULLOUGH, | ) | |
| RALPH R. TEAL, JR., and | ) | |
| CLAUD CLARK III, | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANT CLAUD CLARK III**

Plaintiff United States and Defendant Claud Clark III have filed a joint motion for entry of final judgment that resolves all the United States' claims against Claud Clark III in this case. The Court grants that motion and enters final judgment as set forth below.

A. This Court has personal jurisdiction over Claud Clark III. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C.§§ 7402, 7407, and 7408.

B. Without admitting any of the allegations in the amended complaint, Claud Clark III has consented to the entry of this injunction.

  C.  Pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, Claud Clark III is permanently barred from directly or indirectly:

  1.  organizing, promoting, or selling (or assisting in the organization, promotion, or sale of) any plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h);

  2.  participating (directly or indirectly) in the sale of any conservation easement syndicate or any other plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h);

  3.  making or furnishing (or causing another to make or furnish) a statement about the allowance of any federal tax benefit as a result of participating in a conservation easement syndicate or any other plan or arrangement that involves a deduction for a qualified conservation contribution under 26 U.S.C. § 170(h), which he knows or has reason to know is false or fraudulent as to a material matter;

  4.  facilitating for compensation any donation that is intended to qualify as a qualified conservation contribution under 26 U.S.C. § 170(h);

5.  preparing (or assisting in the preparation of) any federal tax return, or any document that may be filed in support of a tax return or other submission to the IRS claiming benefits resulting from a qualified conservation contribution under 26 U.S.C. § 170(h), including, but not limited to, Forms 8283 (Noncash Charitable Contributions) and attachments or qualified appraisals;

6.  preparing (or assisting in the preparation of) any appraisal that is intended to be a "qualified appraisal" within the meaning of 26 U.S.C. § 170(f)(11)(E); and

7.  representing any individual before the IRS with respect to any donation that is intended to qualify as a qualified conservation contribution under 26 U.S.C. § 170(h).

D.  Pursuant to 26 U.S.C. § 7402(a), Claud Clark III shall, by February 28th each year for each of the next 6 years, sign a declaration under penalty of perjury affirming that he has not engaged in any of the conduct identified above in paragraph C during the prior calendar year.  Claud Clark III shall send that declaration to the following two recipients at the following addresses (unless notified of new addresses):

Internal Revenue Service
Lead Development Center Stop MS5040
24000 Avila Road
Laguna Niguel, CA 92677

>Department of Justice, Tax Division
>Chief – Civil Trial Section, Central Region
>P.O. Box 7238
>Ben Franklin Station
>Washington, D.C. 20044

E. Pursuant to 26 U.S.C. § 7402(a), Claud Clark III shall, no later than 60 days from the date the Final Judgment of Permanent Injunction is entered in this case, contact by mail (or by e-mail, if an e-mail address is known) all individuals or entities for whom he prepared (or assisted in the preparation of) any appraisal that was intended to be a "qualified appraisal" within the meaning of 26 U.S.C. § 170(f)(11)(E) since January 1, 2017, and provide such persons with a copy of the Final Judgment of Permanent Injunction.  Claud Clark III shall also provide to counsel for the United States, within 60 days of the Court's judgment, a list of these persons or entities.  Except for the Final Judgment of Permanent Injunction, no additional materials may be included in this notification unless approved by the United States or the Court.

F. Pursuant to 26 U.S.C. § 7402(a), Claud Clark III shall, no later than 60 days from the date the Final Judgment of Permanent Injunction is entered in this case, contact by mail (or by e-mail, if an e-mail address is known) all employees, independent contractors, agents, directors, and officers of any entities owned or controlled by Claud Clark III which prepared (or assisted in the preparation of) any appraisal that was intended to be a "qualified appraisal" within the meaning of 26

U.S.C. § 170(f)(11)(E) since January 1, 2017, and provide such persons with a copy of the Final Judgment of Permanent Injunction. Claud Clark III shall also provide to counsel for the United States, within 60 days of the Court's judgment, a list of these persons.  Except for the Final Judgment of Permanent Injunction, no additional materials may be included in this notification unless approved by counsel for the United States or the Court.

      G.     Pursuant to 26 U.S.C. § 7402(a), Claud Clark III shall prominently display a copy of the Final Judgment of Permanent Injunction on the front page of any websites Claud Clark III controls or maintains that contain (or contained) information about conservation easements, and any website on which Claud Clark III advertises or markets conservation easements.

      H.     Pursuant to 26 U.S.C. § 7402(a), Claud Clark III shall, within 90 days of entry of the Final Judgment of Permanent Injunction in this case, file with the Court a certification signed under penalty of perjury that he has complied with paragraphs E, F, and G, above.

      I.     Claud Clark III shall not make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that misrepresent any of the terms of the Final Judgment of Permanent Injunction in this case or the parties' written settlement agreement.

J. This Court shall retain jurisdiction over this action for purposes of implementing and enforcing the Final Judgment of Permanent Injunction and to allow the United States post-judgment civil discovery, consistent with the Federal Rules of Civil Procedure, to monitor Claud Clark III's compliance with the Final Judgment of Permanent Injunction in this case.

Ordered this \_\_\_\_ day of _____, 2023

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

*Approved as to form and substance:*

s/ Richard G. Rose
———————————————
GREGORY VAN HOEY
Maryland Bar
RICHARD G. ROSE
District of Columbia Bar No. 493454
HARRIS J. PHILLIPS
Massachusetts Bar No. 675603
JAMES F. BRESNAHAN II
Virginia Bar No. 80164
LAUREN A. DARWIT
Illinois Bar No: 6323788
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6619
Facsimile: (202) 514-6770

DAVID A. HUBBERT
Deputy Assistant Attorney General

Local Counsel:

RYAN K. BUCHANAN
United States Attorney
NEELI BEN-DAVID
Assistant U.S. Attorney
Georgia Bar No. 049788
Office of the United States Attorney
Northern District of Georgia
600 U.S. Courthouse
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303
Telephone: (404) 581-6303
Neeli.ben-david@usdoj.gov

*Attorneys for the United States*

s/ Robert C. Khayat, Jr.
———————————————
ROBERT C. KHAYAT, JR.
Georgia Bar No. 416981
BRIAN D. SPIELMAN
Georgia Bar No. 596026
KHAYAT LAW FIRM
75 Fourteenth Street, N.E.
Suite 2750
Atlanta, Georgia 30309
Telephone: (404) 978-2750
Facsimile: (404) 978-2901
Email: rkhayat@khayatlawfirm.com
Email: bspielman@khayatlawfirm.com

*Attorneys for Claud Clark III*